ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law

A Law Corporation

PAUL ALSTON                1126-0
GLENN T. MELCHINGER        7135-0
18th Floor, ASB Tower
1001 Bishop Street
Honolulu, Hawai`i  96813
Telephone:  (808) 524-1800
Email:    gtm@ahfi.com

Attorneys for Plaintiff and
Third-Party Defendants

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 13 2006

at 6 o'clock and 20 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>QK HOTEL, LLC, a Hawai`i limited liability company, KG HOLDINGS, LLC, a Hawai`i limited liability company, FRANKLIN K. MUKAI,<br><br>    Defendant.<br><br>_____<br><br>FRANKLIN K. MUKAI,<br><br>    Third-Party Plaintiff,<br><br>  vs.<br><br>SPORTS SHINKO (USA) CO., LTD., a Delaware corporation; SPORTS SHINKO (HAWAII) CO., LTD., a Hawai`i corporation; SPORTS SHINKO (MILILANI) CO., LTD., a Hawai`i corporation; SPORTS | CIVIL NO. 04-00124 ACK/BMK<br><br>**THIRD-PARTY DEFENDANTS SPORTS SHINKO (USA) CO., LTD., SPORTS SHINKO (HAWAII) CO., LTD., SPORTS SHINKO (MILILANI) CO., LTD., SPORTS SHINKO (KAUAI) CO., LTD., SPORTS SHINKO (PUKALANI) CO., LTD., SPORTS SHINKO RESORT HOTEL CORPORATION, SPORTS SHINKO (WAIKIKI) CORPORATION AND OCEAN RESORT HOTEL CORPORATION'S ANSWER TO DEFENDANT FRANKLIN K. MUKAI'S THIRD-PARTY COMPLAINT FILED ON SEPTEMBER 26, 2005; THIRD-PARTY COUNTERCLAIM AGAINST FRANKLIN K. MUKAI, ET AL.; SUMMONS; CERTIFICATE OF SERVICE**<br><br>NO TRIAL DATE SET |

592261-1 / 6850-5

```
SHINKO (KAUAI) CO., LTD., a         )
Hawai`i corporation; SPORTS         )
SHINKO (PUKALANI) CO., LTD.,        )
a Hawai`i corporation; SPORTS       )
SHINKO RESORT HOTEL CORPORATION,    )
a Hawai`i corporation; SPORTS       )
SHINKO (WAIKIKI) CORPORATION,       )
a Hawai`i corporation; and          )
OCEAN RESORT HOTEL CORPORATION,     )
a Hawai`i corporation,              )
                                    )
        Third-Party                 )
        Defendants.                 )
                                    )
_____)
                                    )
SPORTS SHINKO (HAWAII) CO.,         )
LTD., a Hawai`i corporation;        )
SPORTS SHINKO RESORT HOTEL          )
CORPORATION, a Hawai`i              )
corporation; and SPORTS SHINKO      )
(WAIKIKI) CORPORATION, a Hawai`i)
corporation,                        )
                                    )
    Third-Party Defendants/         )
    Counterclaimants,               )
                                    )
    vs.                             )
                                    )
QK HOTEL, LLC, a Hawai`i limited)
liability company, KG HOLDINGS,     )
LLC, a Hawai`i limited liability)
company, FRANKLIN K. MUKAI,         )
                                    )
    Third-Party Counterclaim        )
    Defendants.                     )
_____)
```

**THIRD-PARTY DEFENDANTS SPORTS SHINKO (USA) CO., LTD., SPORTS SHINKO (HAWAII) CO., LTD., SPORTS SHINKO (MILILANI) CO., LTD., SPORTS SHINKO (KAUAI) CO., LTD., SPORTS SHINKO (PUKALANI) CO., LTD., SPORTS SHINKO RESORT HOTEL CORPORATION, SPORTS SHINKO (WAIKIKI) CORPORATION AND OCEAN RESORT HOTEL CORPORATION'S ANSWER TO DEFENDANT FRANKLIN K. MUKAI'S THIRD-PARTY COMPLAINT FILED ON SEPTEMBER 26, 2005**

