OFFICE OF THE
ASSISTANT REGISTRAR, LAND COURT
STATE OF HAWAII
(Bureau of Conveyances)

The original of this document was recorded as follows:

DOCUMENT NO. 2002-018811

DATE Feb 01 2002   TIME 2:00 pm

---

| LAND COURT | REGULAR SYSTEM |
|---|---|
| AFTER RECORDATION, RETURN BY MAIL ( ) | PICK-UP (✓) 5 PGS. |

MILES B. FURUTANI, Attn-at-Law
Suite 600 220 So. King St.
Honolulu, HI. 96813

---

TITLE OF DOCUMENT:

WARRANTY DEED

---

PARTIES TO DOCUMENT:

GRANTOR:  SPORTS SHINKO (PUKALANI) CO., LTD., a Hawaii corporation

GRANTEE:  RESORT MANAGEMENT SERVICES (HAWAII), INC., a Hawaii corporation
360 Pukalani Street
Pukalani, Maui, HI. 96768

---

| PROPERTY DESCRIPTION: | LIBER/PAGE: 23976/600 |
|---|---|
| TMK NO.: (2) 3-2-020-034 LOT 80, area 7,855 sq. ft. "Leisure Estates at Waiehu" Kapoino, Waiehu, Wailuku, Maui, Hawaii | DOCUMENT NO.: TRANSFER CERTIFICATE OF TITLE NO(S).: |

D:\AEN\WARRDEED\C-CReMan



EXHIBIT 33

KNOW ALL MEN BY THESE PRESENTS:

That **SPORTS SHINKO (PUKALANI) CO., LTD.**, a Hawaii corporation, having its principal place of business and post office address in Pukalani, County of Maui, State of Hawaii, hereinafter called "Grantor", for and in consideration of the sum of TEN DOLLARS ($10.00) and other valuable consideration to it paid by **RESORT MANAGEMENT SERVICES (HAWAII), INC.**, a Hawaii corporation, having its principal place of business and post office address at 360 Pukalani Street, Pukalani, Maui, HI. 96768, hereinafter called "Grantee", the receipt whereof is hereby acknowledged, does hereby give, grant, bargain, sell and convey unto the Grantee, its successors and assigns, forever, the property more particularly described on **EXHIBIT "A"** attached hereto and made a part hereof.

AND the reversions, remainders, rents, issues and profits thereof, and all of the estate, right, title and interest of the Grantor, both at law and in equity, therein and thereto.

TO HAVE AND TO HOLD the same, together with all buildings, improvements, rights, easements, privileges and appurtenances thereunto belonging or appertaining or held and enjoyed in connection therewith, unto said Grantee, its successors and assigns, forever.

AND said Grantor does hereby covenant with said Grantee that it is lawfully seised in fee simple of the said granted property and has good right to grant and convey the same as aforesaid; that said property is free and clear of all encumbrances, except as aforesaid; and that it will, and its successors and assigns shall WARRANT and DEFEND the same unto the Grantee, its successors and assigns, forever, against the lawful claims and demands of all persons, whomsoever, except as aforesaid.

IN WITNESS WHEREOF, the Grantor has hereunto set its hand on this __31st__ day of ___January___, 2002.

                                    SPORTS SHINKO (PUKALANI) CO., LTD.,
                                    a Hawaii corporation

                                    By _/s/ Satoshi Kinoshita_
                                         Its VICE PRESIDENT

                                    By _____
                                         Its

STATE OF HAWAII           )
                          ) ss.
CITY AND COUNTY OF HONOLULU )

On this 31st day of January, 2002, before me personally appeared Satoshi Kinoshita and _____, to me known, who, being by me duly sworn, did say that they are the Vice President and _____, respectively, of **SPORTS SHINKO (PUKALANI) CO., LTD.**, a Hawaii corporation; that said instrument was signed on behalf of said corporation by authority of its Board of Directors, and said Satoshi Kinoshita and _____ acknowledged said instrument to be the free act and deed of said corporation.

_____
(Name) VALERIE T. YOSHIMOTO
Notary Public, First Judicial
Circuit, State of Hawaii.

My commission expires: 1/21/05



3

EXHIBIT "A"

All of that certain parcel of land situate at Kapoino, Waiehu, Wailuku, Island and County of Maui, State of Hawaii, described as follows:

LOT 80, area 7,855 square feet, more or less, as delineated on the map entitled **"LEISURE ESTATES AT WAIEHU"**, which said map was filed in the Bureau of Conveyances of the State of Hawaii as File Plan No. 1872.

