IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>QK HOTEL, LLC, a Hawai`i limited liability company, et al.,<br><br>    Defendants,<br><br>    and<br><br>FRANKLIN K. MUKAI,<br><br>    Third-Party<br>    Plaintiff,<br><br>    vs.<br><br>SPORTS SHINKO (USA) CO.; LTD., a Delaware corporation, et al.,<br><br>    Third-Party<br>    Defendants. | CIVIL NO. CV 04-00124<br>         ACK/BMK<br><br>CONSOLIDATED CASES<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>PUKALANI GOLF CLUB, LLC, a Hawai`i limited liability company, et al., | CIVIL NO. CV 04-00125<br>         ACK/BMK |

```
             Defendants,        )
                                )
     and                        )
                                )
FRANKLIN K. MUKAI,              )
                                )
          Third-Party           )
          Plaintiff,            )
                                )
     vs.                        )
                                )
SPORTS SHINKO CO., LTD.,        )
a Japan corporation, et al.,    )
                                )
          Third-Party           )
          Defendants.           )
                                )
_____)
                                )
SPORTS SHINKO (USA) CO., LTD, a )   CIVIL NO. CV 04-00126
Delaware corporation,           )              ACK/BMK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
KIAHUNA GOLF CLUB, LLC,         )
a Hawai‘i limited liability     )
company, et al.,                )
                                )
          Defendants,           )
                                )
     and                        )
                                )
FRANKLIN K. MUKAI,              )
                                )
          Third-Party           )
          Plaintiff,            )
                                )
     vs.                        )
                                )
SPORTS SHINKO CO., LTD.,        )
a Japan corporation, et al.,    )
                                )
          Third-Party           )
          Defendants.           )
_____)
```

```
SPORTS SHINKO CO., LTD., a      )  CIVIL NO. CV 04-00127
Japanese corporation,           )            ACK/BMK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
OR HOTEL, LLC, a Hawai`i        )
limited liability company,      )
et al.,                         )
                                )
          Defendants,           )
                                )
     and                        )
                                )
FRANKLIN K. MUKAI,              )
                                )
          Third-Party           )
          Plaintiff,            )
                                )
     vs.                        )
                                )
SPORTS SHINKO (USA) CO., LTD.,  )
a Delaware corporation, et al., )
                                )
          Third-Party           )
          Defendants.           )
                                )
_____)
                                )
SPORTS SHINKO (USA) CO., LTD.,  )  CIVIL NO. CV 04-00128
a Delaware corporation,         )            ACK/BMK
                                )
          Plaintiff,            )
                                )
     vs.                        )
                                )
MILILANI GOLF CLUB, LLC,        )
a Hawai`i limited liability     )
company, et al.,                )
                                )
          Defendants,           )
                                )
     and                        )
                                )
FRANKLIN K. MUKAI,              )
                                )
          Third-Party           )
          Plaintiff,            )
                                )
```

```
     vs.                              )
                                      )
SPORTS SHINKO CO., LTD.,              )
a Japan corporation, et al.,          )
                                      )
          Third-Party                 )
          Defendants.                 )
                                      )
```

**MEMORANDUM IN SUPPORT OF MOTION**

Plaintiffs and Third-Party Defendants SPORTS SHINKO CO., LTD., SPORTS SHINKO (HAWAII) CO., LTD., SPORTS SHINKO (MILILANI) CO., LTD., SPORTS SHINKO (KAUAI) CO., LTD., SPORTS SHINKO (PUKALANI) CO., LTD., SPORTS SHINKO RESORT HOTEL CORPORATION, SPORTS SHINKO (WAIKIKI) CORPORATION, and OCEAN RESORT HOTEL CORPORATION (collectively, the "**SS Companies**"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby urges the Court to strike, or in the alternative, deny Defendant Franklin Mukai's untimely Joinder (the "**Joinder**") in the Motion for Summary Judgment in CV No. 04-00128 ACK-BMK, filed by the KG Defendants on January 13, 2006 (the "**Motion**").

