2160-1

Of Counsel:
BURKE McPHEETERS BORDNER & ESTES

WILLIAM A. BORDNER 1371-0
(bbordner@bmbe-law.com)
JOHN REYES-BURKE 6251-0
(jburke@bmbe-law.com)
Suite 3100 - Mauka Tower
Pacific Guardian Center
737 Bishop Street
Honolulu, Hawaii 96813
Telephone No. (808) 523-9833
Fax No. (808) 528-1656

Attorneys for Defendant
FRANKLIN K. MUKAI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation,<br><br>               Plaintiff,<br>  vs.<br><br>QK HOTEL, LLC, a Hawai`i limited liability company, KG HOLDINGS LLC, a Hawai`i limited liability company, FRANKLIN K. MUKAI,<br><br>               Defendants. | CIVIL NO.  04-00124 ACK/BMK (Consolidated Case)<br><br>DEFENDANT FRANKLIN K. MUKAI'S OPPOSITION TO PLAINTIFFS AND THIRD-PARTY DEFENDANTS' MOTION TO STRIKE, FILED MARCH 2, 2006; DECLARATION OF JOHN REYES BURKE; EXHIBITS A-B; CERTIFICATE OF SERVICE<br>(No trial date assigned.)<br><br>HEARING:<br>DATE:     March 20, 2006<br>TIME:     9:30 A.M.<br>JUDGE:  The Hon. Alan C. Kay |

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation,

                Plaintiff,

    vs.

PUKALANI GOLF CLUB, LLC, a
Hawai`i limited liability company; KG
MAUI DEVELOPMENT, LLC, a
Hawai`i limited liability company; KG
HOLDINGS, LLC, a Hawai`i limited
liability company, FRANKLIN K.
MUKAI,

                Defendants.

CIVIL NO.  04-00125 ACK/BMK

---

SPORTS SHINKO (USA) CO.,
LTD., a Delaware corporation,

                Plaintiff,

    vs.

KIAHUNA GOLF CLUB, LLC, a
Hawai`i limited liability company;
KG KAUAI DEVELOPMENT, LLC,
a Hawai`i limited liability company;
PUKALANI GOLF CLUB, LLC, a
Hawai`i limited liability company;
KG MAUI DEVELOPMENT, LLC, a
Hawai`i limited liability company;
MILILANI GOLF CLUB, LLC, a
Hawai`i limited liability company;
QK HOTEL, LLC, a Hawai`i limited
liability company; OR HOTEL, LLC,
a Hawai`i limited liability company,

CIVIL NO.  04-00126 ACK/BMK

and KG HOLDINGS, LLC, a Hawai`i
limited liability company, FRANKLIN
K. MUKAI,

            Defendants.

---

SPORTS SHINKO CO., LTD., a
Japanese corporation,

            Plaintiff,

    vs.

OR HOTEL, LLC, a Hawai`i limited
liability company, KG HOLDINGS,
LLC, a Hawai`i limited liability
company, FRANKLIN K. MUKAI,

            Defendants.

CIVIL NO.  04-00127 ACK/BMK

---

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation,

            Plaintiff,

    vs.

MILILANI GOLF CLUB, LLC, a
Hawai`i limited liability company; KG
HOLDINGS LLC, Hawai`i limited
liability company, FRANKLIN K.
MUKAI,

            Defendants.

CIVIL NO.  04-00128 ACK/BMK

# <u>TABLE OF AUTHORITIES</u>

## Cases

<u>Baena v. KPMG, LLP</u>, 389 F.Supp.2d 112 (D. Mass. 2005) ....................... 8

<u>Berner v. Lazzaro</u>, 730 F.2d 1319 (9th Cir. 1984)....................................... 2

<u>Employee Ret. Sys. v. Real Estate Fin. Corp.</u>, 71 Haw. 392, 793 P.2d 170 (1990)................................................................................... 5, 7, 8, 9

<u>FDIC v. O'Melveny & Myers</u>, 61 F.3d 17 (9th Cir. 1995)................. 4, 10, 12

<u>First Beverages, Inc. of Las Vegas v. Royal Crown Cola Co.</u>, 612 F.2d 1164 (9th Cir. 1980) ................................................................................. 2

