Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                1126-0
GLENN T. MELCHINGER        7135-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i  96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Email:  gtm@ahfi.com

Attorneys for PlaintiffS
and Third-Party Defendants,
the SS Entities

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation, <br><br> Plaintiff, <br><br> vs. <br><br> QK HOTEL, LLC, a Hawai`i limited liability company, et al., <br><br> Defendants, <br><br> and <br><br> FRANKLIN K. MUKAI, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> SPORTS SHINKO (USA) CO.; LTD., a Delaware corporation, et al., | CIVIL NO. CV 04-00124 ACK/BMK <br><br> CONSOLIDATED CASES <br><br> **PLAINTIFFS' AND THIRD-PARTY DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE UNTIMELY JOINDER BY DEFENDANT MUKAI IN KG DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN CIVIL NO. CV 04-00128, FILED ON FEBRUARY 17, 2006, FILED MARCH 2, 2006; DECLARATION OF GLENN T. MELCHINGER; CERTIFICATE OF WORD COUNT; CERTIFICATE OF SERVICE** <br><br> DATE:    March 20, 2006 <br> TIME:    9:30 a.m. <br> JUDGE:   Hon. Alan C. Kay |

637.38_3 / 6950-5

```
                Third-Party             )
                Defendants.             )
―――――――――――――――――――――――――――――           )
SPORTS SHINKO (USA) CO., LTD.,   )      CIVIL NO. CV 04-00125
a Delaware corporation,          )             ACK/BMK
                                 )
                Plaintiff,       )
                                 )
        vs.                      )
                                 )
PUKALANI GOLF CLUB, LLC, a       )
Hawai`i limited liability        )
company, et al.,                 )
                                 )
                Defendants,      )
                                 )
        and                      )
                                 )
FRANKLIN K. MUKAI,               )
                                 )
                Third-Party      )
                Plaintiff,       )
                                 )
        vs.                      )
                                 )
SPORTS SHINKO CO., LTD.,         )
a Japan corporation, et al.,     )
                                 )
                Third-Party      )
                Defendants.      )
―――――――――――――――――――――――――――――     )
SPORTS SHINKO (USA) CO., LTD, a  )      CIVIL NO. CV 04-00126
Delaware corporation,            )             ACK/BMK
                                 )
                Plaintiff,       )
                                 )
        vs.                      )
                                 )
KIAHUNA GOLF CLUB, LLC,          )
a Hawai`i limited liability      )
company, et al.,                 )
                                 )
                Defendants,      )
                                 )
        and                      )
                                 )
```

FRANKLIN K. MUKAI,                    )
                                      )
          Third-Party                 )
          Plaintiff,                  )
                                      )
     vs.                              )
                                      )
                                      )
SPORTS SHINKO CO., LTD.,              )
a Japan corporation, et al.,          )
                                      )
          Third-Party                 )
          Defendants.                 )
————————————————————————              )
                                      )
SPORTS SHINKO CO., LTD., a            )   CIVIL NO. CV 04-00127
Japanese corporation,                 )            ACK/BMK
                                      )
          Plaintiff,                  )
                                      )
     vs.                              )
                                      )
OR HOTEL, LLC, a Hawai`i              )
limited liability company,            )
et al.,                               )
                                      )
          Defendants,                 )
                                      )
     and                              )
                                      )
FRANKLIN K. MUKAI,                    )
                                      )
          Third-Party                 )
          Plaintiff,                  )
                                      )
     vs.                              )
                                      )
SPORTS SHINKO (USA) CO., LTD.,        )
a Delaware corporation, et al.,       )
                                      )
          Third-Party                 )
          Defendants.                 )
————————————————————————              )
                                      )
SPORTS SHINKO (USA) CO., LTD.,        )   CIVIL NO. CV 04-00128
a Delaware corporation,               )            ACK/BMK
                                      )
          Plaintiff,                  )

```
                                      )
        vs.                           )
                                      )
MILILANI GOLF CLUB, LLC,              )
a Hawai`i limited liability           )
company, et al.,                      )
                                      )
            Defendants,               )
                                      )
        and                           )
                                      )
                                      )
FRANKLIN K. MUKAI,                    )
                                      )
            Third-Party               )
            Plaintiff,                )
                                      )
        vs.                           )
                                      )
SPORTS SHINKO CO., LTD.,              )
a Japan corporation, et al.,          )
                                      )
            Third-Party               )
            Defendants.               )
_____)
```

