TABLE OF CONTENTS

I. Introduction ................................................................................................. 1

II. The Court Fundamentally Misunderstands the Allegations Against the KG Defendants .................................................................................... 4

III. The Order Improperly Affords Special Powers To SS-Japan, SS-USA and Goldman Sachs ................................................................... 6

    A. Applying Japanese Law, The Court is Manifestly In Error Concluding That Goldman Sachs or Plaintiffs Acquired Special Rights To Pursue KG From The Bankruptcy Trustee ..... 6

        1. The Law of Japan Is Controlling ....................................... 6

        2. The Order Misapplies Japan Law ..................................... 7

    B. Applying U.S. Law, The Court is Manifestly In Error Concluding That Goldman Sachs or Plaintiffs Acquired Special Rights To Pursue KG From The Bankruptcy Trustee ..... 9

    C. Scholes and O'Melveny Do Not Support The Court's Legal Conclusions ........................................................................ 12

IV. The "Sole Owner Rule" Should Be Applied As A Matter Of Law ................................................................................. 15

    A. Toshio and His Sons Had Complete Ownership of SS-Japan ..... 15

    B. Toshio Alone Controlled The SS Companies, Notwithstanding His Sons' Ownership Interest ........................... 16

    C. SS-Japan, And Therefore Toshio, Owned 100% of SS-USA ...... 18

    D. SS-USA, and Therefore Toshio, Owned 100% of SS-Hawaii, etc. ................................................................................ 18

    E. There is No Dispute that Toshio Approved The Sale of the Hawaii Assets To KG ................................................................. 19

    F. Toshio's Control is Sufficient to Invoke the Sole Owner Rule As a Matter of Law ............................................................. 19

V. KG Disputes The Underlying Debts In This Case ............................... 20

## TABLE OF CONTENTS (cont'd)

VI. The Plaintiff's Officers All Acted to Effectuate the Sale of the Mililani Property. The Transaction Was Not "Secret" .......................... 22

VII. The Sale of the Sewage Treatment Plant Was Part of the Same Transaction as the Sale of the Other Hawaii Properties To KG ................. 23

VIII. Conclusion ........................................................................................ 25

# TABLE OF AUTHORITIES

**CASES**

British Airways Bd. v. Boeing Co., 585 F.2d 946 (9th Cir. 1978) .................. 19

Camerer v. California Sav. & Commercial Bank, 48 P.2d 39 (Cal. 1935) ....................................................................................................... 14

F.D.I.C. v. O'Melveny & Myers, 61 F.3d 17 (9th Cir. 1995) ....................... 13-14

Hays & Co., v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149, (3d Cir. 1989)................................................................... 10

In re Leasing Consultants, 592 F.2d 103 (2d Cir. 1978) ............................... 10

In re Mediators, 105 F.3d 822 (2d Cir. 1997)............................................. 19-20

In re Personal and Business Ins. Agency, 334 F.3d 239 (3d Cir. 2003) ....................................................................................................... 10

Kim v. Co-op. Centrale Raiffeisen-Boerenleebank B.A., 364 F.Supp. 2d 346 (S.D.N.Y. 2005)................................................................. 8

McKesson HBOC, Inc. v. Islamic Republic of Iran, 271 F.3d 1101 (D.C. Cir. 2001) ....................................................................................... 8

Official Committee of Unsecured Creditors v. R.F. Lafferty & Co., 267 F.3d 340 (3d Cir. 2001) ....................................................................... 10, 11

Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145 (11th Cir. 2006)................................................................. 11

Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147 (2nd Cir. 2003)............................... 19-20

Scholes v. Lehmann, 56 F.3d 750 (7th Cir.), cert. denied, 516 U.S. 1028 (1995) ....................................................................................... 12-14

**STATUTES**

11 U.S.C. § 541 ............................................................................................... 9-11

11 U.S.C. § 544(b) .......................................................................................... 10, 11

## TABLE OF AUTHORITIES (cont'd)

11 U.S.C. § 548 .................................................................................... 10, 11

HRS § 247-1 ......................................................................................... 24

HRS Ch. 651C ...................................................................................... 5


OTHER AUTHORITIES

37 Am. Jur. 2d Fraudulent Conveyances and Transfers § 131 ....................... 13

F.R.Civ.P. 12(b) .................................................................................... 21

F.R.Civ.P. 44.1 ..................................................................................... 8

F.R.Civ.P. 56 ........................................................................................ 21, 26

Japan Corporate Reorganization Law, Japan Law No. 172,
June 7, 1952 ......................................................................................... 1, 7

Collier on Bankruptcy ¶ 323.02[4] ............................................................. 10