**TABLE OF CONTENTS**

*Page*

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. STANDARD FOR RECONSIDERATION . . . . . . . . . . . . . . . . . . . . . . . . 2

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. The Order's Mention of Payment of Termination Fees by the "*New* Owners" Rather than the "*Former* Owners" Is Not Controversial or Significant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B. The KG Defendants' Argument that Japan Law Applies, and that the Court Misapplied it, is Wrong . . . . . . . . . . . . . . . . . . . . . . . 4

        1. Hawai`i Choice of Law Rules Require Application of Hawai`i Law in Determining the Applicability of the KG Defendants' Defenses to the SS Companies' Hawai`i Law Claims . . . . . 7

        2. Hawai`i's Choice of Law Analysis Dictates that Hawai`i Law Applies Here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        3. The KG Defendants Fail to Show that Japan Courts Would Apply Japan Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        4. Even Assuming Japan Law Applies, Mr. Kosugi's Opinion is Deficient and Wrong . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    C. The Court Correctly Applied U.S. Law in Determining That the *in Pari Delicto*/imputation Defenses Do Not Apply to the SS Plaintiffs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        1. The KG Defendants' Legal Arguments are Wrong and Belated . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        2. *Scholes* and *O'Melveny* Clearly Apply and Support the Result . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

    D. Factual and Legal Issues Remain Regarding Toshio Kinoshita's Control and Ownership of the SS Companies . . . . . . . . . . . . . . 20

*Page*

    E.    The Sole Actor Rule Does Not Apply as a Matter of Law . . . . . . 21

    F.    The KG Defendants' Voluntarily Admitted the Allegations in the Complaint, Including Those Regarding Intercompany Debt, in this Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

    G.    Toshio Was "Secretly Acting Adversely" to the SS Companies and His Knowledge May Not Be Imputed to Them . . . . . . . . . . . . . . . 23

    H.    The Order Correctly States That the STP Is Not Part of the Transfer That Plaintiffs Are Challenging in this Case . . . . . . . . . . . . . . . . 25

    I.    Defendants' FRCP 56(d) Request is Improper . . . . . . . . . . . . . . 27

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28