ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                1126-0
GLENN T. MELCHINGER        7135-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i  96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Email:  gtm@ahfi.com

Attorneys for Plaintiff
and Third-Party Defendants
the SS Companies

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 1 3 2006

at 11 o'clock and __min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation, | CIVIL NO. CV 04-00124 ACK/BMK |
| Plaintiff, | CONSOLIDATED CASES |
| vs. | |
| QK HOTEL, LLC, a Hawai'i limited liability company, KG HOLDINGS, LLC, a Hawai'i limited liability company, FRANKLIN K. MUKAI, | **PLAINTIFF AND THIRD-PARTY DEFENDANT SPORTS SHINKO COMPANIES' SUBPOENA IN A CIVIL CASE; EXHIBITS A AND B** |
| Defendants, | |
| and | |
| FRANKLIN K. MUKAI, | |
| Third-Party Plaintiff, | |
| vs. | |
| SPORTS SHINKO (USA) CO.; LTD., a Delaware corporation; SPORTS SHINKO (HAWAII) CO., LTD., a Hawai'i corporation; SPORTS SHINKO (MILILANI) CO., LTD., a Hawai'i corporation; SPORTS | |

| | |
|---|---|
| SHINKO (KAUAI) CO., LTD., a Hawai`i corporation; SPORTS SHINKO (PUKALANI) CO., LTD., a Hawai`i corporation; SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawai`i corporation; SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawai`i corporation; and OCEAN RESORT HOTEL CORPORATION, a Hawai`i corporation,<br><br>       Third-Party Defendants. | |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>PUKALANI GOLF CLUB, LLC, a Hawai`i limited liability company; KG MAUI DEVELOPMENT, LLC, a Hawai`i limited liability company; KG HOLDINGS, LLC, a Hawai`i limited liability company, FRANKLIN K. MUKAI,<br><br>       Defendants,<br><br>   and<br><br>FRANKLIN K. MUKAI,<br><br>       Third-Party Plaintiff,<br><br>   vs.<br><br>SPORTS SHINKO CO., LTD., a Japan corporation, SPORTS SHINKO (HAWAII) CO., LTD., a Hawai`i corporation, SPORTS SHINKO (MILILANI) CO., LTD., a Hawai`i corporation, SPORTS SHINKO (KAUAI) CO., LTD., | CIVIL NO. CV 04-00125<br>      ACK/BMK |

a Hawai`i corporation, SPORTS            )
SHINKO (PUKALANI) CO., LTD., a           )
Hawai`i corporation, SPORTS              )
SHINKO RESORT HOTEL                      )
CORPORATION, a Hawai`i                   )
corporation, SPORTS SHINKO               )
(WAIKIKI) CORPORATION,                   )
a Hawai`i corporation, and               )
OCEAN RESORT HOTEL CORPORATION,          )
a Hawai`i corporation,                   )
                                         )
       Third-Party                       )
       Defendants.                       )
_____)
                                         )
SPORTS SHINKO (USA) CO., LTD, a          )   CIVIL NO. CV 04-00126
Delaware corporation,                    )              ACK/BMK
                                         )
       Plaintiff,                        )
                                         )
  vs.                                    )
                                         )
KIAHUNA GOLF CLUB, LLC, a                )
Hawai`i limited liability                )
company; KG KAUAI DEVELOPMENT,           )
LLC, a Hawai`i limited liability         )
company; PUKALANI GOLF CLUB,             )
LLC, a Hawai`i limited liability         )
company; KG MAUI DEVELOPMENT,            )
LLC, a Hawai`i limited liability         )
company; MILILANI GOLF CLUB,             )
LLC, a Hawai`i limited liability         )
company; QK HOTEL, LLC, a                )
Hawai`i limited liability                )
company; OR HOTEL, LLC, a                )
Hawai`i limited liability                )
company, and KG HOLDINGS, LLC,           )
a Hawai`i limited liability              )
company,                                 )
                                         )
       Defendants,                       )
                                         )
  and                                    )
                                         )
FRANKLIN K. MUKAI,                       )
                                         )
       Third-Party                       )
Plaintiff,                               )
                                         )
  vs.                                    )

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japan corporation, SPORTS SHINKO (HAWAII) CO., LTD., a Hawai`i corporation, SPORTS SHINKO (MILILANI) CO., LTD., a Hawai`i corporation, SPORTS SHINKO (KAUAI) CO., LTD., a Hawai`i corporation, SPORTS SHINKO (PUKALANI) CO., LTD., a Hawai`i corporation, SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawai`i corporation, SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawai`i corporation and OCEAN RESORT HOTEL CORPORATION, a Hawai`i corporation,<br><br>       Third-Party Defendants. | |
| SPORTS SHINKO CO., LTD., a Japanese corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>OR HOTEL, LLC, a Hawai`i limited liability company, KG HOLDINGS, LLC, a Hawai`i limited liability company, FRANKLIN K. MUKAI,<br><br>       Defendants,<br><br>   and<br><br>FRANKLIN K. MUKAI,<br><br>       Third-Party Plaintiff,<br><br>   vs.<br><br>SPORTS SHINKO (USA) CO., LTD., a Delaware corporation; SPORTS SHINKO (HAWAII) CO., LTD., a Hawai`i corporation; SPORTS | CIVIL NO. CV 04-00127<br>          ACK/BMK |

