PRICE OKAMOTO HIMENO & LUM

WARREN PRICE III          1212
ROBERT A. MARKS          2163
 707 Richards Street, Suite 728
Honolulu, Hawaii  96813
Phone: 808.538.1113
Fax: 808.533.0549
e-mail: ram@pohlhawaii.com

SIMON KLEVANSKY          3217-0
ALIKA L. PIPER          6949-0
CARISA LIMA KA'ALA HEE 7372-0
Suite 1400, Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Phone:  (808) 524-0155
Fax:  (808) 531-6963
E-mail: sklevansky@ggik.com
        apiper@ggik.com;
        kaalahee@ggik.com

Attorneys for Defendants, Counterclaimants
and Third-Party Plaintiffs KG HOLDINGS,
LLC, KIAHUNA GOLF CLUB, LLC,
KG KAUAI DEVELOPMENT, LLC,
PUKALANI GOLF CLUB, LLC,
KG MAUI DEVELOPMENT, LLC,
MILILANI GOLF CLUB, LLC,
QK HOTEL, LLC, AND OR HOTEL, LLC,

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation, | CV 04-00124 ACK-BMK CONSOLIDATED CASES |
| Plaintiff, | THIRD-PARTY COMPLAINT; THIRD-PARTY SUMMONS IN A CIVIL ACTION; CERTIFICATE OF SERVICE |
| vs. | |
| QK HOTEL, LLC, a Hawaii limited liability company, KG HOLDINGS | |

LLC, a Hawaii limited liability company, FRANKLIN K. MUKAI,

            Defendants,

    and

FRANKLIN K. MUKAI, QK HOTEL, LLC, a Hawaii limited liability company and KG HOLDINGS LLC, a Hawaii limited liability company,

            Third-Party Plaintiffs,

     vs.

SPORTS SHINKO (KAUAI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawaii corporation, SPORTS SHINKO (MILILANI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (PUKALANI) CO., LTD., a Hawaii corporation, and SPORTS SHINKO (HAWAII) CO., LTD., a Hawaii corporation and SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawaii corporation,

            Third-Party Defendants,

    and

SPORTS SHINKO (HAWAII) CO., LTD., a Hawai'i corporation; SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawai'i corporation; and SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawai'i corporation,

            Third-Party Defendants / Counterclaimants,

2

vs.

QK HOTEL, LLC, a Hawai'i limited
liability company; KG HOLDINGS,
LLC, a Hawai'i limited liability
company; and FRANKLIN K. MUKAI,

        Third-Party Counterclaim
        Defendants

_____

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation,

        Plaintiff,

    vs.

PUKALANI GOLF CLUB, LLC, a
Hawaii limited liability company and
KG MAUI DEVELOPMENT, LLC, a
Hawaii limited liability company, KG
HOLDINGS LLC, a Hawaii limited
liability company, FRANKLIN K.
MUKAI,

        Defendants,

    and

FRANKLIN K. MUKAI, PUKALANI
GOLF CLUB, LLC, a Hawaii limited
liability company and KG MAUI
DEVELOPMENT, LLC, a Hawaii
limited liability company and KG
HOLDINGS LLC, a Hawaii limited
liability company

        Third-Party Plaintiffs,

    vs.

SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawaii corporation, SPORTS
SHINKO (WAIKIKI)
CORPORATION, a Hawaii

CV 04-00125 ACK-BMK

3

corporation, SPORTS SHINKO
(MILILANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawaii
corporation, and SPORTS SHINKO
(HAWAII) CO., LTD., a Hawaii
corporation and SPORTS SHINKO
RESORT HOTEL CORPORATION,
a Hawaii corporation,

          Third-Party Defendants,

    and

SPORTS SHINKO CO., LTD., a
Japanese corporation; SPORTS SHINKO
(HAWAII) CO., LTD., a Hawai'i
corporation; and SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawai'i
corporation,

          Third-Party Defendants /
          Counterclaimants,

    vs.

