IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation, <br><br> Plaintiff, <br><br> vs. <br><br> QK HOTEL, LLC, a Hawai`i limited liability company, et al., <br><br> Defendants, <br><br> and <br><br> FRANKLIN K. MUKAI, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> SPORTS SHINKO (USA) CO.; LTD., a Delaware corporation, et al., <br><br> Third-Party Defendants. <br><br>_____ <br><br> SPORTS SHINKO (USA) CO., LTD., a Delaware corporation, | CIVIL NO. CV 04-00124 ACK/BMK <br><br> CONSOLIDATED CASES <br><br> **DECLARATION OF THOMAS HAYES; EXHIBITS "H-1" TO "H-3"** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> CIVIL NO. CV 04-00125 ACK/BMK |

635330_1 / 6850-5

|  |  |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| PUKALANI GOLF CLUB, LLC, a Hawai`i limited liability company, et al., | ) |
| Defendants, | ) |
| and | ) |
| FRANKLIN K. MUKAI, | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| SPORTS SHINKO CO., LTD., a Japan corporation, et al., | ) |
| Third-Party Defendants. | ) |
| SPORTS SHINKO (USA) CO., LTD, a Delaware corporation, | ) CIVIL NO. CV 04-00126 ACK/BMK |
| Plaintiff, | ) |
| vs. | ) |
| KIAHUNA GOLF CLUB, LLC, a Hawai'i limited liability company, et al., | ) |
| Defendants, | ) |
| and | ) |
| FRANKLIN K. MUKAI, | ) |
| Third-Party Plaintiff, | ) |

635330_1 / 6850-5

2

|  |  |
|---|---|
| vs. )<br>)<br>SPORTS SHINKO CO., LTD., )<br>a Japan corporation, et al., )<br>)<br>    Third-Party )<br>    Defendants. )<br>_____) | |
| SPORTS SHINKO CO., LTD., a )<br>Japanese corporation, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>OR HOTEL, LLC, a Hawai`i limited )<br>liability company, )<br>et al., )<br>)<br>    Defendants, )<br>)<br>    and )<br>)<br>FRANKLIN K. MUKAI, )<br>)<br>    Third-Party Plaintiff, )<br>)<br>vs. )<br>)<br>SPORTS SHINKO (USA) CO., )<br>LTD., a Delaware corporation, et )<br>al., )<br>)<br>    Third-Party )<br>    Defendants. )<br>_____) | CIVIL NO. CV 04-00127<br>ACK/BMK |
| SPORTS SHINKO (USA) CO., )<br>LTD., a Delaware corporation, )<br>)<br>    Plaintiff, )<br>) | CIVIL NO. CV 04-00128<br>ACK/BMK |

|  |  |
|---|---|
| vs. | ) |
| MILILANI GOLF CLUB, LLC, a Hawai`i limited liability company, et al., | ) ) ) ) |
| Defendants, | ) ) |
| and | ) ) |
| FRANKLIN K. MUKAI, | ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| SPORTS SHINKO CO., LTD., a Japan corporation, et al., | ) ) ) |
| Third-Party Defendants. | ) ) ) |

## DECLARATION OF THOMAS HAYES

I, THOMAS HAYES, declare as follows:

1. I make this declaration based on personal knowledge and I am competent to testify to the matters set forth below.

2. From August, 2002 to January, 2005, I was retained by Keijiro Kimura, deputy trustee in the bankruptcy proceeding of Sports Shinko Co. (Japan), Ltd. to act as a contact person for Sports Shinko Hawai`i Co. ("SSH") and its subsidiaries Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Mililani) Co., Ltd, Sports Shinko (Pukalani) Co., Ltd., Pukelani STP Co., Ltd., Sports Shinko Resort

Hotel Corp., Sure Transportaton, Inc. Ocean Resort Hotel Corp., and Sports Shinko (Waikiki) Corp. (collectively the "SS Hawai`i Companies") and to perform certain administrative tasks relating to the SS Hawai`i Companies.

3. My specific responsibilities were:

a. Acting as agent for service of process for the SS Hawai`i Companies;

b. Assisting with consolidating and maintaining bank accounts for the SS Hawai`i Companies;

c. Assisting with termination of Sports Shinko (Mililani) Co., Ltd. and Sports Shinko (Waikiki) Corporation 401K plans and assisting with other tax matters for the SS Hawai`i Companies;

d. Assembling and organizing business records of the SS Hawai`i Companies;

e. Acting as an intermediary between the deputy trustee and professionals retained by the Trustee, such as the law firm of Alston Hunt Floyd & Ing and the accounting firm Grant Thornton.

4. To the best of my recollection, I did not carry on any activities for Sports Shinko (USA) Co., Ltd. ("SS USA") (as opposed to the SS Hawai`i Companies).

5. I am informed that my address was used for federal and California tax filings for SS USA in 2003 and 2004. These tax filings were prepared by Grant Thornton and I did not have any role

in their preparation. I do not know why my address was used as SS USA's address in these filings.

6. All the work I performed was under the direction of deputy trustee Kimura, who worked from Osaka, Japan. I understood that all managerial and executive decisions relating to my work were made by Trustee Matsuo Tahara and Mr. Kimura, acting under the authority of the Osaka District Court in Japan.

7. To the best of my knowledge, SS USA did not have any bank accounts in Hawai`i on or around February 2004. The only bank accounts I dealt with were in the name of the SS Hawai`i Companies.

8. To the best of my knowledge, SS USA had no offices, employees, or tangible assets in Hawai`i and did not engage in any publicly visible activity in Hawai`i such as sales, marketing, or manufacturing on or around February 2004.

9. Attached as Exhibit "H-1" to this Declaration are true and correct copies of invoices prepared by me for work I performed during my retention for SSH. These invoices were made and kept in the ordinary course of business at or near the time of the work reflected in the invoices. The invoices accurately reflect the nature and extent of the work I performed for SSH between August 2002 and January 2005.

10. During the above-referenced 30 month period, I billed a total of $14,019.86 for my work (including work by Berit Larsen working under my direction), which amounts to approximately $467 per month or 2.4 hours per month at my billing rate of $195 per hour.

11. Attached as Exhibit "H-2" to this Declaration is a true and correct copy of my retention agreement with deputy trustee Kimura for SSH dated August 8, 2002. As my retention evolved over time, I did not engage in the activities contemplated by this retention agreement. Rather, my duties were of an administrative nature, as described above and in the invoices attached as Exhibit "H-1."

12. Attached as Exhibit "H-3" to this Declaration is a check I received from SS Hawai'i that includes payment for, among other things, the work reflected in the invoices for March 1, 2003 through January 21, 2005 included as part of Exhibit "H-1."

*I swear that the foregoing is true under penalties of perjury of the United States of America.*

EXECUTED:   Honolulu, Hawai'i, January 25, 2007.

/s/ Thomas Hayes
THOMAS HAYES