Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                1126-0
GLENN T. MELCHINGER        7135-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai‘i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Email:  gtm@ahfi.com

Attorneys for Plaintiffs
and Third-Party Defendants,
the SS Companies

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>QK HOTEL, LLC, a Hawai‘i limited liability company, et al.,<br><br>       Defendants,<br><br>   and | CIVIL NO. CV 04-00124 ACK/BMK<br><br>CONSOLIDATED CASES<br><br>PLAINTIFFS AND THIRD-PARTY DEFENDANTS THE SPORTS SHINKO COMPANIES' **MEMORANDUM IN OPPOSITION TO (1) MOTION FOR** *(caption cont'd on next page)*<br>Hearing Date:<br>Date:    February 2, 2007<br>Time:    1:45 PM<br>Judge:  Hon. Barry M. Kurren |

| | |
|---|---|
| FRANKLIN K. MUKAI, | **PRETRIAL CONFERENCE AND TO MODIFY STIPULATED PROTECTIVE ORDER, FILED ON JANUARY 16, 2007, AND (2) SUBSTANTIVE JOINDER FILED JANUARY 17, 2007**; DECLARATION OF GLENN T. MELCHINGER; EXHIBIT "A"; CERTIFICATE OF SERVICE |

FRANKLIN K. MUKAI,

     Third-Party Plaintiff,

   vs.

SPORTS SHINKO (USA) CO., LTD., a Delaware corporation, et al.,

     Third-Party Defendants,

   and

SPORTS SHINKO (HAWAII) CO., LTD., a Hawai`i corporation, et al.,

     Third-Party Defendants/ Counterclaimants,

     vs.

QK HOTEL, LLC, a Hawai`i limited liability company, et al.,

     Third-Party Counterclaim Defendants.

_____

SPORTS SHINKO (USA) CO., LTD., a Delaware corporation,

     Plaintiff,

CIVIL NO. CV 04-00125 ACK/BMK

vs.                                        )
                                           )
                                           )
PUKALANI GOLF CLUB, LLC,                   )
a Hawai`i limited liability                )
company, et al.,                           )
                                           )
        Defendants,                        )
                                           )
    and                                    )
                                           )
FRANKLIN K. MUKAI,                         )
                                           )
        Third-Party Plaintiff,             )
                                           )
    vs.                                    )
                                           )
SPORTS SHINKO CO., LTD.,                   )
a Japan corporation, et al.,               )
                                           )
        Third-Party                        )
        Defendants,                        )
                                           )
    and                                    )
                                           )
SPORTS SHINKO CO., LTD.,                   )
a Japan corporation, et al.,               )
                                           )
        Third-Party Defendants/            )
        Counterclaimants,                  )
                                           )
    vs.                                    )
                                           )
PUKALANI GOLF CLUB, LLC,                   )
a Hawai`i limited liability                )
company, et al.,                           )
                                           )

Third-Party Counterclaim )
Defendants. )
_____ )
)
SPORTS SHINKO (USA) CO., )          CIVIL NO. CV 04-00126
LTD, a Delaware corporation, )                 ACK/BMK
)
        Plaintiff, )
)
    vs. )
)
KIAHUNA GOLF CLUB, LLC, )
a Hawaiʻi limited liability )
company, et al., )
)
        Defendants, )
)
    and )
)
FRANKLIN K. MUKAI, )
)
        Third-Party )
        Plaintiff, )
)
    vs. )
)
SPORTS SHINKO CO., LTD., )
a Japan corporation, et al., )
)
        Third-Party )
        Defendants, )
)
    and )
)
)
)
)

