Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

| | |
|---|---|
| PAUL ALSTON | 1126-0 |
| GLENN T. MELCHINGER | 7135-0 |
| JASON H. KIM | 7128-0 |

American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i  96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Email:  gtm@ahfi.com

Attorneys for Plaintiffs
and Third-Party Defendants
the Sports Shinko Companies

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., | CV 04-00124 ACK-BMK |
| | CV 04-00125 ACK-BMK |
| Plaintiff, | CV 04-00126 ACK-BMK |
| | CV 04-00127 ACK-BMK |
| vs. | CV 04-00128 ACK-BMK |
| QK HOTEL, LLC, et al., | CONSOLIDATED CASES |
| Defendants, | **SPORTS SHINKO (USA) CO. LTD.'S SUPPLEMENTAL MEMORANDUM RE: PLAINTIFFS AND THIRD-PARTY DEFENDANTS SPORTS SHINKO COMPANIES' MEMORANDUM** |
| and | |
| FRANKLIN K. MUKAI, et al., | |

638,859 / 6850-5

| | | |
|---|---|---|
| Third-Party Plaintiffs, | ) | **IN OPPOSITION TO DEFENDANTS KG HOLDINGS, LLC, QK HOTEL, LLC, OR HOTEL, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, KIAHUNA GOLF CLUB, LLC AND KG KAUAI DEVELOPMENT, LLC'S MOTION TO DISMISS CV. NOS. 04-00125 ACK-BMK, 04-00126 ACK-BMK AND 04-00128 ACK-BMK FOR LACK OF SUBJECT MATTER JURISDICTION, FILED NOVEMBER 16, 2006; SUPPLEMENTAL DECLARATION OF STEVE IWAMURA; SECOND SUPPLEMENTAL DECLARATION OF GLENN T. MELCHINGER; EXHIBITS "M-7" – "M-10";** *[DECLARATION OF DOREEN GRIFFITH; EXHIBITS "G-1" - "G-7" - FILED UNDER SEAL];* **CERTIFICATE OF SERVICE** |
| vs. | ) | |
| SPORTS SHINKO (USA) CO., LTD., et al., | ) | |
| Third-Party Defendants, | ) | |
| and | ) | |
| SPORTS SHINKO (HAWAII) CO., LTD., et al., | ) | |
| Third-Party Defendants/ Counterclaimants, | ) | |
| vs. | ) | |
| QK HOTEL, LLC, et al., | ) | |
| Third-Party Counterclaim Defendants. | ) | |
| AND CONSOLIDATED CASES | ) | |

DATE:   February 12, 2007
TIME:   9:30 a.m.
JUDGE:  Alan C. Kay

**SPORTS SHINKO (USA) CO. LTD.'S SUPPLEMENTAL MEMORANDUM RE: PLAINTIFFS AND THIRD-PARTY DEFENDANTS SPORTS SHINKO COMPANIES' MEMORANDUM IN OPPOSITION TO DEFENDANTS KG HOLDINGS, LLC, QK HOTEL, LLC, OR HOTEL, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, KIAHUNA GOLF CLUB, LLC AND KG KAUAI DEVELOPMENT, LLC'S MOTION TO DISMISS CV. NOS. 04-00125 ACK-BMK, 04-00126 ACK-BMK AND 04-00128 ACK-BMK FOR LACK OF SUBJECT MATTER JURISDICTION, FILED NOVEMBER 16, 2006**

## I.   INTRODUCTION

Plaintiffs and Third-Party Defendants SPORTS SHINKO CO., LTD., SPORTS SHINKO (USA) CO., LTD., SPORTS SHINKO (HAWAII) CO., LTD., SPORTS SHINKO (MILILANI) CO., LTD., SPORTS SHINKO (KAUAI) CO., LTD., SPORTS SHINKO (PUKALANI) CO., LTD., SPORTS SHINKO RESORT HOTEL CORPORATION, SPORTS SHINKO (WAIKIKI) CORPORATION, and OCEAN RESORT HOTEL CORPORATION (collectively, the "SS Companies"), by and through their attorneys, Alston Hunt Floyd & Ing, hereby submit this supplemental memorandum with supporting declarations and exhibits in further opposition to Defendants KG Holdings, LLC, QK Hotel, LLC, OR Hotel, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, Kiahuna Golf Club, LLC and KG Kauai Development, LLC's Motion to Dismiss CV. Nos. 04-

00125 ACK-BMK, 04-00126 ACK-BMK and 04-00128 ACK-BMK for Lack of Subject Matter Jurisdiction, filed November 16, 2006.

This Court requested this submission to respond to various issues raised at the hearing on the motion to dismiss on February 12, 2007.  In summary:

