IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., <br>     Plaintiff, <br> vs. <br> QK HOTEL, LLC, et al., <br>     Defendants, <br> and <br> FRANKLIN K. MUKAI, <br>     Third-Party Plaintiff, <br> vs. <br> SPORTS SHINKO (USA) CO., LTD., et al., <br>     Third-Party Defendants, <br> and <br> SPORTS SHINKO (HAWAII) CO., LTD., et al., <br>     Third-Party Defendants/ <br>     Counterclaimants, <br> vs. <br> QK HOTEL, LLC, et al., <br>     Third-Party Counterclaim Defendants. <br> AND CONSOLIDATED CASES | CV 04-00124 ACK-BMK <br> CV 04-00125 ACK-BMK <br> CV 04-00126 ACK-BMK <br> CV 04-00127 ACK-BMK <br> CV 04-00128 ACK-BMK <br><br> CONSOLIDATED CASES <br><br> DECLARATION OF <br> ROBERT A. MARKS |

<u>DECLARATION OF ROBERT A. MARKS</u>

Pursuant to 28 U.S.C. § 1746, ROBERT A. MARKS states as follows:

1.    I am an attorney licensed to practice law before this court.

2. I am counsel for the following defendants in the captioned consolidated actions: Kiahuna Golf Club, LLC, KG Kauai Development, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, QK Hotel, LLC, OR Hotel, LLC, and KG Holdings, LLC (collectively, "KG Parties").

3. Attached and marked Exhibit 31 is a true and correct copy of documents number marked GT032819, GT032823 and GT032827. These documents were produced by Grant Thornton, LLP, the auditors of SS-USA, pursuant to subpoena issued by the KG Parties in this litigation. These pages are all part of SS-USA's consolidated 2003 income tax return, the cover sheet of which was previously marked as Exhibit 11 to KG's Motion to Dismiss the SS-USA cases filed on November 16, 2006. The KG Parties have marked this exhibit with red markings to emphasize certain aspects of the exhibit.

4. Attached and marked Exhibit 32 is a true and correct copy of the document attached as Exhibit G-3 to the Sports Shinko Company's supplemental memorandum filed under seal herein on February 22, 2007. The KG Parties have marked this exhibit with red markings to emphasize certain aspects of the exhibit.

5. Attached and marked Exhibit 33 is a true and correct copy of the following documents produced in discovery in this litigation: 1) a document number marked 256 0258, produced by the SS Parties in discovery; 2) a document

number marked CB001238, which was produced by Lucinda Brown pursuant to subpoena issued by the KG Parties in this litigation. The KG Parties have marked this exhibit with red markings to emphasize certain aspects of the exhibit.

6. Attached and marked Exhibit 34 is a true and correct copy of the following excerpts from the Plaintiffs' Response to Defendants OR Hotel, LLC and Mililani Golf Club LLC's First Request for Admissions; First Request for Answers to Interrogatories; and First Request for Production of Documents to Plaintiffs Sports Shinko Co., Ltd. and Sports Shinko (USA) Co., Ltd., submitted to the KG parties in these consolidated lawsuits: caption, p. 16, p. 46 (signature page of counsel dated May 13, 2005), and separate signature pages for Sports Shinko Co., Ltd. and Sports Shinko (USA) Co., Ltd. This pleading was served upon me as counsel for the KG Parties in these consolidated lawsuits by Glenn Melchinger, one of the attorneys for the SS Companies, on or about May 14, 2005. The KG Parties have marked this exhibit with red markings to emphasize certain aspects of the exhibit.

7. Attached and marked Exhibit 35 are true and correct copies of the following documents: 1) an e-mail I sent to Glenn Melchinger, attorney for the SS Parties in these consolidated actions and attorney for the SS Parties in <u>KG Holdings, LLC, et al. v. Sports Shinko (Hawaii ) Co., Ltd., et al.</u>, Hawaii 2nd Cir., Civil No. 06-1-0233(3) ("the Maui litigation") on September 12, 2006, and 2)

excerpts of the transcript of proceedings in the Maui litigation before the Honorable Joseph Cardoza on October 18, 2006. The KG Parties have marked this exhibit with red markings to emphasize certain aspects of the exhibit.

8. The Maui litigation was aggressively defended by the SS Parties, even though SS conceded the land in controversy was not conveyed to the KG Parties only due to a mistake in the deed (Ex. 34 hereto), and even though the KG Parties agreed that once the land was conveyed to KG, the land would be subject to SS's federal claims. (Ex. 35 hereto). Because of SS's unwillingness to resolve this minor dispute on reasonable terms, three contested motions were heard by Hawaii Circuit Judge Joseph E. Cardoza, to wit: 1) SS's motion to continue hearing and briefing on KG's motion for summary judgment until after hearing on SS's motion to dismiss or stay (heard on October 18, 2006 and granted); 2) SS's motion to dismiss or stay the Maui case pending resolution of the federal cases (heard on November 29, 2006 and denied), and 3) KG's Motion for Summary Judgment (heard and orally granted on February 21, 2007; written order pending).

Even though KG proposed to settle the Maui litigation on terms that would not adversely affect SS's federal claims, and Judge Cardoza expressed a willingness to hold an early settlement conference to facilitate settlement, SS refused to make any settlement proposal whatsoever and forced the Maui litigation to final judgment.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, February 28, 2007.

      /s/ Robert A. Marks
    ROBERT A. MARKS