ORIGINAL

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON            1126-0
GLENN T. MELCHINGER    7135-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email: gtm@ahfi.com

Attorneys for Plaintiffs
SPORTS SHINKO CO., LTD., and
SPORTS SHINKO (USA) CO., LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD.,<br><br>Plaintiff,<br><br>vs.<br><br>QK HOTEL, LLC, a Hawai'i limited liability company,<br><br>Defendant. | CIVIL NO. CV 04-00124<br>ACK/BMK<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS QR HOTEL, LLC AND MILILANI GOLF CLUB LLC'S FIRST REQUEST FOR ADMISSIONS; FIRST REQUEST FOR ANSWERS TO INTERROGATORIES; AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS SPORTS SHINKO CO., LTD. AND SPORTS SHINKO (USA)** |

275674-5/6850-5             Exhibit 34

|  |  |
|---|---|
| _____ ) | CO., LTD., DATED JANUARY 3, 2005 |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation, ) ) ) | CIVIL NO. CV 04-00125 ACK/BMK |
| Plaintiff, ) ) | |
| vs. ) ) | |
| PUKALANI GOLF CLUB, LLC, a Hawai'i limited liability company; and KG MAUI DEVELOPMENT, LLC, a Hawai'i limited liability company, ) ) ) ) ) ) | |
| Defendants. ) _____ ) | |
| SPORTS SHINKO (USA) CO., LTD, a Delaware corporation, ) ) ) | CIVIL NO. CV 04-00126 ACK/BMK |
| Plaintiff, ) ) | |
| vs. ) ) | |
| KIAHUNA GOLF CLUB, LLC, a Hawai'i limited liability company; KG KAUAI DEVELOPMENT, LLC, a Hawai'i limited liability company; PUKALANI GOLF CLUB, LLC, a Hawai'i limited liability company; KG MAUI DEVELOPMENT, LLC, a Hawai'i limited liability company; MILILANI GOLF CLUB, LLC, a Hawai'i limited liability company; ) ) ) ) ) ) ) ) ) ) ) | |

| | |
|---|---|
| QK HOTEL, LLC, a Hawai'i limited liability company; OR HOTEL, LLC, a Hawai'i limited liability company, and KG HOLDINGS, LLC, a Hawai'i limited liability company, )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. )<br>_____ ) | |
| SPORTS SHINKO CO., LTD., )<br>) | CIVIL NO. CV 04-00127 ACK/BMK |
| Plaintiff, )<br>) | |
| vs. )<br>) | |
| OR HOTEL, LLC, a Hawai'i limited liability company, )<br>)<br>) | |
| Defendant. )<br>_____ ) | |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation, )<br>)<br>) | CIVIL NO. CV 04-00128 ACK/BMK |
| Plaintiff, )<br>) | |
| vs. )<br>) | |
| MILILANI GOLF CLUB, LLC, a Hawai'i limited liability company, )<br>)<br>) | |
| Defendants. )<br>_____ ) | |

275674-5/6850-5                                    3

      31.  *Admit that except for the transfer of the OR Hotel, the transfer of the QK Hotel, and the transfer of all lands at Pukalani described in paragraph 1.1.1(a)(v) of the PSA [SIC], the Transactions Contemplated by the PSA were completed on January 25, 2002.*

**Objection**: Vague and ambiguous such that Plaintiffs cannot know what they would be admitting. Plaintiffs object to the definition of the "Transactions contemplated by the PSA" [SIC] as a single "transfer." Also, there is no section 1.1.1(a)(v) in the PSA. Plaintiffs assume Defendants mean section 1.1(a)(v).

Admit: _____    Deny: _____X_____

Subject to the foregoing objections, Plaintiffs admit the escrows for the transfers under the January 15, 2002 Purchase and Sale Agreement, other than the OR Hotel and QK Hotel, closed on or around January 25, 2002. Plaintiffs admit that certain Maui real property was not transferred on that date, due to errors in the property descriptions provided by the title company that were used to create the deeds. In addition, the Cartwright Apartments (TMK No. (1) 2-6-27-30) were apparently deeded on April 15, 2002 to QK Hotel LLC.

      32.  *Admit that the OR Hotel was purportedly transferred by SS-Waikiki to OR Hotel, LLC on February 1, 2002, and that as of December 31, 2004, SS-Waikiki has not provided consent of the lessor of OR Hotel to the transfer.*

**Objection**: Vague and ambiguous such that Plaintiffs cannot know what they would be admitting (*e.g.*, "purportedly" and "provided"). The Request is misleading as to the SS Hawaii Subsidiaries' legal duties to the extent that "provided consent" implies that SS-Waikiki has some duty, power, or obligation to obtain consent of the "lessor" beyond any duty in the PSA, including Section 7.3.

Admit: _____    Deny: _____X_____

**RESPONSE:**

Plaintiffs have disclosed and/or will produce non-privileged documents responsive to this request, if any exist, subject to their objections and the Stipulated Protective Order.

MAY 1 3 2005

DATED: Honolulu, Hawaiʻi, _____.

_____
PAUL ALSTON
GLENN T. MELCHINGER
Attorneys for Plaintiffs

## VERIFICATION

JAPAN               )
                    ) SS:
OSAKA               )

_Yoshihiko Machida_, being first duly sworn on oath, deposes and says:

That he is the _President_ of SPORTS SHINKO (USA) CO., LTD. and that he is an agent of SPORTS SHINKO (USA) CO., LTD. for the purpose of answering the foregoing *requests for answers to interrogatories* and for making this verification, and the foregoing answers are true according to his knowledge, information, and belief.

SPORTS SHINKO (USA) CO., LTD.

By _____
Its _President_

275674-4/6850-5

## VERIFICATION

JAPAN            )
                 ) SS:
OSAKA            )

_Michihiro Chikubu_, being first duly sworn on oath, deposes and says:

That he is the _President_ of SPORTS SHINKO CO., LTD. and that he is an agent of SPORTS SHINKO CO., LTD. for the purpose of answering the foregoing *requests for answers to interrogatories* and for making this verification, and the foregoing answers are true according to his knowledge, information, and belief.

SPORTS SHINKO CO., LTD.

By _[signature]_

Its _President_

275674-4/6850-5