ORIGINAL

PRICE OKAMOTO HIMENO & LUM
WARREN PRICE III          1212
ROBERT A. MARKS          2163
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Phone: 808.538.1113
Fax: 808.533.0549
e-mail: ram@pohlhawaii.com

GELBER GELBER INGERSOLL & KLEVANSKY
SIMON KLEVANSKY          3217-0
ALIKA L. PIPER           6949-0
CARISA LIMA KA'ALA HEE 7372-0
Suite 1400, Fort Street Tower
745 Fort Street
Honolulu, Hawaii 96813
Phone: (808) 524-0155
Fax: (808) 531-6963
E-mail: sklevansky@ggik.com
         apiper@ggik.com;
         kaalahee@ggik.com

Attorneys for Defendants, Counterclaimants
and Third-Party Plaintiffs KG HOLDINGS, LLC,
KIAHUNA GOLF CLUB, LLC, KG KAUAI
DEVELOPMENT, LLC, PUKALANI GOLF
CLUB, LLC, KG MAUI DEVELOPMENT, LLC,
MILILANI GOLF CLUB, LLC, QK HOTEL, LLC,
and OR HOTEL, LLC ("KG PARTIES")

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 2 8 2007

at 3 o'clock and 35 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., | CV 04-00124 ACK-BMK |
| Plaintiff, | CV 04-00125 ACK-BMK |
| vs. | CV 04-00126 ACK-BMK |
| QK HOTEL, LLC, et al., | CV 04-00127 ACK-BMK |
| Defendants, | CV 04-00128 ACK-BMK |
| and | |
| FRANKLIN K. MUKAI, et al., | CONSOLIDATED CASES |

|  |  |
|---|---|
| Third-Party Plaintiffs,<br>vs.<br>SPORTS SHINKO (USA) CO., LTD., et al.,<br>    Third-Party Defendants,<br>and<br>SPORTS SHINKO (HAWAII) CO., LTD., et al.,<br>    Third-Party Defendants/<br>    Counterclaimants,<br>vs.<br>QK HOTEL, LLC, et al.,<br>    Third-Party Counterclaim<br>    Defendants.<br>AND CONSOLIDATED CASES | SUBPOENA IN A CIVIL CASE<br><br>[CUSTODIAN OF RECORDS OF GRANT THORNTON LLP] |

## SUBPOENA IN A CIVIL CASE

TO:  Custodian of Records
      Grant Thornton LLP
      1132 Bishop Street, Suite 1000
      Honolulu, Hawaii 96813-3421

YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ralph Rosenberg Court Reports<br>American Savings Bank Tower<br>1001 Bishop Street, Suite 2460<br>Honolulu, Hawaii, 96813 | March 29, 2007<br>9:00 a.m. |

At the place, date, and time specified above, YOU ARE COMMANDED to produce and permit inspection and copying of the papers and files or objects

2

specified below that pertain directly or indirectly in any fashion to any or all of the following entities:

>SPORTS SHINKO CO., LTD.
>SPORTS SHINKO (USA) CO., LTD.
>SPORTS SHINKO (HAWAII) CO., LTD.
>SPORTS SHINKO (KAUAI) CO., LTD.
>SPORTS SHINKO (WAIKIKI) CORPORATION
>SPORTS SHINKO (MILILANI) CO., LTD.
>SPORTS SHINKO (PUKALANI) CO., LTD.
>SURE TRANSPORTATION, INC.
>PUKALANI STP CO., LTD.

