IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., | ) CV 04-00124 ACK-BMK |
|      Plaintiff, | ) CV 04-00125 ACK-BMK |
| | ) CV 04-00126 ACK-BMK |
|   vs. | ) CV 04-00127 ACK-BMK |
| | ) CV 04-00128 ACK-BMK |
| QK HOTEL, LLC, et al., | ) |
|     Defendants, | ) CONSOLIDATED CASES |
| | ) |
|   and | ) |
| | ) |
| FRANKLIN K. MUKAI, et al., | ) |
|     Third-Party Plaintiffs, | ) |
| | ) |
|   vs. | ) |
| | ) |
| SPORTS SHINKO (USA) CO., LTD., et al., | ) |
|     Third-Party Defendants, | ) |
| | ) |
|   and | ) |
| | ) |
| SPORTS SHINKO (HAWAII) CO., LTD., et al., | ) |
|     Third-Party Defendants/ | ) |
|     Counterclaimants, | ) |
| | ) |
|   vs. | ) |
| | ) |
| QK HOTEL, LLC, et al., | ) |
|     Third-Party Counterclaim | ) |
|     Defendants. | ) |
| | ) |
| AND CONSOLIDATED CASES | ) |
| _____ | ) |

ORDER REGARDING STIPULATIONS TO REDACT AND SEAL EXHIBITS AND
DOCUMENTS RELATED TO THE MOTION TO DISMISS IN CIV. NOS. 04-00125
ACK-BMK, 01-00126 ACK-BMK, AND 04-00128 ACK-BMK

I.   **February 8, 2007 Stipulation**

      On February 8, 2007, the parties to the consolidated lawsuits lodged with this Court a "Stipulation To Seal and Redact Certain Exhibits Related to KG Defendants' Motion to Dismiss Cv. Nos. 04-00125 ACK-BMK, 04-00126 ACK-BMK and 04-00128 ACK-BMK for Lack of Subject Matter Jurisdiction Filed November 16, 2006; Redacted Exhibits 20, 20.1; 25, 29, M-4, M-5 and M-6" (hereinafter "February 8, 2007 Stipulation") and proposed order, which are attached hereto as Exhibit A.  The Court issues this order in lieu of the proposed order submitted by the parties.

      The Court, having reviewed the February 8, 2007 Stipulation, the exhibits thereto, KG Defendants' unredacted Reply Memorandum, and Exhibits B-1, H-1, H-3, 26, and 27.1, makes the following findings and orders.  The Court finds that compelling reasons justify the redaction and/or sealing of certain exhibits and documents as described herein, so that court files cannot be used as a vehicle for improper purposes.  See Kamakana, 447 F.3d at 1179.  The parties have presented articulable facts identifying the interests favoring continued secrecy and showing that these interests overcome the presumption of access by outweighing the public interest in understanding the judicial process.  Id. at 1181.

      A.   As detailed in the Feb. 8, 2007 Stipulation, compelling reasons support filing the following exhibits under

seal: B-1 and H-3.  See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006).  These exhibits contain financial and tax information related to parties and non-parties and are of extremely limited probative value to the issue before the Court in the Motion to Dismiss - whether the Court has subject matter jurisdiction based on diversity of citizenship.

     B.   As detailed in the Feb. 8, 2007 Stipulation, compelling reasons support filing the following exhibits as redacted by the parties, with the redacted portions filed under seal: 20, 20.1, 25, 29, M-4, M-5, and M-6.  See Kamakana, 447 F.3d at 1180; Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1137 (9th Cir. 2003).  These exhibits contain financial and tax information related to parties and non-parties and, in general, are of extremely limited probative value to the issue before the Court in the Motion to Dismiss.

     C.   As agreed by the parties, Exhibits 17, 19, 27, and 28 have been filed in the public record because no compelling reasons support filing these exhibits under seal.

     D.   Based on the above findings, KG Defendants' Reply Memorandum (filed in support of KG Defendants' Motion to Dismiss) may be filed with limited redactions.  Specifically, the two monetary figures at page 15 of the Reply Memorandum may be redacted because they reveal financial and tax information related to parties and non-parties and are of extremely limited

probative value to the issue before the Court in the Motion to Dismiss. The Court finds that compelling reasons support these redactions, but no compelling reasons support any additional redactions in the Reply Memorandum. Accordingly, KG Defendants must file its Reply Memorandum, with these two redactions only, in the public record within ten days of the date of this order.

E.    The Court finds that the parties have not demonstrated a compelling reason to seal the following exhibits in their entirety: H-1, 26, and 27.1. See Kamakana, 447 F.3d at 1180; Foltz, 331 F.3d at 1137. While these exhibits contain some financial and tax information related to parties and non-parties, and thus compelling reasons may justify sealing portions of these exhibits, the parties have not demonstrated why these exhibits should be sealed in their entirety rather than redacted. Accordingly, the Court denies the parties' request to seal Exhibits H-1, 26, and 27.1; however, the parties may submit a stipulation or motion to redact portions of these exhibits.[1]

## II.  March 1, 2007 Stipulation

On approximately March 1, 2007, the parties electronically lodged a separate, additional stipulation to seal more exhibits and documents, entitled "Stipulation and Order To

---

[1]Exhibits H-1, 26, and 27.1 will remain sealed in the interim. If the parties do not submit a stipulation or motion to redact Exhibits H-1, 26, and 27.1 within thirty days of the date of this order, the Court will unseal those exhibits.

4

Seal Declaration of Doreen Griffith and Exhibits 'G-1' - 'G-7' to Declaration; Unredacted Declaration of Michael A. Cohan; Unredacted KG Parties' Supplemental Memorandum in Support of Motion to Dismiss; and KG Exhibits 'C-2' & '31-33' Related to KG Defendants' Motion to Dismiss Civ. Nos. 04-00125 ACK-BMK, 04-00126 ACK-BMK and 04-00128 ACK-BMK for Lack of Subject Matter Jurisdiction Filed November 16, 2006" (hereinafter "March 1, 2007 Stipulation").

The Court finds that the parties have not demonstrated compelling reasons to seal these exhibits and documents in their entirety. While compelling reasons may justify sealing portions of these exhibits and documents, the parties have not demonstrated compelling reasons to seal all of these exhibits and documents in their entirety rather than seal only redacted portions. The parties, however, may file a revised stipulation or motion regarding these documents and exhibits. Failure to file a revised stipulation or motion within thirty days from the date of this order will result in the Court unsealing the exhibits and documents at issue in the March 2, 2007 Stipulation.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 5, 2007.



Alan C. Kay
Sr. United States District Judge

6