Third-Party Defendants SPORTS SHINKO (USA) CO., LTD., SPORTS SHINKO (HAWAII) CO., LTD., SPORTS SHINKO (MILILANI) CO., LTD., SPORTS SHINKO (KAUAI) CO., LTD., SPORTS SHINKO (PUKALANI) CO., LTD., SPORTS SHINKO RESORT HOTEL CORPORATION, SPORTS SHINKO (WAIKIKI) CORPORATION AND OCEAN RESORT HOTEL CORPORATION (collectively, the "SS Entities"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby respond to Defendant and Third-Party Plaintiff Franklin K. Mukai's ("Mukai") Third-Party Complaint (the "Third-Party Complaint") filed herein on September 26, 2005 as follows:

**FIRST DEFENSE**

1. The Third-Party Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. In answer to Paragraph 1 of the Third-Party Complaint, the SS Entities admit that Plaintiff Sports Shinko Co., Ltd. ("SSJ") filed a Second Amended Complaint seeking certain relief against Mukai, but responds that the Exhibit "A" attached to the Third-Party Complaint speaks for itself and on that basis denies any remaining allegations in that Paragraph.

3.  In answer to Paragraph No. 2 of the Third-Party Complaint, the SS Entities admit that Sports Shinko (USA) Co., Ltd. was at all relevant times a Delaware corporation and that its principal place of business is not Hawai`i.

4.  The SS Entities admit the allegations in Paragraph Nos. 3, 4, 5, 6, 7, 8, and 9 of the Third-Party Complaint.

5.  In answer to Paragraph No. 10 of the Third-Party Complaint, the SS Entities admit the Court has jurisdiction pursuant to 28 U.S.C. § 1367 and principles of supplemental jurisdiction.

6.  The SS Entities deny the allegations in Paragraph No. 11, 12, and 13 of the Third-Party Complaint and leave Mukai to his proof.

7.  Any allegation not specifically admitted herein is denied.

**THIRD DEFENSE**

8.  Mukai's acts and omissions, including his breaches of fiduciary duty, were a proximate cause of the injuries alleged by Plaintiff. During all relevant periods of time, the SS Entities acted through their former management, including Mukai; the SS Entities did not cause any injury to Plaintiff Sports Shinko (USA) Co., Ltd. except through the actions or omissions of Mukai and others.

**FOURTH DEFENSE**

9. Mukai's claims are barred by the doctrine of unclean hands.

**FIFTH DEFENSE**

10. The SS Entities intend to rely on every defense identified in Rules 8 and 12 of the Federal Rules of Civil Procedure which is supported by evidence adduced in discovery.

**SIXTH DEFENSE**

11. The SS Entities may rely on the defense of waiver and estoppel.

WHEREFORE, the SS Entities pray that this Court:

A. Dismiss the Third-Party Complaint against them with prejudice.

B. Award the SS Entities their attorneys' fees and costs herein.

C. Grant the SS Entities such further and other relief that the Court deems just and proper under the circumstances.

DATED:   Honolulu, Hawai`i, January 13, 2006.

_____
PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Plaintiff
and Third-Party Defendants,
the SS Entities

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I caused a true and correct copy of the foregoing to be served on the following persons by facsimile, hand-delivery or U.S. mail, postage prepaid (as indicated below) to their respective addresses:

|  | HAND-DELIVERED | FAX | MAILED |
|---|---|---|---|
| WILLIAM A. BORDNER, ESQ.<br>Suite 3100, Mauka Tower<br>737 Bishop Street<br>Honolulu, HI  96813<br><br>Attorney for Defendant<br>and Third-Party Plaintiff<br>FRANKLIN K. MUKAI | ( ) | ( ) | ( X ) |
| WARREN PRICE, III, ESQ.<br>ROBERT A. MARKS, ESQ.<br>728 Ocean View Center<br>707 Richards Street<br>Honolulu, HI  96813<br><br>Attorneys for Defendants<br>KIAHUNA GOLF CLUB, LLC; KG<br>KAUAI DEVELOPMENT, LLC;<br>PUKALANI GOLF<br>CLUB, LLC; KG MAUI<br>DEVELOPMENT, LLC; MILILANI<br>GOLF CLUB, LLC; QK HOTEL,<br>LLC;<br>OR HOTEL, LLC; AND<br>KG HOLDINGS, LLC | ( ) | ( ) | ( X ) |

DATED:    Honolulu, Hawai`i, January 13, 2006.

_____
PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Plaintiff
and Third-Party Defendants,
the SS Entities

592261-1 / 6850-5

4