Being all of the land conveyed to **SPORTS SHINKO (PUKALANI) CO., LTD.**, a Hawaii corporation, by WARRANTY DEED dated December 6, 1989 recorded in the Bureau of Conveyances of the State of Hawaii in Book 23976, Page 600.

SUBJECT, HOWEVER, to the following encumbrances:

1. Reservation in favor of the State of Hawaii of all mineral and metallic mines.

2. The terms, provisions, covenants, easements and reservations as contained in the following:

    LEASE OF EASEMENT

    Lessor:   WAILUKU SUGAR COMPANY, a Hawaii corporation

    Lessee:   COUNTY OF MAUI, a political subdivision of the State of Hawaii.

    Dated:    November 16, 1967
    Book:     5906
    Page:     299
    Term:     Thirty (30) years commencing the date hereof, and thereafter from year to year until terminated.
    Re:       An easement for water pipeline purposes.

3. Covenants, conditions, restrictions, reservations, agreements, obligations, exceptions and other provisions as contained in DEED dated April 5, 1973 recorded as aforesaid in Book 9054, Page 67; but omitting any covenants or restrictions if any, based upon race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under Chapter 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

4

4. AGREEMENT TO DEVELOP WAIEHU OCEANVIEW ESTATES IN THREE PHASES made by and between ASC LAND CORP., a Hawaii corporation, and the COUNTY OF MAUI, a body politic and corporate, and a political subdivision of the State of Hawaii, through its Department of Public Works and its Department of Water Supply, dated February 7, 1986, recorded as aforesaid in Book 19291, Page 756.

5. The terms, provisions, covenants, easements and reservations as contained in DECLARATION OF RESTRICTIVE COVENANTS FOR LEISURE ESTATE AT WAIEHU (formerly Waiehu Oceanview Estates), dated April 6, 1987, recorded as aforesaid in Book 20532, Page 784, but omitting any covenants or restrictions if any, based upon race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under Chapter 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

   The foregoing Declaration was amended by AMENDMENT OF DECLARATION OF RESTRICTIVE COVENANTS FOR LEISURE ESTATE AT WAIEHU (formerly Waiehu Oceanview Estates) dated April 20, 1987 recorded as aforesaid in Book 20577, Page 131.

```
 1            IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

 2                         STATE OF HAWAII

 3      ------------------------------------------

 4      SPORTS SHINKO (USA) CO., LTD., a Delaware

 5      Corporation; SPORTS SHINKO (MILILANI)

 6      CO., LTD., a Hawaii corporation, et al.,

 7              Plaintiff,

 8         vs.              Case No. 02-1-2766-11 (EEH)

 9      RESORT MANAGEMENT SERVICES

10      (HAWAII), INC., a Hawaii corporation,

11      YASUO NISHIDA, SATOSHI KINOSHITA, et al.

12              Defendants.

13      ------------------------------------------

14

15              DEPOSITION OF SATOSHI KINOSHITA

16                         (Volume II)

17

18      Taken on behalf of the Plaintiff at Alston Hunt Floyd &

19      Ing, 1001 Bishop St., ASB Tower, 18th Floor, Honolulu,

20      Hawaii 96813, commencing at 9:04 a.m., Wednesday, April

21      20, 2005, pursuant to Notice.

22

23      BEFORE:   BARBARA ACOBA, CSR No. 412, RPR

24              Notary Public, State of Hawaii

25
```

***ATTORNEY-CLIENT PRIVILEGE***                               97

```
 1    APPEARANCES:

 2    For Plaintiff:          GLENN MELCHINGER, Esq.

 3                            ALSTON HUNT FLOYD & ING

 4                            ASB Tower

 5                            1001 Bishop St., 18th Floor

 6                            Honolulu, Hawaii 96813

 7

 8    For Defendant SATOSHI KINOSHITA:

 9                            JOHN KOMEIJI, Esq.

10                            WATANABE ING KAWASHIMA & KOMEIJI

11                            First Hawaiian Center

12                            999 Bishop St., 23rd Floor

13                            Honolulu, Hawaii 96813

14

15

16    Also Present:           STEVEN SILVER - Interpreter

17

18

19

20

21

22

23

24

25
```