## I.   INTRODUCTION

Defendant Mukai's Joinder goes beyond a "simple agreement" and constitutes a "substantive joinder" as defined in L.R. 7.9 because, in addition to endorsing the KG Defendants' argument that the acts of the SS Companies' officers and directors (of which Defendant Mukai was one) be attributed to the

SS Companies so that Plaintiff's recovery is barred,[1] Defendant Mukai raises, albeit in the tersest way possible, an additional substantive legal argument based on the affirmative defense of *in pari delicto*. Defendant Mukai was obligated to file and serve any substantive joinder "within two business days of the filing of the motion" or by January 17, 2006.  LR 7.9.  Defendant Mukai filed his Joinder on February 17, 2006.

If the Court agrees that Defendant Mukai's Joinder is a "substantive joinder" pursuant to L.R. 7.9, the Court should strike it under L.R. 7.9 as untimely because Defendant Mukai did not obtain leave of Court or show good cause for an extension of time to file.

If the Court does *not* strike Defendant Mukai's untimely substantive Joinder, pursuant to L.R. 7.9 Plaintiff opposes the Joinder on its merits because the defense of *in pari delicto* does not apply in this case and, even if it did, numerous factual issues preclude summary judgment on that defense.

---

[1] Specifically, Defendant Mukai seeks a finding that: "the acts of Plaintiff's directors, officers and shareholders-as well as those of the directors, officers and shareholder(s) of Sports Shinko (Mililani) Co., Ltd.-are attributable to Plaintiff, which is itself responsible for all of its damages claimed herein."

**II.   FACTUAL BACKGROUND**

In 2001, until approximately January 15, 2002, Defendant Mukai was a director of Hawai`i SS subsidiaries that transferred their properties to the KG Defendants, including Sports Shinko (Mililani) Co., Ltd. and Sports Shinko (Hawaii) Co., Ltd., the holding company for the SS transferor entities. *See, e.g.*, KG Defs' Exs. "K" - "M".

The SS Companies incorporate herein by reference the factual statements and Exhibits filed in these consolidated cases in opposition to the KG Defendants' January 13, 2006 Motion for Summary Judgment in Civil No. CV 04-00128.

**III.   LEGAL STANDARD**

On a motion for summary judgment, the Court must view the facts and draw all inferences in the light most favorable to the nonmoving party. *Dominguez-Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1035 (9th Cir. 2005). Further, the moving party must show its right to judgment *as a matter of law*. F.R.C.P. Rule 56

**IV.   ARGUMENT**

Defendant Mukai's Joinder is based on the simplistic view that: (a) a single "control group" ran the SS Companies; (b) all members of this "control group" were acting within the scope of their employment for the SS Companies' benefit; (c) the "control group's" knowledge and actions *must* be imputed to the

SS Companies as a matter of law; and (d) no exceptions to the general rule of imputation applies.[2]

In essence, Defendant Mukai argues that (1) he and the SS Companies' other officers and directors had the right to cause the companies to do anything they wanted, and (2) the companies cannot sue because the officers' and directors' injurious acts *are* the acts of the SS Companies.  This makes no sense.  Carrying Defendant Mukai's arguments to their logical conclusion, no company could ever complain of injury caused by the fraudulent, dishonest, and disloyal acts of its agents, even where the company is insolvent and the agents owe duties to the company's creditors.  *See, e.g., Production Resources Group, LLC v. NCT Group, Inc.*, 863 A.2d 772, 788 (Del. Ch. 2004)(zone of insolvency creates duties on management to preserve and maximize corporate assets).

---

[2] The SS Companies incorporate by reference herein the arguments and authorities in their Memorandum in Opposition to the KG Defendants' Motion.  Specifically, the general rule that an agents' knowledge is imputed to his principal does not apply where the agent acts to defraud the corporation.  *Henry Waterhouse Trust Co. v. Home Ins. Co.*, 27 Haw. 572, 580 (Haw. 1923)(internal quotations omitted; emphasis added). *See also, Employees Ret. Sys. v. Real Estate Fin. Corp.*, 71 Haw. 392, 401, 793 P.2d 170, 174 (1990); *See F.D.I.C v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995)("While a party may itself be denied a right or defense on account of its misdeeds, there is little reason to impose the same punishment on a trustee, receiver, or similar innocent entity that steps into the party's shoes pursuant to court order or operation of law.").