<u>In re Parmalat Securities Litigation</u>, 2006 U.S. Dist. LEXIS 3719 (S.D. N.Y. January 31, 2006) ........................................................................ 9, 10, 11

<u>In re The Bennett Funding Group, Inc.</u>, 336 F.3d 94, 2003 U.S.App. LEXIS 14154, **16-**17 (2nd Cir. 2003) ....................................................... 6, 9, 10

<u>Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP</u>, 133 Cal.App.4th 658, 2005 Cal.App. LEXIS 1640, at *36-*44 (Cal. App. 1st Dist. 2005)........................................................................................... 8, 9, 12

<u>Schneilling v Thomas (In re Agrobiotech, Inc.)</u>, 2005 U.S. Dist. LEXIS 6466, at *31-*32 (D. Nev. April 1, 2005) ............................................................ 4

<u>Waterhouse Trust Co. v. Home Ins. Co.</u>, 27 Haw. 572 (1923) ............ 5, 6, 7

## Statutes

18 U.S.C. § 1961 ...................................................................................... 11

## Other Authorities

Black's Law Dictionary (Revised 4th Ed. 1968) ........................................... 2

i

## DEFENDANT FRANKLIN K. MUKAI'S OPPOSITION TO PLAINTIFFS AND THIRD-PARTY DEFENDANTS' MOTION TO STRIKE, FILED MARCH 2, 2006

Defendant Franklin K. Mukai ("Mukai"), by and through his undersigned counsel, hereby opposes Plaintiffs and Third-Party Defendants' (collectively "Plaintiffs') Motion To Strike Untimely Joinder By Defendant Mukai In KG Defendants' Motion For Summary Judgment In Civil No. CV 04-00128, Filed On February 17, 2006, filed herein on March 2, 2006 ("Motion To Strike").

Plaintiffs' own arguments eviscerate their Motion To Strike. As Plaintiffs concede in footnote 1 of their memorandum, Mr. Mukai's joinder arguing *in pari delicto* contends that "the acts of Plaintiff's directors, officers and shareholders… are **attributable to** Plaintiff." (boldface added). Plaintiffs also acknowledge that the KG Defendants' Motion For Summary Judgment In Civil No. 04-00128 ("Motion For Summary Judgment") argues "that the acts of the SS Companies' officers and directors … [are] **attributed to** the SS Companies so that Plaintiff's recovery is barred…[.]" (boldface added).    Nonetheless, in the very same sentence Plaintiffs complain that Mr. Mukai's joinder raises "an additional legal argument based on the affirmative defense of *in pari delicto.*"    See Memorandum In Support of Plaintiffs' Motion To Strike, at 4-5 (footnote omitted).

In pari delicto, literally "in equal fault" according to Black's Law Dictionary,[1] is an equitable defense used to protect the integrity of the court where it is called upon to decide between two wrongdoers. See Berner v. Lazzaro, 730 F.2d 1319, 1321 (9th Cir. 1984). The doctrine prohibits a plaintiff who has participated in wrongdoing from recovering when he suffers injury as a result of the wrongdoing. First Beverages, Inc. of Las Vegas v. Royal Crown Cola Co., 612 F.2d 1164, 1172 (9th Cir. 1980).

As Plaintiffs themselves argue, the defense of in pari delicto is asserted herein by Mr. Mukai on the basis that the acts of the owners, directors and officers of the Sports Shinko entities are imputable to the corporate plaintiffs, which are in pari delicto with Mr. Mukai, for the (alleged) conduct underlying all of the corporations' claims herein.[2] While

---

[1] See, e.g., H.C. Black, Black's Law Dictionary (Revised 4th Ed. 1968), at 898.