**TABLE OF CONTENTS**

I.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Defendant Mukai's Joinder and Argument on the *In Pari Delicto* Defense Should be Stricken from the Record . 1

    B.   Defendants' Have Not Shown Their Arguments Are Relevant, Much Less Valid . . . . . . . . . . . . . . 2

    C.   Defendant Mukai's Authorities and Arguments Do Not Support Summary Judgment . . . . . . . . . . . . . . 7

    D.   Defendant Mukai Cannot Escape Liability by Admitting His Participation in the Fraud, and He Should Be Estopped From Arguing Otherwise . . . . . . . . . . 9

    E.   Defendants Have Not Shown Plaintiffs Are Not "Creditors" . . . . . . . . . . . . . . . . . . . . 13

    F.   Defendant Mukai's Assertion of *In Pari Delicto* Is Contrary To Public Policy . . . . . . . . . . . . . 14

    G.   Defendant Mukai's Brief Is Misleading . . . . . . . 15

II.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . 16

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Baena v. KPMG, LLP*, 389 F.Supp.2d 112 .................. 5, 8, 10

*Belcher v. Birmingham Trust National Bank*,
348 F.Supp. 61 .............................................. 4

*In re The Bennet Funding Group, Inc.*, 336 F.3d 94 ....... 2, 8, 9

*Carrieri v. Jobs.com, Inc.*, 393 F.3d 508 ..................... 3

*Helfand v. Gerson*, 105 F.3d 530 ............................ 12

*McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750 .......... 11

*Pinter v. Dahl*, 486 U.S. 622 ............................... 11

*Rissetto v. Plumbers & Steamfitters Local 343*,
94 F.3d 597 ................................................ 12

*Russell v. Rolfs*, 893 F.2d 1033 ............................ 12

*Schneilling v. Thomas* (in re Agrobiotech, Inc.),
2005 U.S.Dist. LEXIS 6466 ................................. 1, 8

*In re Sharp International Corp.*, 319 B.R. 782 ................ 9

*Wagner v. Prof Eng.rs in Calif. Government*, 354 F.3d 1036 .... 12

*In re Zale Corp.*, 196 B.R. 348 ............................... 3

**STATE CASES**

*Cooke Trust Co. v. Lord*, 41 Haw. 198 .................... 14, 15

*Hawaiian Ocean View Estates v. Yates*,
58 Haw. 53, 564 P.2d 436 ................................. 11, 14

*Henry Waterhouse Trust Co. v. Home Insurance Co.*,
27 Haw. 572 ................................................. 7

*Lussier v. Mau-Van Develpment, Inc.,*
4 Haw. App. 359, 667 P.2d 804 ................................. 5

*Peregrine Funding v. Sheppard Mullin Richter & Hampton LLP,*
133 Cal.App.4th 658  ........................................ 8

*Production Resources Group, LLC v. NCT Group, Inc.,*
863 A.2d 772 ............................................... 3

*Young v. Kwock*, 52 Haw. 273, 474 P.2d 285 ................ 1, 11

## MISCELLANEOUS

H.R.S. § 651C-4 ........................................... 13

*UFJ Bank Limited v. Ieda*, 109 Hawai`i 137,
139-140 & n.6, 2005 Haw. LEXIS 608 at 5, 6 & n.6 ......... 3, 13

**PLAINTIFFS' AND THIRD-PARTY DEFENDANTS' REPLY MEMORANDUM
IN SUPPORT OF MOTION TO STRIKE UNTIMELY JOINDER BY DEFENDANT
MUKAI IN KG DEFENDANTS' MOTION FOR SUMMARY JUDGMENT IN CIVIL
NO. CV 04-00128, FILED ON FEBRUARY 17, 2006, FILED MARCH 2, 2006**

Plaintiffs and the Sports Shinko Third-Party Defendants (collectively, the "**SS Companies**"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby submit their reply memorandum in support of their March 2, 2006 Motion to Strike the Untimely Joinder by Defendant Mukai in KG Defendants' Motion for Summary judgment in Civil No. CV 04-00128 (the "Motion").