-4-

```
SHINKO (MILILANI) CO., LTD., a      )
Hawai`i corporation; SPORTS         )
SHINKO (KAUAI) CO., LTD., a         )
Hawai`i corporation; SPORTS         )
SHINKO (PUKALANI) CO., LTD., a      )
Hawai`i corporation; SPORTS         )
SHINKO RESORT HOTEL                 )
CORPORATION, a Hawai`i              )
corporation; SPORTS SHINKO          )
(WAIKIKI) CORPORATION, a            )
Hawai`i corporation; and OCEAN      )
RESORT HOTEL CORPORATION, a         )
Hawai`i corporation,                )
                                    )
          Third-Party               )
          Defendants.               )
                                    )
_____ )
                                    )
SPORTS SHINKO (USA) CO., LTD.,      )  CIVIL NO. CV 04-00128
a Delaware corporation,             )          ACK/BMK
                                    )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
MILILANI GOLF CLUB, LLC,            )
a Hawai`i limited liability         )
company; KG HOLDINGS, LLC,          )
a Hawai`i limited liability         )
company, FRANKLIN K. MUKAI,         )
                                    )
          Defendants,               )
                                    )
     and                            )
                                    )
FRANKLIN K. MUKAI,                  )
                                    )
          Third-Party               )
          Plaintiff,                )
                                    )
     vs.                            )
                                    )
SPORTS SHINKO CO., LTD., a          )
Japan corporation, SPORTS           )
SHINKO (HAWAII) CO., LTD., a        )
Hawai`i corporation, SPORTS         )
SHINKO (MILILANI) CO., LTD., a      )
Hawai`i corporation, SPORTS         )
SHINKO (KAUAI) CO., LTD., a         )
Hawai`i corporation, SPORTS         )
```

```
SHINKO (PUKALANI) CO., LTD.,     )
a Hawai`i corporation, SPORTS    )
SHINKO RESORT HOTEL              )
CORPORATION, a Hawai`i           )
corporation, SPORTS SHINKO       )
(WAIKIKI) CORPORATION, a         )
Hawai`i corporation, and         )
OCEAN RESORT HOTEL CORPORATION,  )
a Hawai`i corporation,           )
                                 )
          Third-Party            )
          Defendants.            )
```

**PLAINTIFF AND THIRD-PARTY DEFENDANT SPORTS SHINKO COMPANIES'
SUBPOENA IN A CIVIL CASE**

TO:      Custodian of Records
         AQUA ENGINEERS, INC.
         3560 Koloa Road
         Kalaheo, HI 96741-9160

✔  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **(SEE ATTACHED EXHIBIT "A")**

**Documents produced pursuant to this Subpoena are to be mailed or couriered to the requesting attorney below, and must be accompanied by the Certification of Custodian of Records attached as Exhibit "B".**

| PLACE | DATE AND TIME |
|---|---|
| Glenn T. Melchinger, Esq.<br>ALSTON HUNT FLOYD & ING<br>1001 Bishop St., 18th Floor ASB Tower<br>Honolulu, HI 96813 | October 27, 2006 at 10:00 a.m. |

Any organization not a party to these suits that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE |
|---|---|
| [signature]<br>Attorney for Plaintiffs<br>and Third-Party Defendants,<br>the SS Companies | October 9, 2006 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Glenn T. Melchinger, Esq.<br>Alston Hunt Floyd & Ing<br>18th Floor, American Savings Bank Tower<br>1001 Bishop Street<br>Honolulu, HI  96813<br>Telephone:  (808) 524-1800<br>E-mail: gtm@ahfi.com |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

**Exhibit A to Subpoena to
CUSTODIAN OF RECORDS OF AQUA ENGINEERS, INC.**

DEFINITIONS AND INSTRUCTIONS

1.  You will produce the original of all documents when they are available. When the original is unavailable, the best available copy shall be produced.

2.  The term **"Documents"** includes, without limitation, include writings, drawings, graphs, charts, photographs, phono records, computer diskettes, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into reasonably usable form. "Documents" may therefore mean the original and copies of any and all tangible materials, whether handwritten, typed, printed, copied, photographed, recorded or produced or reproduced in any manner, including but not limited to books, records, letters, diaries, appointment books, calendars, information from computers and other electronic devices, including personal digital assistants (such as Palm devices, cell phones, smart phones, or other electronic organizers, etc.) iPods, USB drives, minidisks, itineraries, telegrams, wires, memoranda, interoffice communications, electronic mail ("E-mail"), reports, notes, drawings, charts, photographs, movies, tape recordings, contracts, agreements, travel reports and vouchers, expense accounts and vouchers, ledgers, financial statements, reports or worksheets, schedule, progress reports, bills, estimates and/or projections, and includes, without limitation, all file copies

and all drafts prepared in connection with such writing, whether used or not, and any other items falling within the scope of discovery under Rule 26(b) of the Federal Rules of Civil Procedure.