PUKALANI GOLF CLUB, LLC, a
Hawai'i limited liability company; KG
MAUI DEVELOPMENT, LLC, a
Hawai'i limited liability company; KG
HOLDINGS, LLC, a Hawai'i limited
liability company; and FRANKLIN K.
MUKAI,

          Third-Party Counterclaim
          Defendants.

_____

SPORTS SHINKO (USA) CO., LTD.,        CV 04-00126 ACK-BMK
a Delaware corporation,

          Plaintiff,

vs.

KIAHUNA GOLF CLUB, LLC, a
Hawaii limited liability company; KG
KAUAI DEVELOPMENT, LLC, a
Hawaii limited liability company;
PUKALANI GOLF CLUB, LLC, a
Hawaii limited liability company; KG
MAUI DEVELOPMENT, LLC, a
Hawaii limited liability company;
MILILANI GOLF CLUB, LLC, a
Hawaii limited liability company; QK
HOTEL, LLC, a Hawaii limited
liability company; OR HOTEL, LLC,
a Hawaii limited liability company;
KG HOLDINGS, LLC, a Hawaii
limited liability company,
FRANKLIN K. MUKAI,

   Defendants,

  and

FRANKLIN K. MUKAI, KIAHUNA
GOLF CLUB, LLC, a Hawaii limited
liability company; KG KAUAI
DEVELOPMENT, LLC, a Hawaii
limited liability company;
PUKALANI GOLF CLUB, LLC, a
Hawaii limited liability company; KG
MAUI DEVELOPMENT, LLC, a
Hawaii limited liability company;
MILILANI GOLF CLUB, LLC, a
Hawaii limited liability company; QK
HOTEL, LLC, a Hawaii limited
liability company; OR HOTEL, LLC,
a Hawaii limited liability company;
and KG HOLDINGS, LLC, a Hawaii
limited liability company,

   Third-Party Plaintiffs,

  vs.

5

SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawaii corporation, SPORTS
SHINKO (WAIKIKI)
CORPORATION, a Hawaii
corporation, SPORTS SHINKO
(MILILANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(HAWAII) CO., LTD., a Hawaii
corporation and SPORTS SHINKO
RESORT HOTEL CORPORATION,
a Hawaii corporation,

       Third-Party Defendants,


   and

SPORTS SHINKO (HAWAII) CO.,
LTD., a Hawai'i corporation and
SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawai'i corporation,

       Third-Party Defendants /
       Counterclaimants,


   vs.

KIAHUNA GOLF CLUB, LLC, a
Hawaii limited liability company; KG
KAUAI DEVELOPMENT, LLC, a
Hawai'i limited liability company;
PUKALANI GOLF CLUB, LLC, a
Hawai'i limited liability company; KG
MAUI DEVELOPMENT, LLC, a
Hawai'i limited liability company; QK
HOTEL, LLC, a Hawai'i limited
liability company; OR HOTEL, LLC,
a Hawai'i limited liability company;
KG HOLDINGS, LLC, a Hawai'i

6

limited liability company; and
FRANKLIN K. MUKAI,

   Third-Party Counterclaim
   Defendants.

_____

SPORTS SHINKO CO., LTD., a
Japanese corporation,

   Plaintiff,

  vs.

OR HOTEL, LLC, a Hawaii limited
liability company, KG HOLDINGS,
LLC, a Hawaii limited liability
company, FRANKLIN K. MUKAI,

   Defendants,

  and

FRANKLIN K. MUKAI, OR HOTEL,
LLC, a Hawaii limited liability
company and KG HOLDINGS, LLC,
a Hawaii limited liability company,

   Third-Party Plaintiffs,

  vs.

SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawaii corporation, SPORTS
SHINKO (WAIKIKI)
CORPORATION, a Hawaii
corporation, SPORTS SHINKO
(MILILANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(HAWAII) CO., LTD., a Hawaii
corporation and SPORTS SHINKO
RESORT HOTEL CORPORATION,
a Hawaii corporation,

CV 04-00127 ACK-BMK

7

Third-Party Defendants,

and

SPORTS SHINKO (HAWAII) CO., LTD., a Hawai'i corporation; SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawai'i corporation; and SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawai'i corporation,

Third-Party Defendants / Counterclaimants,

vs.