SPORTS SHINKO (HAWAII) CO., )
LTD., a Hawai`i corporation, )
et al., )
)
    Third-Party Defendants/ )
    Counterclaimants, )
)
    vs. )
)
KIAHUNA GOLF CLUB, LLC, )
a Hawai`i, limited liability )
company, et al., )
)
    Third-Party Counterclaim )
    Defendants. )
_____ )
)
SPORTS SHINKO CO., LTD., )   CIVIL NO. CV 04-00127
a Japanese corporation, )         ACK/BMK
)
      Plaintiff, )
)
    vs. )
)
OR HOTEL, LLC, a Hawai`i )
limited liability company, )
et al., )
)
      Defendants, )
)
    and )
)
FRANKLIN K. MUKAI, )
)
      Third-Party Plaintiff, )
)
    vs. )

SPORTS SHINKO (USA) CO., )
LTD., a Delaware corporation, et )
al., )
                                  )
        Third-Party              )
        Defendants,              )
                                  )
    and                          )
                                  )
SPORTS SHINKO (HAWAII) CO., )
LTD., a Hawai`i corporation, )
et al., )
                                  )
    Third-Party Defendants/      )
    Counterclaimants,            )
                                  )
    vs.                          )
                                  )
OR HOTEL, LLC, a Hawai`i )
limited liability company, )
et al., )
                                  )
    Third Party Counterclaim     )
    Defendants.                  )
_____ )
                                  )
SPORTS SHINKO (USA) CO., )    CIVIL NO. CV 04-00128
LTD., a Delaware corporation, )       ACK/BMK
                                  )
        Plaintiff,               )
                                  )
    vs.                          )
                                  )
MILILANI GOLF CLUB, LLC, )
a Hawai`i limited liability )
company, et al., )
                                  )

Defendants,                    )
                               )
        and                    )
                               )
FRANKLIN K. MUKAI,             )
                               )
              Third-Party Plaintiff,   )
                               )
        vs.                    )
                               )
SPORTS SHINKO CO., LTD.,       )
a Japan corporation, et al.,   )
                               )
              Third-Party      )
              Defendants,      )
                               )
        and                    )
                               )
SPORTS SHINKO (HAWAII) CO.,    )
LTD., a Hawaii corporation,    )
et al.,                        )
                               )
        Third-Party Defendants/   )
        Counterclaimants,      )
                               )
        vs.                    )
                               )
MILILANI GOLF CLUB, LLC,       )
a Hawai`i limited liability    )
company, et al.,               )
                               )
        Third-Party Counterclaim   )
        Defendants.            )
_____)

**PLAINTIFFS AND THIRD-PARTY DEFENDANTS
THE SPORTS SHINKO COMPANIES' MEMORANDUM IN
OPPOSITION TO (1) MOTION FOR PRETRIAL CONFERENCE
AND TO MODIFY STIPULATED PROTECTIVE ORDER,
FILED ON JANUARY 16, 2007, AND (2) SUBSTANTIVE
JOINDER FILED JANUARY 17, 2007**

Plaintiffs and Third-Party Defendants SPORTS SHINKO

CO., LTD., SPORTS SHINKO (USA) CO., LTD., SPORTS SHINKO

(HAWAII) CO., LTD., SPORTS SHINKO (MILILANI) CO., LTD.,

SPORTS SHINKO (KAUAI) CO., LTD., SPORTS SHINKO (PUKALANI)

CO., LTD., SPORTS SHINKO RESORT HOTEL CORPORATION,

SPORTS SHINKO (WAIKIKI) CORPORATION, and OCEAN RESORT

HOTEL CORPORATION (collectively, the "**SS Companies**") hereby

oppose: (a) the KG Defendants' Motion For Pretrial Conference and

to Modify Stipulated Protective Order, Filed January 16, 2007 (the

"Motion"); and (b) the Substantive Joinder in the Motion filed by

Defendant Mukai on January 17, 2007.  This Court's January 25,

2005 Stipulated Protective Order is hereinafter referred to as the

"SPO".

## I.    INTRODUCTION

The SS Companies will, of course, live within the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).  However, the Defendants' proposed form of Stipulated Protective Order (the "Proposed SPO") would place burdens on the SS Companies in excess of anything that common sense and *Kamakana* require.  The SS Companies reject the exposure that the Proposed SPO would create.