- *Exhibit 11:* The 2003 consolidated tax return for Sports Shinko (USA) Co. Ltd. ("SS USA") (the first page of which was attached as Exhibit 11 to the KG Defendants' motion to dismiss) shows that SS USA had an insubstantial amount of assets (other than investment in subsidiaries) and income in 2003 and does not provide any evidence that SS USA was engaged in any business activity in Hawai`i when these lawsuits were filed;

- *Exhibit 29:* The Wells Fargo bank account referenced in the statement attached as Exhibit 29 to the KG Defendants' reply memorandum does not provide any evidence that SS USA was engaged in any business activity in Hawai`i when these lawsuits were filed and the account has no connection at all to Hawai`i;

- *Maui Litigation:* Litigation in Maui relating to title to a parcel of real property that the KG Defendants allege was intended to be conveyed to them in 2002 is irrelevant to whether Hawai`i was the principal place of business of SS USA at the time these lawsuits were filed; and

- *Exhibit M-2*: SS USA was not registered to do business in Hawai`i in 2002 or 2003.

638,859 / 6850-5

-4-

## II.   2003 FEDERAL TAX RETURN (EXHIBIT 11)

The 2003 SS USA consolidated federal tax return (the first page of which was attached as Exhibit 11 to the KG Defendants' motion to dismiss) does not show any business activity of SS USA in Hawai`i – or anywhere else for that matter. Because the return was filed on a consolidated basis, it combines financial information from SS USA and 13 subsidiaries. Declaration of Doreen Griffith (filed separately under seal) at ¶ 2; Ex. G-1 (listing subsidiaries).

As shown in the detailed schedules filed with that return and Ms. Griffith's declaration, the assets of SS USA (as opposed to its subsidiaries) as of the end of the 2003 tax year consisted of the following: (1) cash; (2) a small amount for "other current assets"; (3) a small amount for "buildings and other depreciable assets" (less depreciation); and (4) a substantial amount for "other assets." Ex. G-2.[1]   The "other assets" is "investment in subsidiaries."

---

[1] To protect SS USA's confidential tax information, this memorandum does not reference specific figures. Ms. Griffith's declaration and the accompanying exhibits – to be filed under seal – provide the specific figures that correspond to the above discussion.

Ex. G-3. The "other current assets" is "prepaid assets." Ex. G-4.[2]

The majority of the assets listed in the consolidated return were held by SS USA's direct and indirect subsidiaries. Ex. G-2 at Total Assets line; *Danjaq, S.A. v. Pathe Communications Corp.*, 979 F.2d 772, 775 (9th Cir. 1992) (activities of subsidiaries are not considered in determining parent's principal place of business). "Investment in subsidiaries" held by Sports Shinko (Hawai`i) Co., Ltd. and Sports Shinko Resort Hotel Corporation account for over half of the total consolidated assets. Ex. G-5. Combined with the investment in subsidiaries listed for SS USA, close to 95% of the assets of SS USA and its subsidiaries is investments in subsidiaries.

The return also shows a figure for "Cost of goods sold." Ex. 11 to Plaintiff's motion. This entire amount consists of inventory that Sports Shinko Florida Co., Ltd. had on hand at the

---

[2] "Prepaid assets" refers to expenses paid and recorded before they are used, such as insurance and rent. Griffith Dec. at ¶ 6.

beginning of 2003 that was treated as an expense for tax purposes a the end of 2003.  Ex. G-6.[3]

Finally, the return lists a combined income for SS USA and its subsidiaries of a few hundred thousand dollars, almost all of which is interest income.  Ex. 29 at line 11 and line 5.  Of this combined income, SS USA earned only an insubstantial amount, all of which was interest income.  Ex. G-6; Griffith Dec. at ¶ 8.

### III.   WELLS FARGO ACCOUNT (EXHIBIT 29)

The statement for the SS USA Wells Fargo bank account ("Account") attached as Exhibit 29 to the KG Defendants' reply memorandum does not reflect any business activity for SS USA other than winding up and has no connection to Hawai`i.  The Account was established by SS USA in June 2002 to fund a stand-by letter of credit in connection with a settlement by SS-USA with ING, a financial institution that had lent money to the Sports Shinko Florida subsidiaries that filed for bankruptcy as described

---

[3] Sports Shinko Florida Co. filed for bankruptcy on February 29, 2002.  The bankruptcy is still pending.  Exhibit M-7 to attached Second Supplemental Declaration of Glenn Melchinger ("2nd Supp. Melchinger Dec.") (PACER docket for Florida bankruptcy proceeding).

above. Supplemental Declaration of Steve Iwamura at ¶ 3. SS-USA was a guarantor of those loans. *Id.*

The Account was funded from another Wells Fargo account held in the name of La Costa Hotel & Spa Corp., a subsidiary of SS USA that had, until November 2001, owned a resort in Carlsbad, California. *Id.* at ¶ 4. Because of the connection to the La Costa account, the Account was opened at a Wells Fargo branch in Southern California. *Id.* The Account was closed in June, 2004 and the balance transferred back to the La Costa account. *Id.* at ¶ 7.