(collectively referred to as "foregoing entities"):

1. All papers and files relating to any audited, unaudited and/or consolidated financial statements of any of the foregoing entities not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

2. All papers and files relating to any audit, compilation or accounting services related to the review of financial statements of any of the foregoing entities not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

3. All papers and files relating to any certifications, reports and/or opinions issued or given by you regarding the financial statements and/or financial condition of any of the foregoing entities, including, without limitation, the audited, reviewed or compiled financial statements of any of the foregoing entities not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

4. All papers and files relating to reports, certifications, "comfort letters", consent letters and/or disclosures made to any actual or potential investors or lenders to any of the foregoing entities not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

5. All papers and files relating to quarterly or annual reports issued by any of the foregoing entities to their shareholders, lenders, creditors, investors or governmental or regulatory agencies not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

6. All papers and files relating to any audit, review, compilation, accounting, consulting or advisory services where any of the foregoing entities was a borrower, lender, guarantor, issuer, investor, creditor, debtor, buyer or seller not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

7. All papers and files of any communications involving or relating to any of the foregoing entities to any other person or entity not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

8. All papers and files between you and any officers, directors or managers of any of the foregoing entities not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

9. All papers and files relating to any of the foregoing entities' international, federal, state or local taxes, including but not limited to tax preparation, tax review, tax consulting, tax advisory, tax sharing arrangements and/or tax representation services not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

10. All papers and files relating to any of the foregoing entities' accounting and other systems, including without limitation, internal control questionnaires, flow charts or other materials depicting the foregoing entities' accounting and organizational procedures, transaction/processing summary data, policy and procedures manuals or memoranda, and recommendations or proposals relating to any of the foregoing entities' internal controls and accounting procedures not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

11. All papers and files relating to any of the foregoing entities' succession to a different accounting firm to perform tax or audit functions (or both) not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

12. All papers and files relating to any tax returns and schedules filed by any of the foregoing entities not previously produced pursuant to the Subpoena In A Civil Case served on Grant Thornton LLP on January 4, 2005.

13. All correspondence files relating to tax, audit or other services performed for the foregoing entities by Grant Thornton LLP.

14. All invoices from Grant Thornton LLP to any of the foregoing entities, including a summary breakdown of time spent by each billing partner or professional of Grant Thornton LLP for services rendered to the foregoing entities.

As used in this subpoena:

**"financial statements"** means a presentation of financial data, including accompanying notes, derived from accounting records and intended to communicate an entity's economic resources or obligations at a point in time, or the changes therein for a period of time, in accordance with generally accepted accounting principles or a comprehensive basis of accounting other than generally accepted accounting principles. Financial Statements includes income statements, balance sheets, and cash flow statements.

**"papers and files"** includes any written (hand-written, typed or printed), electronic (including but not limited to e-mails, word processing documents, spreadsheets, audio files, video files, or presentations) or recorded (including but not limited to photographs, audiotapes or videotapes) material, including but not limited to, letters, reports, memoranda, term sheets, commitment letters, pitch books, offering circulars, financial statements, appointment books, calendars, journals, appraisals, contracts, account statements, charts, minutes, notations, notes, opinions, papers, pictures, projections, telephone records or things similar to any of the foregoing, however denominated, and is intended to have the broadest possible meaning under the Federal Rules of Civil Procedure, and includes, without limitation, any writings, drawings, graphs, charts, photographs, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, but the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. "Documents" includes any of the foregoing that might be kept in the form of electronically stored information. Such documents should be produced in native format.

"**relates to**" or "**relating to**" a given subject mean any papers and files or communication that constitutes, evidences, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, involves, or is in any way pertinent to that subject including without limitation, papers and files concerning other papers and files.

"**You**" or "**Your**" refers to the company whose records are subpoenaed, and includes all affiliates, owners, partners, staff and employees of the company.

---

Any organization not a party to these suits that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] <br> Attorneys for Defendants, Counterclaimants and Third-Party Plaintiffs KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, and OR HOTEL, LLC ("KG PARTIES") | March 20, 2007 |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Robert A. Marks <br> Price Okamoto Himeno & Lum <br> 707 Richards Street, Suite 728 <br> Honolulu, Hawaii 96813 <br> Phone: 808.538.1113 |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3-23-07 | |
| SERVED ON (PRINT NAME) X DEANNA ALICES [signature] | | MANNER OF SERVICE PERSONAL |
| SERVED BY (PRINT NAME) KENNETH J. LEE | | TITLE Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   3-23-07
         DATE                                    SIGNATURE OF SERVER

                                                 ADDRESS OF SERVER

8