1   Mr. Mukai and he reviewed it, and you have a clear
2   recollection as you sit here today that he said the same
3   thing, a good deal if you could settle all the
4   termination fees for the transfer of the Maui residence
5   to RMS; is that right?
6       A.   Yes.
7       Q.   So is your testimony today that you and
8   Mr. Fukuda and Mr. Mukai all misread this document?
9            MR. KOMEIJI:  That's argumentative.
10           THE WITNESS:  It was probably the case that it
11  was only I, myself, who misread the document and I
12  probably am not recalling correctly the opinions that
13  were espoused by Mr. Fukuda and Mr. Mukai.  They
14  probably had different opinions.
15           MR. MELCHINGER:  Let's mark this as 37 and 38.
16      (Exhibits 37 & 38 marked for identification.)
17  BY MR. MELCHINGER:
18      Q.   First, if you could look at Exhibit 37.  When
19  you've had a chance to review, tell me whether you've
20  seen that document before.
21           MR. KOMEIJI:  You just want him to review 37
22  for now?
23           MR. MELCHINGER:  Just 37 for now.
24  BY MR. MELCHINGER:
25      Q.   On page two of that document, is that your

```
 1  signature?
 2     A.    Yes.
 3     Q.    Okay.  Do you remember signing this document?
 4     A.    Yes.
 5     Q.    Can you tell me what it is or what you
 6  understand Exhibit 37 to be?
 7     A.    It's a deed transferring the Maui residence.
 8     Q.    This is the Maui residence that is referred to
 9  in Exhibit 35, the letter from Mr. Furutani; is that
10  right?
11     A.    Yes.
12     Q.    And what did you understand would be the affect
13  of Exhibit 37?  What would it do?  What was its purpose?
14     A.    My understanding was that, based on this
15  document, the Maui residence would be transferred from
16  Sports Shinko Pukulani Company, Limited to RMS.
17     Q.    And on the first page of Exhibit 37, there's a
18  name Miles Furutani; is that right?
19     A.    Yes.
20     Q.    Do you recall that this was a form of deed that
21  he sent to you?
22     A.    I believe that I went over to his office to
23  sign this.
24     Q.    If you look on page two of -- I'm sorry,
25  actually it's labeled page three, but it's actually page
```

```
 1            I, SATOSHI KINOSHITA, hereby certify that I
 2   have read the foregoing typewritten pages 96
 3   through page _____, inclusive, and corrections, if any
 4   were noted by me, and the same is now a true and
 5   correct transcript of my testimony.
 6            DATED:    Honolulu, Hawaii, _____
 7
 8
 9                          _____
10                          SATOSHI KINOSHITA
11
12   Signed before me this _____
13   day of _____, 2005.
14
15   _____
16
17
18
19
20
21
22   Case:     SPORTS SHINKO, ET AL vs. RMS, ET AL
23   Case No:  02-1-2766-11 (EEH)
24   Deposition Dated:  April 20, 2005
25   Taken By: Barbara Acoba
```

MAY 0 2 2005

```
 1                    C E R T I F I C A T E

 2  STATE OF HAWAII              )

 3  CITY AND COUNTY OF HONOLULU  )

 4            I, BARBARA ACOBA, Certified Shorthand

 5  Reporter and Notary Public, State of Hawaii, do

 6  hereby certify:

 7            That on Wednesday, April 20, 2005, at

 8  9:04 a.m., appeared before me SATOSHI KINOSHITA, the

 9  witness whose deposition is contained herein; that

10  prior to being examined he was by me duly sworn;

11            That the deposition was taken down by me

12  in machine shorthand and was thereafter reduced to

13  typewriting under my supervision; that the foregoing

14  represents, to the best of my ability, a true and

15  correct transcript of the proceedings had in the

16  foregoing matter.

17            I further certify that I am not an attorney

18  for any of the parties hereto, nor in any way concerned

19  with the cause.

20            Dated this 30th day of April, 2005,

21  in Honolulu, Hawaii.

22                         _____

23                         BARBARA ACOBA, CSR NO. 412

24                         Notary Public, State of Hawaii

25                         My Commission Exp: 10-22-2008
```