Like the KG Defendants, Defendant Mukai (1) fails to brief the controlling legal principles, and (2) provides *no* authority for, and fails to establish, that he is entitled to judgment as a matter of law. The reason for these omissions is simple: Defendant Mukai's arguments are unsound.

### A. Toshio's "Bad Acts" May Not Be Imputed to the SS Companies Under the Doctrine of *In Pari Delicto*.

"The maxim, *in pari delicto, potior est condito defendentis* means that 'where the wrong of the one party equals that of the other, the defendant is in the stronger position.'" *Hawaiian Ocean View Estates v. Yates*, 58 Haw. 53, 63, 564 P.2d 436, 442 (1977).

To prove the affirmative defense of *in pari delicto*, Defendant Mukai must prove that:

1. Plaintiff and the SS Companies are "***equally culpable*** in the transaction producing the defendant's liability."[3]  *Young v. Kwock*, 52 Haw. 273, 277, 474 P.2d 285, 288 (1970);

2. This defense, which is "*carefully limited* to those situations where the plaintiff is equally

---

[3] Hawai`i law governs the controlling question as to when an agent's knowledge or "bad acts" are imputed to his principal. *FDIC v. O'Melveny & Myers*, 61 F.3d 17, 18 (9th Cir. 1995)(noting *Erie RR v. Tompkins* mandates State law apply to the law of imputation)(refusing to impute principals' perfidy to receiver).

        culpable," applies in this case.  *Id.* (emphasis added); and

3. No exceptions to the *in pari delicto* defense apply.  *See Yates*, 58 Haw. at 63, 564 P.2d at 442 (recovery allowed despite parties' being *in pari delicto* due to "recognized" public policy exception).[4]

Defendant Mukai must also overcome the rule that: "[t]he maxim *in pari delicto* will not be applied so as to prevent a recovery where the plaintiff is shown to have been the victim of the positive fraud or imposition of the defendant and the transaction in which they were engaged was not *malum in se*." *Yee v. Rosenberg*, 21 Haw. 513, 524 (1913).  Even where a plaintiff is found to be *in pari delicto*, a defendant may not be allowed to profit by his own fraud, and recovery should not be denied.  *See id.*  This is especially the case given that

---

[4] Transfers to hinder, delay, or defraud creditors are against public policy.  *Cooke Trust Co. v. Lord*, 41 Haw. 198, 202-203 (1955)("Public policy does not countenance devices by which one frees his own property from liability for his debts or restricts the power of alienation of it"; "it is against public policy to permit one to tie up his property in such a way that he can enjoy it but prevent his creditors from reaching it.")  Other exceptions to the *in pari delicto* defense exist, *e.g.* "where the law that creates the illegality in the transaction was designed for the coercion of one party and the protection of the other." *In re Dow*, 132 B.R. 853, 861 (Bankr. S.D. Ohio 1991).  Defendant Mukai has briefed none of these exceptions.

Defendant Mukai was legal adviser to the SS Companies and **not** to the Kinoshitas individually.

Hawai`i case law does not explain how "*in pari delicto*" applies in a case where the Defendants seek to impute the knowledge and misconduct of officers and directors to their corporate principal.

However, *In re Parmalat Securities Litigation*, 2006 US Dist. LEXIS 3719 (S.D.N.Y., Jan. 31, 2006), provides persuasive guidance on these issues. *See* Ex. "A" (copy of *Parmalat* case). In *Parmalat*, an Italian Commissioner ("Bondi")-who held a position roughly equivalent to a Chapter 11 bankruptcy trustee-sued Bank of America ("BOA") claiming it "structured transactions that operated to defraud the Parmalat debtors and their affiliates by permitting corrupt insiders to loot the companies." 2006 US Dist. LEXIS 3719 at *1-*2.