[2] Notably, there are absolutely no claims by any trustee, receiver, or shareholder, nor any claims by creditors of the Sports Shinko companies (which, as Plaintiffs' counsel conceded in open court, have all been resolved in the Japanese bankruptcy proceedings for Sports Shinko Co., Ltd.). As cogently explained by the KG Defendants' motion for summary judgment, the various Sports Shinko entities have attempted to characterize themselves as "creditors" on intra-company debt obligations, but have failed to produce the alleged promissory notes or other direct evidence of such purported obligations. See Declaration of Robert A. Marks dated March 9, 2006, at ¶ 5 (appended to KG Defendants' Reply Memorandum). In any event, as stipulated by Plaintiffs, and as alleged by Plaintiff in these consolidated actions and in a related action in the Circuit Court of the First Circuit, all of the shareholders, officers and directors of the Sports Shinko entities were party to the alleged misfeasance underlying Plaintiffs' claims. Imputation of the knowledge and conduct of all such owners, directors and officers to the corporate entities for which they were acting renders such corporate entities (i.e., Plaintiffs and their subsidiaries) in pari delicto with Mr. Mukai as an alleged tortfeasor (accepting Plaintiffs' allegations as true for purposes of summary judgment).

2

the notion of "equal fault" may be a conclusion to be drawn from the imputation of knowledge and/or conduct urged by the KG Defendants' Motion For Summary Judgment, Mr. Mukai's mere use of the term *in pari delicto* did not present any new substantive argument.

Additionally, Mr. Mukai's joinder was not substantive, but a joinder of mere agreement with the KG Defendants' Motion For Summary Judgment.  Although Plaintiff asserts that Mr. Mukai sought a "finding," in truth Mr. Mukai merely stated an inescapable conclusion that bears repeating: "the acts of Plaintiff's directors, officers and shareholders—as well as those of the directors, officers and shareholder(s) of Sports Shinko (Mililani) Co., Ltd.—are attributable to Plaintiff, which is itself responsible for all of its damages claimed herein."  See Franklin K. Mukai's Joinder In KG Defendants' Motion For Summary Judgment In CV No. 04-00128 ACK-BMK, filed February 17, 2006, at 2; see also Plaintiffs' Memorandum in Support of Motion To Strike, at fn. 1.

As Plaintiffs in their Motion To Strike take the opportunity to brief the doctrine of *in pari delicto* (more accurately their misapprehension of that doctrine as it applies in this case), Mr. Mukai is compelled to respond.  First, Plaintiffs are not innocents—nor are they trustees, receivers, or entities that stepped into the shoes of the Sports Shinko

entities by operation of law.  <u>See</u> Memorandum in Support of Motion To Strike at 7, fn. 2 (<u>citing</u> <u>FDIC v. O'Melveny & Myers</u>, 61 F.3d 17, 19 (9th Cir. 1995)).  Plaintiffs were purchased out of bankruptcy by an affiliate of Goldman Sachs, who presumably exercised judgment in evaluating the assets purchased given the associated equitable defenses based on the conduct which Plaintiffs have sued upon now and since 2002 (in the Circuit Court of the First Circuit).

Indeed, the <u>O'Melveny & Myers</u> decision stands for the proposition that receivers (as opposed to trustees) are not bound by the misdeeds of the corporation (<u>i.e.</u>, are not estopped from pursing claims based on the corporation's complicity by way of its previous management), whereas trustees are in fact so estopped.  <u>See</u>, <u>e.g.</u>, <u>Schneilling v Thomas (In re Agrobiotech, Inc.)</u>, 2005 U.S. Dist. LEXIS 6466, at *31-*32 (D. Nev. April 1, 2005) (distinguishing <u>O'Melveny & Myers</u> on the basis that its dicta regarding bankruptcy trustees in a case involving a receiver has been soundly rejected by every Circuit to analyze the issue in a bankruptcy context, and holding that pursuant to 11 USC § 541(a)(1) the trustee succeeds only to the interests of the debtor at the commencement of bankruptcy, and is therefore subject to imputation and *in pari delicto* to the same effect and same degree as the debtor would have been).

With respect to Plaintiffs' citation to <u>Waterhouse Trust Co. v. Home Ins. Co.</u>, 27 Haw. 572, 580 (1923) and <u>Employee Ret. Sys. v. Real Estate Fin. Corp.</u>, 71 Haw. 392, 401, 793 P.2d 170, 174 (1990), Plaintiffs misapprehend the bases of decision in those cases, which both involved imputation of knowledge to a corporation to defeat surety bonds issued to secure against exactly such misfeasance by corporate officers.