I.    **ARGUMENT**

A.    **Defendant Mukai's Joinder and Argument on the *In Pari Delicto* Defense Should be Stricken from the Record.**

Defendant Mukai argues in his March 10, 2006 Memorandum in Opposition ("MIO") that his February 17, 2006 joinder does not raise any new legal defense or theory. He does this by assuming that "imputation" and *in pari delicto* are synonymous. MIO at 1. However, under Hawai`i law, *in pari delicto* is a distinct affirmative defense that Defendant Mukai must prove.[1] Defendant Mukai's mention of *in pari delicto* was the first express reference to *any* affirmative defense that purportedly supports

---

[1] *Young v. Kwock*, 52 Haw. 273, 277, 474 P.2d 285, 288 (1970). In the context of Defendant Mukai's argument for summary judgment, it is impermissible to weigh the evidence, as Defendant Mukai would have this Court do. At least one of Defendant Mukai's own authorities expressly distinguishes the defense of *in pari delicto* from "imputation." *Schneilling v. Thomas* (*in re Agrobiotech, Inc.*), 2005 U.S. Dist. LEXIS 6466, at *32-*46 (D. Nev. Apr. 1, 2005)(analyzing "imputation" and *in pari delicto* separately); MIO at 4.

the KG Defendants' *implied* argument that the acts and knowledge of the former SS management must be imputed to the SS Companies as a matter of law.[2]

Defendant Mukai's arguments regarding *in pari delicto* should be stricken, and the KG Defendants' motion heard, without reference to those arguments.

**B.    Defendants' Have Not Shown Their Arguments Are Relevant, Much Less Valid.**

In opposition to the Motion, the KG Defendants and Defendant Mukai argue that *in pari delicto* should apply based on variations of their simplistic argument that "a person cannot defraud himself." Defendants' authorities do not entitle them to summary judgment under the circumstances here, where:

1.    Defendants have not proven that the SS Companies are, for these purposes, and in this context, ***all*** deemed to be *alter egos* of Toshio Kinoshita as a matter of law.[3]

---

[2] Defendant Mukai mischaracterizes the SS Companies' arguments in his MIO at 1. The KG Defendants made an *implied* argument only, and *assumed* without any authority that the "bad acts" and knowledge of the SS Companies' former management must be attributed to SS Companies. While "imputation" applies when the principal (here the SS Companies) "condones" the bad acts and "accepts the benefits," *In re Bennet Funding Group, Inc.*, 336 F. 3d 94, 100 (2d Cir. 2003), here, neither Defendant Mukai nor the KG Defendants have identified any benefit accruing to the companies from the Kinoshitas' acts and omissions.

[3] Specifically, Defendant Mukai (and the KG Defendants) argue that Plaintiffs incorrectly assume that "a person (or group of persons...) can defraud himself (or themselves)." Mukai MIO at 7. Defendants assume the SS Companies are *identical* to their shareholders, and were mere *alter egos* without having proved that proposition. An example of the chain of stockholder SS Companies that Defendants assume to be identical with Toshio Kinoshita is

2.  Defendants have not proven with competent evidence that, at the time of the fire-sale transfers to the KG Defendants, the *alleged* identity of interest between Toshio Kinoshita (the *alleged* sole stockholder) and all the SS Companies is relevant given that: (a) the beneficial owners of the SS Companies (to whom the officers and directors owed fiduciary duties to manage the corporate assets) were not their stockholders (Toshio Kinoshita and other SS entities) but the SS Companies' *creditors*, who had direct claims to the Hawai`i assets;[4] (b) Defendant Mukai and the other Insiders, including Toshio Kinoshita, owed fiduciary duties to the SS Companies *and* their creditors;[5] (c) the SS Companies' agents acted *outside* their scope of authority, in their own interest, and harmed both

---

listed in KG Defendants' March 9, 2006 Reply Mem. at 10.