3.  **"KG Defendant(s)"** means and refers to Defendants QK HOTEL, LLC; PUKALANI GOLF CLUB, LLC; KG MAUI DEVELOPMENT LLC; KIAHUNA GOLF CLUB, LLC; KG KAUAI DEVELOPMENT, LLC; MILILANI GOLF CLUB, LLC; OR HOTEL, LLC; and KG HOLDINGS, LLC, or any of them, including their agents, consultants, principals, officers, or directors.

4.  **"You"** or **"Your"** refers to Aqua Engineers, Inc., the company whose records are subpoenaed, and includes all affiliates, owners, partners, staff and employees of the company including their agents, consultants, principals, officers, or directors, including without limitation, Hugh A. Strom.

### Documents and Things to Produce

At the place, date, and time specified in the Subpoena, YOU ARE COMMANDED to produce and permit inspection and copying of the documents or objects specified below that pertain directly or indirectly in any fashion to any or all of the following entities:

**PUKALANI STP CO., LTD.**
(hereinafter referred to as the "Pukalani STP"):

*Description of documents to be produced continued next page*

1.  Any and all non-privileged Documents related to and/or referring to Your acquisition and/or planned acquisition of any of the property of Pukalani STP and/or the stock of Pukalani STP from Pukalani Golf Club, LLC. and/or any of the other KG Defendants.

2.  Any and all Documents containing communications between You and any of the KG Defendants related to Your acquisition and/or the planned acquisition of the Pukalani STP.

3.  Any and all non-privileged Documents related to and/or referring to Your valuation of, and/or the value of, the Pukalani STP, including without limitation the consideration or purchase price You will pay to acquire the stock of Pukalani STP and/or its assets.

END OF EXHIBIT A

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE | |
|---|---|---|---|
| SERVED | October 11, 2006 | AQUA ENGINEERS, INC.<br>3560 Koloa Rd.<br>Kalaheo, HI. 96741 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Michelle L. Emura<br>Secretary of Aqua Engineers, Inc. | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Arnold K. Kaneshiro | Civil Deputy |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  October 11, 2006
              DATE

_[signature]_
SIGNATURE OF SERVER

P O Box 851 Kalaheo, HI. 96741
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pur- suant to an order of the court by which the subpoena was issued. If ob- jection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall pro- tect any person who is not a party or an officer of a party from signifi- cant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per-

son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without un- due hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a descrip- tion of the nature of the documents, communications, or things not pro- duced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT B**

**CERTIFICATION OF RECORDS OF**

**AQUA ENGINEERS, INC.**

I, _____, am an employee and the Custodian of Records for Aqua Engineers, Inc. I make this declaration upon personal knowledge.

    1.   I have personal knowledge of the records of Aqua Engineers, Inc. that are the subject of this Declaration.

    2.   On, _____, Aqua Engineers, Inc. was served with a subpoena in Civ. 04-00124 ACK/BMK, Sports Shinko Co., Ltd. V. QK Hotel, LLC, et al.; Civ. 04-00125 ACK/BMK, Sports Shinko (USA) Co., Ltd. v. Pukalani Golf Club, LLC, et al.; Civ. 04-00126 ACK/BMK, Sports Shinko (USA) Co., Ltd. v. Kiahuna Golf Club, LLC, et al.; Civ. 04-00127 ACK/BMK, Sports Shinko Co., Ltd. v. QK Hotel, LLC, et al., Civ. 04-00128 ACK/BMK, Sports Shinko (USA) Co., Ltd. v. Mililani Golf Club, LLC, et al. (D. Hawaii) (the "Subpoena") at the premises of Aqua Engineers, Inc.,3560 Koloa Road, Kalaheo, HI 96741-9160. The Subpoena was issued by Glenn T. Melchinger, Esq.; attorney for Plaintiff and Third-Party Defendants, the SS Companies.

    3.   On, _____, via delivery service, I produced documents in response to the Subpoena to Mr. Melchinger at his business address at Alston Hunt Floyd & Ing, 1001 Bishop Street, 1800 ASB Tower, Honolulu, Hawai`i, 96813. The total number of pages produced were _____.

627,755 / 6850-5          Page -1-

4. All the documents I produced in response to the Subpoena were kept, and continue to be kept, in the regular course of Aqua Engineer, Inc.'s regularly conducted activities.

5. The documents produced in response to the Subpoena were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters.

6. It was Aqua Engineer, Inc.'s and its custodian of records' practice to keep records of this type as part of Aqua Engineer, Inc.'s regularly conducted activities.

7. All non-privileged documents that are responsive to the Subpoena that were in possession of Aqua Engineer, Inc. on _____, which is the date Aqua Engineer, Inc. was served with the Subpoena, have been produced.

8. The documents produced are true and correct photocopies of Aqua Engineer, Inc.'s original source documents.

9. None of the documents produced have been redacted or altered in any way.

10. No documents have been withheld under any privilege or for any other reason unless specifically noted in a separate privilege log.

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Executed on _____ in _____,
Hawaii.

                                            _____
                                            Custodian of Records