OR HOTEL, LLC, a Hawai'i limited liability company; KG HOLDINGS, LLC, a Hawai'i limited liability company; and FRANKLIN K. MUKAI,

Third-Party Counterclaim Defendants.

_____

SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,

  Plaintiff,

 vs.

MILILANI GOLF CLUB, LLC, a Hawaii limited liability company; KG HOLDINGS LLC, a Hawaii limited liability company, FRANKLIN K. MUKAI,

  Defendants,

CV 04-00128 ACK-BMK

8

and

FRANKLIN K. MUKAI, MILILANI
GOLF CLUB, LLC, a Hawaii limited
liability company and KG
HOLDINGS LLC, a Hawaii limited
liability company,

            Third-Party Plaintiffs,

     vs.

SPORTS SHINKO (KAUAI) CO.,
LTD., a Hawaii corporation, SPORTS
SHINKO (WAIKIKI)
CORPORATION, a Hawaii
corporation, SPORTS SHINKO
(MILILANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(HAWAII) CO., LTD., a Hawaii
corporation and SPORTS SHINKO
RESORT HOTEL CORPORATION,
a Hawaii corporation,

            Third-Party Defendants,

     and

SPORTS SHINKO CO., LTD., a
Japan Corporation, SPOORTS
SHINKO (PUKALANI) CO., LTD., a
Hawaii corporation, SPORTS
SHINKO (HAWAII) CO., LTD., a
Hawaii corporation, SPORTS
SHINKO (MILILANI) CO., LTD., a
Hawaii corporation,

            Third-Party Defendants/
            Counterclaimants,

     vs.

MILILANI GOLF CLUB, LLC, a
Hawaii limited liability company; KG

9

HOLDINGS, LLC, a Hawaii limited
liability company, FRANKLIN K.
MUKAI,

        Third-Party Counterclaim
        Defendants.

_____

## THIRD-PARTY COMPLAINT

THIRD-PARTY PLAINTIFFS KG HOLDINGS, LLC, KIAHUNA

GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF

CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB,

LLC, QK HOTEL, LLC, and OR HOTEL, LLC, (collectively, "KG

Companies"), state their third-party claims against THIRD-PARTY

DEFENDANTS SPORTS SHINKO (HAWAII) CO., LTD., SPORTS SHINKO

(KAUAI) CO., LTD., SPORTS SHINKO RESORT HOTEL CORPORATION,

SPORTS SHINKO (WAIKIKI) CORPORATION, SPORTS SHINKO

(MILILANI) CO., LTD. and SPORTS SHINKO (PUKALANI) CO., LTD.

(collectively, "SS Hawaii Entities") in each of these consolidated cases as

follows:

## PARTIES

1.     The KG Companies are all limited liability companies formed under

the laws of the State of Hawaii and whose principal places of business are in the

State of Hawaii.

2.      Third-Party Defendant SPORTS SHINKO (HAWAII) CO., LTD. ("SS-Hawaii") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

3.      Third-Party Defendant SPORTS SHINKO (KAUAI) CO., LTD. ("SS-Kauai"), is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

4.      Third-Party Defendant SPORTS SHINKO (WAIKIKI) CORPORATION ("SS-Waikiki") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

5.      Third-Party Defendant SPORTS SHINKO (MILILANI) CO., LTD. ("SS-Mililani") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

6.      Third-Party Defendant SPORTS SHINKO (PUKALANI) CO., LTD. ("SS-Pukalani") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

7.      Third-Party Defendant SPORTS SHINKO RESORT HOTEL CORPORATION ("SS-RHC") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

8.      With the exception of SS Hawaii, the SS Hawaii Entities are the

"debtors" referenced in the Second Amended Complaint filed in CV Nos. 04-

00126 on July 12, 2005, and the Third Amended Complaints in CV Nos. 04-00124,

04-00125, 04-00127 and 04-00128 filed January 19, 2007 (collectively,

"complaints").