Specifically, if any Defendant simply *disagrees* with the SS Companies about any designation of any discovery materials as "confidential" for the purpose of discovery, the Proposed SPO would force the SS Companies to file motions within only seven (7) days of the disagreement to protect discovery materials that may never be directly pertinent to the litigation or used in motions or at trial. *See* Ex. "A" to Melchinger Decl. attached hereto (redline of SPO and Proposed SPO provided by Defendant Mukai) at ¶ 8.  In short, the Proposed SPO could cause a lot of costly make-work when none of the interests implicated by *Kamakana* is even at issue.

The Motion must be denied and the existing SPO should

remain in effect because:

1. *Kamakana*, the *only* authority Defendants offer to justify modifying the SPO, does not support the proposed modifications.

2. The Proposed SPO will likely result in needless motion practice and burdens on the SS Companies and this Court.

3. The KG Defendants already agreed to the SPO and, Defendant Mukai has an ongoing duty to keep the SS Companies information confidential. *See* Prof. R. Responsibility R. 1.6.

## II.  ARGUMENT

### A.  *Kamakana* Does Not Justify the Proposed Modifications.

The KG Defendants' ignore a key distinction between

(a) discovery materials that are not filed with the Court[1] and sealed

documents attached to non-dispositive motions, to which

*Kamakana* **does not** apply, and (b) dispositive motions and exhibits

filed with the Court, to which *Kamakana* does apply.  *See*

*Kamakana*, 447 F.3d at 1179 (citing *Phillips v. General Motors Corp.*,

---

[1] *See* Fed. R. Civ. Pr. Rule 5(d)(discovery requests and responses listed "must not be filed until they are used in the proceeding or the court orders filing").

307 F.3d 1206, 1213 (9th Cir. 2002)(no presumption of right of public access to sealed discovery documents attached to *non-dispositive* motion)).

As of the filing of the Motion, the parties had resolved all issues regarding confidentiality of exhibits submitted in connection with dispositive motions in these cases.  Thus, the Motion raises issues in the abstract.  The Proposed SPO purports to govern confidentiality claims as to *all* the documents produced or disclosed by the parties, including *all* discovery materials.  The Proposed SPO gives the Defendants the ability to easily create needless disputes regarding "confidentiality" of discovery materials, whether they will ever be "used in the proceeding" or not.  Fed. R. Civ. Pr. 5(d).

*Kamakana* suggests, but does not require, adopting a simple method to give any party/ies claiming protection under the SPO notice and an opportunity to protect their confidential information when an opposing party seeks to file that information in Court as part of a dispositive motion (or to use the documents at trial).  That mechanism already exists.

### 1. Discovery Materials Are Not Subject to A Right of Public Access.

The first purpose of, and intent behind, the SPO was "to expedite the flow of discovery materials" while protecting confidential information from disclosure. *See* Mot. at Ex. "1" & "4" (SPO and the Proposed SPO preambles). The SS Companies relied on the protections of the SPO in producing its documents. The U.S. Supreme Court has expressly stated that *discovery materials and information* exchanged by the parties, but not filed with the Court, are <u>not</u> subject to a public right of access (in contrast to documents filed with the court, such as those addressed in *Kamakana*).

> [P]retrial depositions and interrogatories are not public components of a civil trial. Such proceedings were not open to the public at common law... and, in general, they are conducted in private as a matter of modern practice. ... Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action. Therefore, restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information.

Seattle *Times Co. v. Rhinehart*, 467 U.S. 20, 23 (1984) (internal citations omitted).

Thus, *Kamakana* provides no grounds to modify the SPO so as to require the parties to move to protect (upon pain of waiver) *even* discovery materials (as distinguished from information attached to dispositive motions) because such information is not subject to public access in the first instance. *Id.*

### 2. *Kamakana* Does Not Justify The Scope of the Modifications in the Proposed SPO.

*Kamakana* held that the party claiming a document was "confidential" had to show "compelling reasons" to keep that information from a newspaper that had intervened in the action to seek access to information and exhibits in a ***dispositive pleading***. *Kamakana*, 447 F.3d at 1178-79. Here, however, no party has intervened to seek public access to *any* documents in this case. No document attached to any dispositive pleading is presently at issue. Further, to the contrary, the Defendants have agreed to and are bound by obligations to keep the SS Companies' information confidential.[2] *See* Section C, below.