The address on the Account is 848 Deer Mountain, Harpers Ferry, West Virginia 25425, which is Lucinda Brown's home address. Iwamura Dec. at ¶ 5. Although Ms. Brown received the statements for the Account in West Virginia, Deputy Trustee Kimura exercised ultimate authority over the Account from Japan. *Id.* at ¶ 6.

The Account has no connection to Hawai`i. Indeed, the facts that the Account was (1) opened in connection with a Florida property; (2) derived from an account for a property in California;

(3) maintained from West Virginia; and (4) controlled from Japan supports SS USA's contention that its business activities, such as they were, occurred in several locations and that Hawai`i was not SS USA's principal place of business.

### IV. MAUI LITIGATION

Two of the Defendants in this action, KG Holdings, LLC and KG Maui Development, LLC (collectively "Maui Plaintiffs" ) are plaintiffs in a lawsuit against Sports Shinko (Hawai`i) Co., Ltd. and Sports Shinko (Pukalani) Co., Ltd. (collectively "Maui Defendants") in the Circuit Court of the Second Circuit in the State of Hawai`i. Ex. M-8 (First Amended Complaint in Civ. No. 06-1-02333 (3)). The Maui litigation arises out of the same transaction that is the subject of these lawsuits. *Id.* at ¶ 12. SS USA is not a party to the Maui litigation. *Id.* at p. 1.

The Maui Plaintiffs contended that, due to a drafting error, a parcel of land held for development on Maui by Sports Shinko (Pukalani) Co., Ltd. was not deeded to them, although the parcel was purportedly included in the Purchase and Sale Agreement. *Id.* at ¶¶ 20-27. The Maui Defendants, on the other

hand, contended that they have no obligation to correct the deed in light of the claims pending in this Court that the underlying transaction was fraudulent and otherwise improper.

On February 21, 2007, the Circuit Court granted the Maui Plaintiffs' motion for summary judgment to the extent that the Maui Defendants (or in the alternative the clerk) must execute a correction deed to transfer title to the parcel omitted from the original January 2002 deed. 2nd Supp. Melchinger Dec. at ¶ 6. The subject parcel, however, is to be subject to this litigation and the court stated that these Federal lawsuits are not to be affected in any way by the order granting summary judgment. *Id.* In short, the Court made the dispute to title to the Maui parcel subject to the claims and defenses of the parties to these consolidated cases.

The fact that one of SS USA's subsidiaries had legal title to the disputed parcel provides no basis for concluding that Hawai`i was SS USA's principal place of business at the time these lawsuits were filed for at least two reasons. First, a subsidiary's activities may not be considered in determining the parent's principal place of business. *Danjaq, S.A.,* 979 F.2d at 775. SS USA is not even a

party to the Maui litigation.  Second, there is no evidence of any business activity relating to the disputed parcel other than the litigation.  Indeed, the disputed parcel is not listed as an asset of Sports Shinko (Pukalani) Co., Ltd, in SS USA's 2003 consolidated federal tax return.  Griffith Dec. at ¶ 11.

**V.     HAWAI`I REGISTRATION (EXHIBIT M-2)**

As has already been proven, SS USA was not registered with the Hawai`i Department of Commerce and Consumer Affairs to do business in Hawai`i in 2004, the year these cases were filed.  Ex. M-2 to Melchinger Dec. filed January 25, 2007.  The same was true for 2002 and 2003.  Exs. M-9 – M-10 to 2nd Supp. Melchinger Dec.

**VI.    CONCLUSION**

None of the additional information requested by the Court establishes that Hawai`i was SS USA's principal place of business when these lawsuits were filed.  To the contrary, it is further evidence that:  (1) SS USA was inactive and not engaged in any business activity other than winding up its affairs; (2) SS USA's activities – such as they were – occurred in Japan and West

Virginia; and (3) winding up activities occurred with respect to formerly-owned properties in Florida and California, in addition to formerly-owned properties in Hawai`i.

DATED: Honolulu, Hawai`i, February 22, 2007.

/s/ Glenn T. Melchinger
PAUL ALSTON
GLENN T. MELCHINGER
JASON H. KIM

Attorneys for Plaintiffs and
Third-Party Defendants the
SS Companies