BOA moved to dismiss Bondi's claims. *Id.* BOA argued the Parmalat entities were *in pari delicto* and the Commissioner's claims were barred. *Id.* at *20. The Court rejected this argument, holding the acts and knowledge of Parmalat's agents could *not* be imputed to the companies because the agents were not acting in the companies' interest. Therefore, the companies

could not be at equal fault with BOA.  2006 US Dist. LEXIS 3719 at *20-22 & n.53.[5]

In this case, the SS Companies' claims are similar to those in *Parmalat*:  a bankruptcy trustee caused the SS Companies to sue (among others) corporate insiders who harmed the SS Companies *and* their creditors through fire sales on the eve of an involuntary bankruptcy proceeding that the officers and directors *knew* would be filed.  See Fukuda Decl. at ¶ 23.  These insiders, including Defendant Mukai, acted in violation of Haw. Rev. Stat. ch. 651C and their fiduciary duties to the SS Companies and creditors.  Their acts damaged the SS Companies and gave rise to

---

[5] The *Parmalat* Court cited the following authorities: *Federal Reserve Bank of Richmond v. Duffy*, 188 S.E. 82, 84, 210 N.C. 598, 600 (N.C. 1936) (when an agent is acting on his or her own behalf, and does not act in any official or representative capacity for the corporation, his or her acts and knowledge, under general agency principles applied in the specific context of the corporation, are not imputed)(citations omitted); *accord Sparks v. Union Trust Co. of Shelby*, 124 S.E.2d 365, 368, 256 N.C. 478, 482 (N.C. 1962); *Wilson Lumber & Milling Co. v. Atkinson*, 78 S.E. 212, 215, 162 N.C. 298, 301 (N.C. 1913); *see also* RESTATEMENT (SECOND) OF AGENCY § 282 ("[a] principal is not affected by the knowledge of an agent in a transaction in which the agent *secretly* is acting adversely to the principal and *entirely* for his own or another's purposes . . . ." (emphases added)).

While the issues in this case arise on a motion for summary judgment, Defendant Mukai relies almost exclusively on the SS Companies' Complaints for their factual proof, making this similar to a motion to dismiss.  North Carolina law applied in *Parmalat*, but Hawai`i law dictates that the dishonest acts and fraudulent schemes of directors and officers will not be imputed to their principals.  *Henry Waterhouse Trust Co. v. Home Ins. Co.*, 27 Haw. 572, 580 (Haw. 1923).

the SS Companies' claims.  Their acts were motivated by their economic self-interest, not concern for the SS Companies or their creditors.  *See* Exs. "3"-"6", "8", "20", & "26." to Pl.'s Concise Statement in Supp. of Mem. In Opp'n to KG Defs.' 1/13/06 Mot. for Summ. J.

Defendant Mukai has not established that the defense of *in pari delicto*, which is to be "carefully limited," applies in this case.

> **B. Even If the "*In Pari Delicto*" Doctrine Applies, There Are Genuine Issues of Material Fact About Its Application That must Be Resolved at Trial**.

Even assuming the *in pari delicto* defense applies in this case, Defendant Mukai bears the burden of proving that the SS Companies were equally culpable.[6]  *Young v. Kwock*, 52 Haw. 273, 277, 474 P.2d 285, 288 (1970).  This requires a close examination of the degree of fault and relatively culpability of each party.  *See Bateman Eichler, Hill Richards v. Berner*, 472 U.S. 301, 312-313 (1985).

This also requires a weighing of numerous factual issues, including:  (1) what the SS Companies' officers and directors (including Defendant Mukai) knew and when they knew it;

---

[6] The factual issues listed in this section are in addition to those listed in SS Companies' Memorandum in Opposition to the KG Defendants' Motion for Summary Judgment in CV 04-00128, filed January 13, 2006 at page 15.

604922_2 / 6850-5                    -12-

(2) the nature of the insiders' intent and purpose for the transfers; (3) whether the SS Companies' officers and directors were acting within the scope of their employment and for the benefit of the SS Companies such that their acts could be imputed to the SS Companies.  The application of the *in pari delicto* defense is very "fact intensive" and is inappropriate on the undeveloped record in this case.  *Roma Const. Co. v. Arusso*, 96 F.3d 566, 570 n.2 (1st Cir. 1996).  Mukai has not attempted to prove, much less proven with the certainty required under F.R.C.P Rule 56, that these factors support holding Plaintiffs *in pari delicto*.

**V.   CONCLUSION**

Defendant Mukai's request that *in pari delicto* be applied to this case to bar Plaintiffs' claims must be denied.

DATED:   Honolulu, Hawai`i, March 2, 2006.

       /S/ Glenn Melchinger
PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Plaintiffs
and Third-Party Defendants,
the SS Entities