In <u>Waterhouse Trust Co.</u>, an officer and manager of a trading company formed by a trust company (Truslow), together with the treasurer and manager of the trust company (Collins), misapplied funds of the trust company's client.  When the fraud was discovered several months later (and recovery on a fidelity bond was sought), the fidelity bond insurer rejected the claim on lack of timely notice, arguing that Truslow's and/or Collins' actual knowledge of the fraud was imputed to the insured company. After a directed verdict (the jury was instructed to return a verdict for the insured), the fidelity bond insurer appealed contending lack of timely notice due to the imputation of the officers'/managers' knowledge.  The Hawaii Supreme Court rejected the defense on the basis that where an officer aids or abets or participates in a fraud for the benefit of himself or another, it is not reasonable to suppose that the agent(s) will communicate to the board of directors or stockholders the transaction of which they have knowledge.

The Court specifically noted that the fraud was the fraud of the officer/manager (Truslow), and <u>not</u> the fraud of either the stockholders or directors of the trust company, and further that there was no evidence to justify fixing the liability for the fraud on the trust company, or rendering its stockholders liable either for the misdoings of the officer/manager, or for the liabilities of the trading company.  In this case, the simple fact is that the alleged "fraud" is the fraud (assuming Plaintiffs' allegations to be true) of the stockholders, the officers, and the directors of Plaintiffs, fixing liability therefor on Plaintiffs.

As established by Plaintiffs' allegations (both in this lawsuit and in a related civil suit filed in The Circuit Court Of The First Circuit, State of Hawaii, Civil No. 02-1-2766-11 DDD) and stipulation, all of the stockholders, as well as the officers and directors of all of the Plaintiffs (and of their various subsidiaries) were involved (<u>i.e.</u>, had actual knowledge) of the alleged misfeasance.[3]  Additionally, and as cogently noted by the KG

---

[3] Plaintiffs attempt to set up Tsugio Fukuda as an "innocent director" who "had little to do with the decision to sell the Hawaii properties…" and was not consulted regarding the bulk sale to the KG Defendants.  <u>See</u> Declaration of Tsugio Fukuda dated February 17, 2006, at ¶ 22 (appended to Plaintiffs' moving papers).  Apart from the fact that Plaintiffs improperly attempt to create an issue of fact by controverting their own allegations, <u>see</u>, <u>e.g.</u>, Second Amended Complaint in Civil No. CV 04-00128 at ¶¶ 8, 16, 23-24, 32, 38-39, 42-44, 73-74, 78, 96, Plaintiffs' argument does not create any such issue of fact as there is no evidence that Mr. Fukuda could have prevented the shareholders and all other directors from consummating the deal.  <u>See</u> <u>In re Bennet Funding Group, Inc.</u>, 336 F.3d 94, 100-101 (2nd Cir. 2003) (the presence of an

Defendants' motion, Plaintiffs' arguments further suppose that a person (or group of persons, i.e., Toshio Kinoshita, Satoshi Kinoshita and Toshiya Kinoshita) can defraud himself (or themselves), such that a purchaser of the stockholders' interests out of bankruptcy can sue third-parties for the stockholders' alleged "fraud" on themselves.  Plaintiffs' position finds no support in the Waterhouse Trust Co. case.

Plaintiffs' reliance on the Employee Ret. Sys. case is misplaced.  That case also involved recovery on a fidelity bond. Real Estate Finance Corporation collected monies as an agent for the Employees' Retirement System ("ERS").  The president and secretary of Real Estate Financing Corporation, secured by a fidelity bond against dishonest acts, misappropriated funds exceeding the amount of the bond. The lower court discharged the fidelity company as a garnishee and denied ERS' motion for examination of the garnishee.  In response to the insurer's arguments of lack of timely notice, the Hawaii Supreme Court noted the similar arguments made (in similar circumstances) in Waterhouse Trust Co., and held that the fidelity company failed to establish a complete

---

"innocent" director impotent to actually do anything to stop fraud does not defeat imputation; the law does not apply a "would-a, could-a, should-a test").  Additionally, Plaintiffs ignore the incontrovertible evidence that Mr. Fukuda actually executed the corporate authorization allowing, e.g., the Mililani deal to proceed.  See, e.g., Action by Written Consent of The Directors Of Sports Shinko (Mililani) Co., Ltd., dated January 18, 2002, attached as Exhibit "A;" Certificate of Officer of Sports Shinko (Mililani) Co., Ltd. dated January 18, 2002, attached as Exhibit "B."

defense because of lack of notice and lack of proof of loss, and that the lower court erred in discharging the garnishee prior to examination.