[4]  *See, e.g., Production Resources Group, LLC v. NCT Group, Inc.*, 863 A.2d 772, 788 (Del. Ch. 2004)(when a corporation is in the "zone of insolvency" officers and directors owe duty to a corporations' *creditors*, not its stockholders); *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 533-34 & n.24 (5th Cir. 2004)(even corporations that were not actually insolvent, but which would have been rendered insolvent by the transfers, are covered by "zone of insolvency" analysis and directors and officers owe fiduciary duties to all the creditors of the corporation); *In re Zale Corp.*, 196 B.R. 348, 355 (N.D. Tex. 1996).  *See UFJ Bank Limited v. Ieda*, 109 Hawai`i 137, 139-140 & n.6, 2005 Haw. LEXIS 608 at *5, *6 & n.6 (Dec. 8, 2005)(Japan lenders' rights of subrogation under Japan law based on intercompany loans/debt allow direct claims against Hawai`i subsidiaries of Japan parent).

[5]  *See Production Resources,* 863 A.2d at 788, and other "zone of insolvency" cases listed above.  KG Defs' Concise Statement, Exs. "J", "K", "M", & "P" (showing officers and directors of the Hawai`i SS subsidiaries).

the corporations *and* the creditors;[6] (d) Toshio and other
Insiders intentionally scuttled all the SS Companies, including
Plaintiffs, to thwart SS-Japan's creditors; (e) Toshio's and the
other Insiders' actions were not intended to *increase* the company
assets (as, for example, a ponzi scheme would), but to diminish
the assets of the SS Companies via the below-market hasty
transfers of substantially all the Hawai`i companies' assets (see
n.6, *supra*); (f) the officers and directors were acting against
the SS Companies to, if nothing else, trigger the bogus
management agreements in favor of Resort Management Services
(Hawaii), Inc. ("RMS"), which was secretly controlled by Toshio
Kinoshita's sons through an Option Agreement;[7] and (g) it is a
long-standing "fundamental" principle of corporate law that the
officers and directors of a corporation cannot give away the
property of the corporation for less than fair value, except
where "they are the sole stockholders, *no rights of creditors are
impaired*, and unanimous consent is given."[8]

     3.   An innocent preservative/interim administrator
(*hozen kanrinin*) for SS Japan took over control of SS Japan (and

---

[6] SS Companies' Concise Statement in Opp. to KG Defs' MSJ,
Exs. "4", "9" -"16" (showing hurried sale for less than pending
cash offers); Mukai MIO at 2, n.2 (accepting Plaintiffs'
allegations as true "for the purpose of summary judgment").

[7] SS Companies' Concise Statement in Opp to KG Defs' MSJ,
Exs. "4" -"8".

[8] *See, e.g., Belcher v. Birmingham Trust Nat'l Bank*, 348 F.
Supp. 61, 103 (S.D. Ala. 1968).

its assets, the SS Companies) immediately after the transfers on
February 4, 2002, pursuant to the order of the Osaka District
Court. *See* Stip. in Lieu of Exs., filed Feb. 28, 2006
(hereinafter "STIP") at ¶ A.

4. The preservative administrator, as a Japan
"trustee" or administrator of the SS Companies' assets, and as
the new management for the SS Companies, caused them to file
state law claims, alleging the SS Companies creditors', including
Plaintiff, had been damaged by the transfers. *See* Compl. filed
Feb. 20, 2004 in Civ. No. CV 04-00128 ACK/BMK at ¶¶ 12 & 16.

5. Defendant Mukai essentially admits "the
Plaintiffs' allegations as true for purposes of summary judgment"
(MIO at n.2) thus establishing the statutory elements of a
fraudulent transfer claim under HRS ch. 651C and other claims.[9]

6. Defendant Mukai, who claims (without any analysis)
that he is less to blame than the SS Companies and Plaintiffs,
was *not* impotent to prevent the transfers. He had the ability
and fiduciary *duty* (as director and attorney for the Hawaii SS

---

[9] In his memorandum in opposition, Defendant Mukai concedes
the truth of the allegations in Plaintiffs' complaints "for the
purposes of summary judgment," including his fiduciary duties to
the SS Companies. Mukai MIO at n.2. The KG Defendants have done
the same as to the allegations against Mukai. KG Defs' Reply
filed Mar. 9, 2006 at 9. *Lussier v. Mau-Van Develpment, Inc.*, 4
Haw. App. 359, 381, 667 P.2d 804, 819-20 (1983)(officers and
directors owe "undivided, unselfish and unqualified loyalty,
unceasing effort never to profit personally at [the
corporation's] expense").