9.      Plaintiff Sports Shinko Co., Ltd. ("SS-Japan") is a Japan corporation.

10.     At all times relevant, SS-Japan has been the controlling shareholder of

Plaintiff Sports Shinko (USA) Co., Ltd. ("SS-USA").  SS-USA is a Delaware

corporation.  SS-Japan and SS-USA are collectively referred to as "plaintiffs".

11.     At all times relevant, SS-USA has been the sole shareholder SS-

Hawaii.

12.     At all times relevant, SS-Hawaii has been the sole shareholder of SS-

RHC, SS-Kauai, SS-Pukalani, and SS-Mililani.

13.     At all times relevant, SS-RHC has been the sole shareholder of SS-

Waikiki.

14.     At all times relevant, each of the SS Hawaii Entities were owned and

controlled by the plaintiffs.

15.     On or about January 15, 2002, the SS Hawaii Entities entered into a

Purchase and Sale Agreement ("PSA") with KG Holdings, LLC, pursuant to

which, the SS Hawaii Entities agreed to sell, and KG Holdings, LLC, for itself or

its nominees, agreed to buy, the Queen Kapiolani Hotel, the Ocean Resort Hotel,

the Pukalani Golf Course and adjacent lands, the Kiahuna Golf Course and

adjacent lands, the Mililani Golf Course, and the capital stock of Pukalani STP

Co., Ltd. and Sure Transportation, Inc. (collectively, the "SS Hawaii Assets"), all

as more fully set forth in the PSA.

      16.    The transaction contemplated by the PSA was consummated in 2002

in various separate transfers of the SS Hawaii Assets to the designees of KG

Holdings, LLC, specifically, KIAHUNA GOLF CLUB, LLC (which took title to

the Kiahuna Golf Course from SS-Kauai), KG KAUAI DEVELOPMENT, LLC

(which took title to the development property adjacent to the Kiahuna Golf Course

from SS-Kauai), PUKALANI GOLF CLUB, LLC (which took title to the Pukalani

Golf Course from SS-Pukalani), KG MAUI DEVELOPMENT, LLC (which took

title to the development property adjacent to the Pukalani Golf Course from SS-

Pukalani[1]), MILILANI GOLF CLUB, LLC (which took title to the Mililani Golf

Course from SS-Mililani), OR HOTEL, LLC (which was assigned the ground lease

to the Ocean Resort Hotel and took ownership of the improvements on said

leasehold property from SS-Waikiki) and QK HOTEL, LLC (which was assigned

---

[1]    One parcel of real property that was to have been transferred pursuant to the
PSA was not transferred due to a mistake of the parties in drawing up the deed.
That issue is the subject of pending litigation in <u>KG Holdings, LLC, et al. v. Sports
Shinko (Hawaii) Co., Ltd., et al.</u>, Hawaii 2nd Cir. Civil No. 06-1-0233(3)
(complaint filed July 10, 2006), and is not the subject of this third-party complaint.

the ground lease to the Queen Kapiolani Hotel and took ownership of the

improvements on said leasehold property from SS-Waikiki).  The foregoing

limited liability companies, excluding KG Holdings, LLC, are referred to herein as

the "KG Hawaii Companies".

17.    The plaintiffs were aware of, and consented to the execution and

performance of the PSA.

18.    In the complaints, the plaintiffs seek equitable relief and damages,

including exemplary damages, as further alleged in the complaints.  The

complaints are incorporated herein by reference.

19.    Plaintiffs allege they were defrauded by the SS Hawaii Entities by

virtue of the sale of certain of the SS Hawaii Assets to the KG Hawaii Companies,

as more fully set forth in the complaints.

## JURISDICTION AND VENUE

20.    Jurisdiction is proper if plaintiffs' allegations of diversity of

citizenship between the plaintiffs and defendants in these consolidated cases and

the amount in controversy exceeds $75,000 pursuant to 28 USC § 1332, is correct,

and pursuant to principles of supplemental jurisdiction embodied in 28 U.S.C. §

1367.

21.    Venue is proper in this court pursuant to 28 USC § 1391 because the

Third-Party Plaintiffs do business and reside in this district.

## COUNT 1: BREACH OF PSA

22.    The KG Companies repeat and reallege the allegations contained in paragraphs 1 - 21 of this Third-Party Complaint.