---

[2] The SS Companies have sought to obtain Defendant Mukai's signature on the existing SPO or a statement that he agreed to be bound by it. Melchinger Decl. at ¶ 4. Rather than provide any assurance, Defendant Mukai has refused to respond. *Id.*

The KG Defendants complain about the "burden" of
having to move to protect the confidential information of the SS
Companies.  Mot. at Decl. of R. Marks.  In response, the SS
Companies note: (1) the SS Companies also moved to protect
private financial information of the KG Defendants' principals in
February, 2006; (2) the SS Companies did not ask the KG
Defendants to take any action to protect the SS Companies'
confidential information; and (3) the KG Defendants simply had to
forward copies of any confidential exhibits to the SS Companies
and request that the SS Companies move to seal them after any
motion was finalized.  The KG Defendants complain of a self-
inflicted "burden" that is both overblown and unrelated to the SPO.

**B.   The Proposed SPO Will Likely Result in Needless
Motion Practice and Burdens on the SS Companies
and This Court.**

As the KG Defendants note, the "vast majority" of the
documents and information designated as "confidential" under the
SPO belongs to the SS Companies.  Mot. at 11.  Under the Proposed
SPO attached to the Motion, if the Defendants object to the
designation of any document (or hundreds, or thousands of pages)

-14-

and refuse to agree it is confidential, the SS Companies would have only seven days to file to protect their confidential information, no matter how much material any Defendant may complain about. Mot. at Ex. "4" (Proposed SPO) at ¶ 8.

The Proposed SPO would require this procedure even for discovery materials that may be unrelated, or only tangentially related, to the underlying cause of action. The consequences of failing to move are severe: confidentiality will be waived. Mot. at Ex. "4" at ¶ 8. Ostensibly, this Court would have to review *in camera* each and every bit of information challenged to judge whether it is "confidential" or not, regardless of whether it will see the light of trial, or be part of a dispositive motion (the touchstone of *Kamakana*).

The only justification offered for these needless procedures, burdens and modifications is the *Kamakana* case. *See* Mot. at 10-11. However, nothing in *Kamakana* requires this procedure as to documents not filed with the Court. Indeed, *Rhinehart* provides the opposite--that discovery materials are not subject to scrutiny in the first instance. 467 U.S. at 23.

The documents that have been made available to defendants under the protection of the SPO are subject to a number of different protections, including recently enacted Hawai`i and Japan privacy laws, that protect third party information from disclosure, as well as tax return information and financial information that is not part of the public domain.

The procedures under the Proposed SPO create exposure for the SS Companies both in terms of loss of confidentiality of their information, and in terms of fees and costs that will be incurred to protect discovery materials and information that may not even be used at trial. The proposed procedures would not advance these cases in the least.

### C. The KG Defendants Already Agreed to the SPO; Defendant Mukai Has an Ongoing Duty to Keep the SS Companies' Information Confidential.

The KG Defendants agreed to the procedure for objecting to confidentiality designations in the SPO filed January 25, 2005 and the Court ordered that the KG Defendants, the SS Companies, and all later-joined parties would be bound by that SPO. *See* Mot. at Ex. "1" and ¶ 12. The existing SPO simply states the objecting

party "may seek modification" of a confidentiality designation.
Mot. at Ex. "1" ¶ 9. This is sufficient, and there is no reason for the
Court to modify the SPO mid-stream in the litigation.