Unlike the actor in Employees' Retirement System, in this case the alleged actors in the "fraud" against the corporations—indeed, the *principal* actors whom Mr. Mukai allegedly aided and abetted—were the stockholders, the directors **and** the officers of the corporations allegedly harmed.  Plaintiffs simply cannot escape the fact that Sports Shinko Co., Ltd. was 100% owned by three individuals whom Plaintiffs allege were at the heart of the "fraud," and therefore there is no "innocent" corporate entity which was harmed by the owners' own conduct.  See, e.g., Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP, 133 Cal.App.4th 658, 2005 Cal.App. LEXIS 1640, at *36-*44 (Cal. App. 1st Dist. 2005) (where plaintiffs allege that owner used corporation to perpetrate fraud—a ponzi scheme—on investors, and owner was in control of the corporation and the alleged fraud, claims by the corporation used to perpetrate the fraud were barred by *in pari delicto* or unclean hands); Baena v. KPMG, LLP, 389 F.Supp.2d 112 (D. Mass. 2005) (where officers or directors with substantial control over the corporation's activities perpetrate the fraud and cause the damage, their knowledge is imputed to the corporation and the corporation cannot sustain a claim arising out of its own misdeeds, despite

the fact that the corporation was publicly traded and the fraud concealed from the corporation's audit committee and independent directors); In re The Bennett Funding Group, Inc., 336 F.3d 94, 2003 U.S.App. LEXIS 14154, **16-**17 (2nd Cir. 2003) (dismissing for lack of standing a bankruptcy trustee's clams arising from a closely held family corporation's ponzi scheme, wherein a son with unfettered control over financial operations sold and re-sold the same equipment lease, and upon "discovering" the son's fraud the parents/sole shareholders made the son chairman and CEO of the corporation).

Put charitably, Plaintiffs' arguments premised on In re Parmalat Securities Litigation, 2006 U.S. Dist. LEXIS 3719 (S.D. N.Y. January 31, 2006), at *20-*22 and the citations in footnote 53, see Memorandum In Support of Motion To Strike at 10-12 & footnote 5, are disingenuous.

As admitted by Plaintiffs' counsel:

> As a result of the bankruptcy of Sports Shinko Japan, basically **the claims of creditors were resolved** and **a new shareholder stepped in to take control of the Sports Shinko entities**. And that was, as Mr. Marks indicated, **an affiliate – distant affiliate of Goldman Sachs**. And now the matter is being prosecuted for the benefit of the new owners of the various entities.

See Transcript of Proceedings before the Honorable Alan C. Kay, on March 10, 2006, at 6 (boldface added).

First, Goldman Sachs (and its "distant affiliate") is not "roughly equivalent" to a bankruptcy trustee, and Plaintiffs' own allegations and stipulation (i.e., admissions) establish the identity between the alleged "agents" and their "principals," i.e., the **owners**, directors **and** officers of the Sports Shinko entities.  Plaintiffs were purchased out of bankruptcy by an affiliate of Goldman Sachs, which now stands in the shoes of Toshio Kinoshita, Satoshi Kinoshita and Toshiya Kinoshita as the shareholders of the various Sports Shinko entities (except possibly for 11% of SS USA, although those shares were apparently owned by Japanese subsidiaries of SS Japan, see KG Defendants Reply Memorandum at 7, fn. 10).

Contrary to Plaintiffs' assertions based on the Parmalat case, Plaintiffs are **not** trustees in bankruptcy (or receivers in dissolution), but merely investors who purchased assets out of the Japanese bankruptcy of Sports Shinko Co, Ltd. (i.e., SS Japan).  Presuming some degree of business acumen, Goldman Sachs paid a lower price for the Sports Shinko entities given the admitted (at least by the current owner, the "distant affiliate" of Goldman Sachs) misconduct of Toshio Kinoshita and the other shareholders, directors and officers of the Sports Shinko entities.  See O'Melveny & Myers, 61 F.3d at 19 (9th Cir. 1995) (noting the "stark contrast" between a receiver thrust into the shoes of a company, and a

normal successor in interest who purchases the assets and can adjust the price for the diminished value of the assets due to their associated equitable defenses, thus imposing the cost of the company's own wrong on itself).