Companies)[10] to prevent harm to both the corporations *and* the corporations' beneficial owners, their *creditors*.[11] Defendant Mukai was well aware of, and had actually warned SS Japan of the possibility of a bankruptcy trustee trying to undo transfers to the RMS management company in late 2000. SS Companies' Concise Statement in Opp. to KG Defs' MSJ, Ex. "8". Defendant Mukai had the power and obligation to prevent the transfers simply by: (1) fulfilling his ethical duties; (2) stopping work; and/or (3) making full disclosure to SS Japan's creditors (in January, 2002) or the preservative administrator (*hozen kanrinin*) (in February).[12] Instead of protecting the SS Companies, his law firm assisted Toshio Kinoshita by handling the transfers.[13] Defendant Mukai is at *greater* fault than the SS Companies that he had a duty to protect, which could only act through him and the Insiders.

---

[10] See KG Defs' Concise Statement, Exs. "J", "K", "M", & "P" (showing Mukai as director of the Hawai`i SS subsidiaries at the time of the transfers to the KG Defendants).

[11] See the authorities in note 4, above.

[12] The KG Defendants may argue that the closing of the transfer of the Ocean Resort Hotel Waikiki ("ORH") did not occur until mid-April, 2002, so the preservative administrator (*hozen kanrinin*) would have let the transfers continue in any case. However, there is no evidence that the preservative administrator's decision was made after full disclosure by Defendant Mukai of Toshio Kinoshita's "plan" and other details. *See* SS Companies' Concise Statement, Declaration of David Klausner, Ex. "K-C".

[13] Again, Defendant Mukai admits this allegation. Mukai MIO at n.2.

7.    After the SS Japan reorganization proceeding was terminated, the SS Companies have continued to prosecute their Hawai`i-law rights to recover fair market value for the former SS Hawai`i properties.[14]

By accepting Plaintiffs' allegations "as true for the purposes of summary judgment," (MIO at n.2), Defendant Mukai concedes, among other things, the following:

a.    He helped the Insiders with the RMS scheme to pour assets from the SS Companies into a bogus management company through a Stock Option Agreement.  Second Amended Complaint in CV 04-00128 ("Compl") at ¶¶ 17-28.

b.    He had the intent to "hinder, delay, and defraud" the SS Companies' creditors through implementation of Toshio Kinoshita's plan to damage the SS Companies and their creditors by placing their assets outside the reach of the SS Japan's creditors.

c.    He failed to disclose all the details about the Kinoshita's plan to the Trustee.  Compl at ¶ 49.

These legal and factual issues preclude summary judgment for Defendant Mukai.

**C.    Defendant Mukai's Authorities and Arguments Do Not Support Summary Judgment.**

Under Hawai'i law, the knowledge of a corporate agent who acts adversely to his principal will not be imputed to the corporation.  *Henry Waterhouse Trust Co. v. Home Ins. Co.*,

---

[14] SS Japan and Sports Shinko (USA) Co., Ltd. have been the plaintiffs throughout.  See the Complaints filed Feb. 20, 2004, and First and Second Amended Complaints filed herein on June 14, 2004, and Jul. 12, 2005, respectively.  By definition, the SS Companies seek "reasonably equivalent value" under HRS ch. 651C or the *fair value* of their former properties.  In no sense would this be a "windfall" as the Defendants contend.