23.    In the PSA, SS Hawaii and the SS Hawaii Entities made certain representations and warranties that benefit the KG Companies.

24.    By virtue of the claims asserted by the plaintiffs in the complaints, the SS Hawaii Entities have breached various representations and warranties in the PSA, including the representation and warranty in ¶ 4.1(b) of the PSA.

25.    As a result of said breaches, the KG Companies have been damaged in an amount that will be proven at trial.

## COUNT 2: BREACH OF COVENANTS AND WARRANTIES

26.    The KG Companies repeat and reallege the allegations contained in paragraphs 1 - 25 of this Third-Party Complaint.

27.    In the deeds and assignment of lease instruments transferring the SS Hawaii Assets to the KG Hawaii Companies, covenants and warranties, including covenants of the SS Hawaii Entities' right to sell and convey (or assign) the SS Hawaii Assets, and warranties of title, were made.

28.    By virtue of the claims asserted by the plaintiffs in the complaints, the SS Hawaii Entities have breached the covenants and warranties made in the foregoing deeds and assignments of lease.

29.    As a result of said breaches, the KG Companies have been damaged in an amount that will be proven at trial.

## COUNT 3: INDEMNITY AND CONTRIBUTION

30.    The KG Companies repeat and reallege the allegations contained in paragraphs 1 - 29 of this Third-Party Complaint.

31.    If plaintiffs, or either of them, was injured and/or damaged as alleged in the complaints (or any of the complaints), such injuries and/or damages were caused or proximately resulted from the acts, omissions or other conduct of the SS Hawaii Entities, and the KG Companies are in no way at fault or liable therefore.

32.    If plaintiffs (or either of them) were injured and/or damaged as alleged in the complaints (or any of the complaints), and if the KG Companies, or any of them, are found to be liable for any such injuries and/or damages as alleged, said injuries and/or damages were proximately caused or contributed to by the acts, omissions or other conduct of the SS Hawaii Entities, and the KG Companies are entitled to contribution from the SS Hawaii Entities, and each of them, to the full extent of such liability, and should have recovery over and against the SS Hawaii Entities to the extent of any such recovery in favor of plaintiffs and against the KG Companies.

33.     If plaintiffs, or either of them, are entitled to any recovery against the KG Companies or any of them, the KG Companies, and each of them, should be held harmless and indemnified by the SS Hawaii Entities.

34.     The KG Companies reserve the right to identify and bring claims against additional third-party defendants hereafter.

WHEREFORE the KG Companies pray that judgment be entered against the SS Hawaii Entities as follows:

A.     For damages in an amount to be shown at trial.

B.     For all legal and equitable relief that is just and proper based upon the foregoing claims.

C.     That if it should be determined that the KG Companies, or any of them, are responsible for damages to plaintiffs, or either of them, that the KG Companies obtain judgment against the SS Hawaii entities for such sums as may be required to satisfy plaintiffs herein against the KG Companies.

D.     That if it should be determined that the KG Companies are jointly liable herein, the relative degree of fault of each joint tortfeasor be determined and the KG Companies have judgment against the SS Hawaii Entities for any excess which may be paid by the KG Companies over and above the KG Companies' pro rata share of such judgment.

E.    That if it should be determined that the KG Companies, or any of them, are responsible for damages to plaintiffs (or either of them) and if it be further determined that the KG Companies, or any of them, are entitled to be indemnified, that the KG Companies have judgment accordingly against the SS Hawaii Entities for the amount of such judgment in favor of plaintiffs and that the KG Companies have costs and expenses of defending these suits, including reasonable attorneys' fees, be awarded in their favor and against the SS Hawaii Entities.

F.    That the KG Companies have such other and further relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, January 22, 2007.

/s/ Robert A. Marks
WARREN PRICE III
ROBERT A. MARKS
SIMON KLEVANSKY
ALIKA L. PIPER
CARISA LIMA KA'ALA HEE

Attorneys for Defendants
KG Holdings, LLC, QK Hotel, LLC, OR Hotel, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, Kiahuna Golf Club, LLC and KG Kauai Development, LLC