*Kamakana* may place the burden of showing a
"compelling reason" to seal information that is part of a dispositive
motion on the party asserting its confidentiality, but such a burden
of proof does *not* mean, and *Kamakana* did not hold, that the party
asserting confidentiality must file a motion, raise the issue of
confidentiality, or initiate a dispute (especially one that is needless)
about the confidentiality of any specific document or information.
Requiring the party objecting to "confidentiality" to seek
modification provides some protection against frivolous objections
to designations of discovery materials and other information that is
not central to the litigation.

Although Defendant Mukai, as a former fiduciary, should
be seeking to honor the SS Companies' desire to protect their
information, he is doing the opposite. Defendant Mukai acted as
the attorney for the SS Companies for some 15 years and, as such,
has a duty under Rule 1.6 of the Hawai`i Rules of Professional

Conduct to maintain the confidentiality of his former clients'
information. *See General Dynamics Corp. v. Superior Court,*
876 P.2d 487, 504 (Cal. 1994)("it is never the business of the
lawyer to disclose publicly the secrets of the client"; discussing
"array" of protective devises courts may employ to protect
confidential information while allowing a fiduciary to put on proof);
*Burkhart v. Semitool Inc.,* 5 P.3d 1031, 1041 (Mont. 2000)("the
lawyer must make every effort practicable to avoid unnecessary
disclosure of information relating to a representation, to limit
disclosure to those having a need to know it, and to obtain
protective orders or make other arrangements minimizing the risk
of disclosure"); *Siedle v. Putnam Inv. Inc.,* 147 F.3d 7, 14 (1st Cir.
1998)(ability to disclose client confidences functions as a shield, not
a sword).  The SS Companies have not consented to disclosure of
their financial and other information.

Defendant Mukai's attempt to modify the SPO to create a
procedure whereby his former clients could potentially suffer waiver
of the confidentiality even of discovery materials that are tangential

or not involved in this litigation violates the requirements of Rule of

Professional Conduct 1.6, under which:

> disclosure [of confidential information] should be no
> greater than the lawyer reasonably believes is necessary
> to vindicate innocence, [and] the disclosure should be
> made in a manner which *limits access to the information
> to the tribunal or other persons having a need to know it,*
> and appropriate *protective orders* or other arrangements
> *should be sought to by the lawyer to the fullest extent
> practicable.*

Comment 17 to Haw. R. Prof. Cond. 1.6. As stated by the Supreme

Court of Utah:

> [I]t remains the attorney's duty to minimize disclosures.
> While trial courts possess broad protective powers, any
> disclosures made by the attorney that are not reasonably
> necessary to the claim may still subject that attorney to
> professional discipline or litigation sanctions; a trial
> court's failure to prevent improper disclosure will not be
> a safe harbor....

*Spratley v. State Farm Mutual Automobile Ins. Co.*, 78 P.3d 603, 610

(Utah 2003). *Cf. Finley v. Home Ins. Co.*, 90 Hawai`i 25, 34, 975

P.2d 1145, 1154 (1998)("We require attorneys to follow the

mandates of the HRPC."). The Proposed SPO advanced by

Defendant Mukai conflicts with his obligations under this rule by

creating the risk of greater disclosure than necessary.

Lastly, the modification sought by Defendant Mukai in his January 17, 2007 substantive joinder is needless and also not justified by *Kamakana*. Any insurer or attorneys for the insurers need only sign the Ex. "A" to the existing SPO and review the necessary documents on a need-to-know basis.

## III.    CONCLUSION

The SS Companies have no objections to establishing a reasonable procedure/protocol that: (a) requires a party who files a *dispositive* motion to give advance or contemporaneous notice of the confidential information they seek to file with the Court that is contained in, or attached to, any dispositive motion (namely, a motion under Fed. R. Civ. Pr. 12 or 56); and (b) allows a reasonable time for the party/ies seeking protection under the SPO to file a motion to protect from disclosure that document or information.

However, for the foregoing reasons, the SS Companies request the Motion be denied.

DATED:    Honolulu, Hawai`i, January 26, 2007.

_/S/ Glenn Melchinger_
PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Plaintiffs
and Third-Party Defendants,
the SS Companies