Moreover, Plaintiffs are not pursuing Racketeer Influenced and Corrupt Organization Act (RICO) claims pursuant to 18 U.S.C. § 1961 et seq. (or similar theories under North Carolina law), the only claims which survived—at least in part—the motion to dismiss based on *in pari delicto*. See Parmalat, 2006 U.S. Dist. LEXIS 3719, at *2-*6 (noting prior dismissal of, inter alia, claims for negligent misrepresentation, aiding and abetting breach of fiduciary duty, civil conspiracy).

Plaintiffs at best fail to appreciate—and at worst are attempting to mislead the Court regarding—the simple fact that there are no creditor claims,[4] no trustees or receivers and indeed no third-party claims at issue herein.     Plaintiffs—the American and Japanese (or "ultimate") parent

---

[4] Plaintiffs will surely argue that indeed they are "creditors" of their corporate subsidiaries.  However, in addition to the simple fact that Plaintiffs have never produced any promissory notes in the years this case has been pending (and despite litigating for years in the Circuit Court of the First Circuit very similar claims based upon the identical factual allegations, prior to filing these consolidated federal actions), Plaintiffs must overcome the admitted identity of interest between themselves and their purported "debtor" subsidiaries, including the identity of the control group, and the identity of ownership.  In any event, Plaintiffs are not "innocent creditors" where they themselves—through their stockholders, directors and officers—actually "perpetrated" the very conduct for which they have now brought claims against third parties.

companies of the various Sports Shinko subsidiary entities—have sued in their own name seeking to recover for the alleged misfeasance of Plaintiffs' own shareholders, directors and officers, whom Plaintiffs themselves (very specifically) allege were responsible for the conduct underlying all of Plaintiffs' claims.

Finally, Plaintiffs contend that the *in pari delicto* defense is factual and requires a jury trial. <u>See</u> Memorandum In Support of Motion To Strike, at 12-13. However, even if "this defense generally rests on questions of fact … this does not mean that the defense can never prevail at the pleading stage or on a motion to strike. Where, as here, a plaintiff's own pleadings contain admissions that establish the basis of an unclean hands defense, the defense may be applied without further evidentiary hearing." <u>Peregrine Funding, Inc.</u>, 133 Cal.App.4[th] 658, 2005 Cal.App. LEXIS 1640, at *43-*44 (citations omitted).

Mr. Mukai adopts the arguments, evidence and reasoning presented by the KG Defendants' moving papers and Reply Memorandum as further reason to ignore Plaintiffs' ill-conceived Motion To Strike. Plaintiffs arguments ignore their status as the very corporate entities which (allegedly) engaged in misfeasance (through Toshio Kinoshita and the other "Insiders" as defined in the various Second Amended Complaints),

rather than as "creditors" who loaned money to Plaintiffs (and all of whose claims were resolved in bankruptcy).    Compare, e.g., Memorandum In Opposition To KG Defendants' Motion For Summary Judgment 22-23 (in the "zone of insolvency" duties are owed not to shareholders, but to a corporation's **creditors**) and id. at 24-26 (the Sports Shinko corporations were "harmed" and the corporations entitled to recover); see also Transcript of Proceedings on March 10, 2006, at 6 (creditor claims resolved in bankruptcy).

Based on the foregoing, Defendant Franklin K. Mukai respectfully requests that Plaintiffs and Third-Party Defendants' Motion To Strike Untimely Joinder By Defendant Mukai In KG Defendants' Motion For Summary Judgment In Civil No. CV 04-00128, Filed On February 17, 2006, filed herein on March 2, 2006 be denied, and that Mr. Mukai have such other and further relief as the Court deems just and meet.

DATED:  Honolulu, Hawaii, March 10, 2006.

_____/s/ John Reyes-Burke_____
WILLIAM A. BORDNER
JOHN REYES-BURKE
Attorneys for Defendant
FRANKLIN K. MUKAI