27 Haw. 572, 579 (1923).  Defendant Mukai cites sundry non-Hawai`i authorities and argues they compel summary judgment, but he glosses over the relevant facts and procedural contexts of those decisions.  *See* Mukai MIO at 4, 8, & 9 (citing *Schneilling v. Thomas* (*in re Agrobiotech, Inc.*), 2005 U.S. Dist. LEXIS 6466, at *32-*46 (D. Nev. Apr. 1, 2005); *Peregrine Funding v. Sheppard Mullin Richter & Hampton LLP*, 133 Cal. App. 4th 658 (2005); *Baena v. KPMG, LLP*, 389 F. Supp. 2d 112 (D. Mass. 2005); *In re The Bennett Funding Group, Inc.*, 336 F.3d 94 (2d Cir. 2003)).

First, these cases arose in procedural contexts not applicable here.  *Schneilling* turns on a holding pursuant to an "explicit statutory rule" applicable in a U.S. bankruptcy that Mukai has not proven has any relevance to an innocent *Japan* preservative/interim administrator in a *Japan* reorganization proceeding who took control of the SS Companies pursuant to an Osaka District Court Order.  2005 U.S. Dist. LEXIS 6466 at *32; STIP at ¶ A.  *Peregrine* was decided under a unique California statute (and procedure) which requires that a plaintiff attacking protected speech or petitioning activity show a likelihood of prevailing on his claims.  *Peregrine*, 133 Cal. App. 4th at 675 (construing Cal. Civ. Proc. Code § 425.16).  *Bennett* was decided after a *four-day evidentiary hearing* on the issue of a bankruptcy trustee's standing to sue third parties on behalf of a defunct company used as the vehicle for a Ponzi scheme.  *Bennett*, 336 F.3d at 96-97.  During the evidentiary hearing, the district

court heard testimony, weighed the evidence and reached factual conclusions.[15]

Second, Defendant Mukai ignores important distinctions between the facts in his cases and this case. The cases he cites involved sole shareholders or controlling managers who acted not to loot or injure the corporation, but to increase its value through fraudulent acts. In *Bennett*, for example, people controlling a family business engaged in a Ponzi scheme to boost the value of the business by fraudulently selling the same office equipment leases to multiple buyers. *Bennett*, 336 F.3d at 100-101. Similarly, in *Peregrine*, a family corporation was used to operate a Ponzi scheme. In *Baena*, corporate managers acted to artificially inflate a company's revenues and earnings. *Baena*, 389 F. Supp. at 119. The court imputed the managers' acts to their principal, stating: "Courts have been loath to apply the adverse interest exception in the context of fraud to increase the value of the corporation." *Id.*

The landscape here is factually different, as set forth above (at pp. 3-7).

**D.  Defendant Mukai Cannot Escape Liability by Admitting His Participation in the Fraud, and He Should Be Estopped From Arguing Otherwise.**

Ironically, Defendant Mukai seeks to escape liability by admitting fault:  he acknowledges that the allegations in

---

[15] *Id.  See In re Sharp International Corp.*, 319 B.R. 782 (Bankr. E.D.N.Y. 2005) (distinguishing *Bennett* and holding that factual issues precluded summary judgment on imputation issue).

Plaintiffs' complaints are true as to him for the purposes of the KG Defendant's motion for summary judgment. MIO at n.2. In doing so, Defendant Mukai has raised a factual dispute as to both his own innocence, his degree of involvement, *and* his power to stop the fraudulent transfers to the KG Defendants. Defendant Mukai *argues* that the Kinoshitas were in exclusive control of the SS Companies, *but* Defendant Mukai was a director and attorney of the Hawai`i SS Subsidiaries[16] who was in a unique position to prevent the transfers to the KG Defendants by refusing to participate in the sales transactions.

Toshio lost control of the SS Companies as owner and director/officer on February 4, 2002. *See* STIP at ¶ A. Had Defendant Mukai *delayed* the sale by a few days or so by disclosing problems to SS's creditors, and/or by not preparing the transactional documents for the transfers to the KG Defendants until the creditor approved them, they would never have occurred. *Id.* Defendant Mukai was aware of the risk of a bankruptcy trustee undoing the transfers, yet he concealed information from the deputy preservative administrator. *See* SS's Concise Statement Ex. "8"; Compl. at ¶ 49; Mukai MIO at n.2.

Just as the equitable defense of estoppel is not available to a defendant who violates a duty of disclosure to plaintiff and fails to act in good faith with reasonable

---

[16] It should also be noted that Franklin Mukai was also a director of Albert C. Kobayashi, Inc. since 1999, according to the DCCA website.

diligence, the equitable defense of *in pari delicto* is not available here. *See Hawaiian Ocean View Estates v. Yates*, 58 Haw. 53, 63, 564 P.2d 436, 442 (1977).

Defendant Mukai's *in pari delicto* defense depends on a factual finding that Mukai was not as much at fault as the SS Companies he had a duty to protect.  "Unless the degrees of fault are essentially indistinguishable or the plaintiffs' responsibility is clearly greater, the *in pari delicto* defense should not be allowed and the plaintiff should not be compensated."  *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 756 (3ᴿᴰ Cir. 1990)(after jury trial re *in pari delicto*; citing *Pinter v. Dahl*, 486 U.S. 622 (1988)).  The "stringent standard" of the *in pari delicto* defense requires "the plaintiff be equally culpable in the transaction producing the defendant's liability" and the defense should be "carefully limited to those situations where the plaintiff is equally culpable" and where the plaintiff has aided or participated in the defendant's unlawful conduct.  *Young v. Kwock*, 52 Haw. at 277-278, 474 P.2d at 288.  Mukai has failed to analyze, brief, or prove he is less culpable.

Mukai wants the Court to find that everyone involved with the Companies were "unclean," in the sense that they were willing participants in the breaches of duty that enabled these transactions to close.  On that basis, he hopes the Court will find that the Companies cannot pursue their fraudulent transfer claims.

The SS Companies surely are not bound by strategically-motivated concessions, which Mukai seeks to make only for the limited purposes of the pending motion in hopes of precluding his former clients and principals from recovering the lost value of their assets.[17]  When put to the choice of admitting his perfidy for all purposes (instead of merely opportunistically) or denying wrongdoing, it is doubtful that Mukai will be so willing to claim complicity in the bad acts which led to these lawsuits.

---

[17] If Mukai's concessions are accepted for this Motion and Joinder, then they must bind him for all purposes.  He cannot play fast and loose by taking inconsistent positions on these important issues.  As the Ninth Circuit recently explained in *Wagner v. Prof Eng.rs in Calif. Gov't,* 354 F. 3d 1036, 1044 (9th Cir. 2004):

> Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position.  *Rissetto v. Plumbers & Steamfitters Local* 343, 94 F.3d 597, 600 (9th Cir. 1996). Judicial estoppel is an equitable doctrine that is intended to protect the integrity of the judicial process by preventing a litigant from "playing fast and loose with the courts." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990) (internal quotation marks omitted). **Judicial estoppel applies to a party's stated position whether it is an expression of intention, a statement of fact, or a legal assertion.**

(internal quotation marks omitted; emphasis added), *quoting Helfand v. Gerson*, 105 F.3d 530, 535 (9th Cir. 1997).

Even if Mukai were so willing to confess, however, that does not mean that the H.R.S. Ch. 651C claims disappear. Even if all of the creditor companies were at one time under the domination of the Kinoshitas, that was only a passing phenomenon. It was not true after February 4, 2002, when the preservative (or interim) administrator was appointed, after the Japan bankruptcy began, when this case was filed, or presently.

**E.    Defendants Have Not Shown Plaintiffs Are Not "Creditors."**

Neither the Movants nor Mukai has cited any case for the proposition that the status of "creditor" is determined only when the disputed transfer occurred. There is good reason for this omission; it is not true. Section 651C-4 of Haw. Rev. Stat. expressly allows fraudulent transfer claims to be brought by those who become creditors **after** a transfer occurred if the transfer was made with the intent to "hinder, delay, or defraud **any** creditor." Since (as the Hawai`i Supreme Court explained in *UFJ*, 109 Hawai`i at 139-140 & n.6) the creditors of SS Japan had the right to "drill down" through the corporate hierarchy to recover assets directly from each subsidiary, regardless which "tier" it may have been on, even if the SS Companies were not creditors at the time of sales in 2001, they can qualify now, and neither the Movants nor Mukai has made any effort to show that the Companies are not **"future creditors"** under H.R.S. § 651C-4

based upon the present enforceability of the intercompany loans.[18]

### F.    Defendant Mukai's Assertion of *In Pari Delicto* Is Contrary To Public Policy.

Even if Defendant Mukai is found to be *in pari delicto* with Plaintiffs, the defense should not apply if the public policy concerning the law alleged to have been violated would not be served by application of the defense.[19]  In this case, to allow the application of *in pari delicto* in Defendant Mukai's favor would create a blueprint for how to commit a fraudulent transfer.  It would be contrary to public policy.  *Cooke Trust*

---

[18] Defendant Mukai relies on the Declaration of R. Marks dated Mar. 9, 2006 in support of the KG Defendants' reply memorandum (also filed Mar. 9, 2006) for the proposition that the SS Companies "have failed to produce the alleged promissory notes or other direct evidence of such purported obligations."  MIO at 2, n.2.  First, the Defendants provide **no** authority supporting their argument that the *many* documents the SS Companies have produced related to intercompany debt are insufficient in any way.  Second, the nature and existence of the intercompany obligations is not directly at issue in this Motion.  Third, this is an astounding assertion from Defendant Mukai, whose lawfirms prepared intercompany notes for the SS Companies over the course of his 15 plus years of representing them.  Mr. Mukai fails to note or explain the many promissory notes that reside *in his own files*.  *See* Decl. of Glenn T. Melchinger attached hereto. Mr. Marks, who has reviewed only a relatively small portion of the documents produced to the KG Defendants, bases his statements on his misplaced expectation that the Plaintiffs' counsel is responsible for reviewing the SS Companies documents *for him* and identifying all the exhibits they will use at trial.  *Id.* Mr. Marks' statements should be disregarded.

[19] *See Hawaiian Ocean View Estates v. Yates*, 58 Haw. 53, 63-64, 564 P.2d 436, 442 (1977)(the public policy "exception" to *in pari delicto* will bar application of the defense, even where the parties are *in pari delicto*, if public policy will be "best conserved by that course").

*Co. v. Lord*, 41 Haw. 198, 202-203 (1955)("Public policy does not countenance devices by which one frees his own property from liability for his debts or restricts the power of alienation of it"; "it is against public policy to permit one to tie up his property in such a way that he can enjoy it but prevent his creditors from reaching it."). This should not be allowed.

   **G.    Defendant Mukai's Brief Is Misleading.**

        Defendant Mukai's opposition memorandum contains significant unsupported and inaccurate statements. For example, Defendant Mukai argues: "Plaintiffs [are] merely investors who purchased assets our of the Japanese bankruptcy of [SS Japan]." MIO at 10. A glance at the case captions shows that the Plaintiffs (which include SS-Japan) are not investors in SS-Japan.

        Defendant Mukai also argues: "Plaintiff simply cannot escape the fact that Sports Shinko Co., Ltd. [SS Japan] was 100% owned by three individuals whom Plaintiffs allege were at the heart of the 'fraud' and therefore there is no 'innocent' corporate entity which was harmed by the owners' own conduct." MIO at 8. In fact, SS Japan's stock was held by Toshio Kinoshita and two other Japan SS entities not involved in this case ("Misaki Country" and "Kinoshita Kensetsu"), and the Plaintiff in Civil No. CV 04-00128 is not SS Japan. *See* STIP at ¶ 2; Second Amended Complaint in Civ. No. 04-00128.

Through these misstatements, Defendant Mukai seeks to have the Court equate the SS Companies' with Toshio Kinoshita. Ironically, this same equation of the Kinoshitas' and the SS Companies' interests is what harmed the SS Companies that Defendant Mukai was obligated to protect.

## II.  CONCLUSION

Allowing Defendant Mukai to escape the consequences of his actions by admitting fault will work injustice.  Based on the foregoing, the SS Companies' Motion to Strike should be granted. Defendant Mukai should not be given relief.

DATED:    Honolulu, Hawai`i, March 15, 2006.

/S/ Glenn Melchinger
PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Plaintiffs
and Third-Party Defendants,
the SS Entities