# EXHIBIT A

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys at Law
A Law Corporation

PAUL ALSTON                      1126-0
GLENN T. MELCHINGER              7135-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai`i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
E-mail:  palston@ahfi.com
         gtm@ahfi.com

Attorneys for Plaintiffs and
Third Party Defendants/ Counterclaimants
The Sports Shinko Companies



LODGED

FEB 0 8 2007
3:50pm
CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation, | ) ) ) | CIVIL NO. CV 04-00124 ACK/BMK |
| Plaintiff, | ) ) ) | CONSOLIDATED CASES |
| vs. | ) ) ) | STIPULATION TO SEAL AND REDACT CERTAIN EXHIBITS RELATED TO KG DEFENDANTS' MOTION TO DISMISS CV. NOS. 04-00125 ACK-BMK, 04-00126 ACK-BMK AND 04-00128 ACK-BMK FOR LACK OF SUBJECT MATTER JURISDICTION FILED NOVEMBER 16, 2006; REDACTED EXHIBITS 20, |
| QK HOTEL, LLC, a Hawai`i limited liability company, et al., | ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) | |

637934.3 / 6850-5

| | | |
|---|---|---|
| FRANKLIN K. MUKAI, | ) | 20.1; 25, 29, M-4, M-5 and M-6; ORDER |
|     Third-Party Plaintiff, | ) | |
| vs. | ) | |
| SPORTS SHINKO (USA) CO.; LTD., a Delaware corporation, et al., | ) | |
|     Third-Party Defendants. | ) | |
| SPORTS SHINKO (USA) CO., LTD., a Delaware corporation, | ) | CIVIL NO. CV 04-00125 ACK/BMK |
|     Plaintiff, | ) | |
| vs. | ) | |
| PUKALANI GOLF CLUB, LLC, a Hawai`i limited liability company, et al., | ) | |
|     Defendants, | ) | |
| and | ) | |
| FRANKLIN K. MUKAI, | ) | |
|     Third-Party Plaintiff, | ) | |
| vs. | ) | |
| SPORTS SHINKO CO., LTD., a Japan corporation, et al., | ) | |
|     Third-Party Defendants. | ) | |

| | | |
|---|---|---|
| SPORTS SHINKO (USA) CO., LTD, a Delaware corporation, | ) ) ) ) | CIVIL NO. CV 04-00126 ACK/BMK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| KIAHUNA GOLF CLUB, LLC, a Hawai'i limited liability company, et al., | ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| FRANKLIN K. MUKAI, | ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| SPORTS SHINKO CO., LTD., a Japan corporation, et al., | ) ) ) | |
| Third-Party Defendants. | ) ) ) | |
| | | |
| SPORTS SHINKO CO., LTD., a Japanese corporation, | ) ) ) | CIVIL NO. CV 04-00127 ACK/BMK |
| Plaintiff, | ) ) | |
| vs. OR HOTEL, LLC, a Hawai`i limited liability company, et al., | ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) | |

| | |
|---|---|
| FRANKLIN K. MUKAI,<br><br>　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>SPORTS SHINKO (USA) CO.,<br>LTD., a Delaware corporation, et<br>al.,<br><br>　　　　Third-Party<br>　　　　Defendants.<br>_____<br><br>SPORTS SHINKO (USA) CO.,<br>LTD., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MILILANI GOLF CLUB, LLC,<br>a Hawai`i limited liability<br>company, et al.,<br><br>　　　　Defendants,<br><br>　and<br><br>FRANKLIN K. MUKAI,<br><br>　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>SPORTS SHINKO CO., LTD.,<br>a Japan corporation, et al.,<br><br>　　　　Third-Party<br>　　　　Defendants.<br>_____ | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>CIVIL NO. CV 04-00128<br>　　　　ACK/BMK |

STIPULATION TO SEAL AND REDACT CERTAIN EXHIBITS
RELATED TO KG DEFENDANTS' MOTION TO DISMISS CV. NOS.
04-00125ACK-BMK, 04-00126 ACK-BMK AND 04-00128 ACK-BMK
FORLACK OF SUBJECT MATTER JURISDICTION
FILEDNOVEMBER 16, 2006

Plaintiffs and Third Party Defendants Sports Shinko Co., Ltd., Sports Shinko (USA) Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Waikiki) Corporation, and Ocean Resort Hotel Corporation (collectively "**Sports Shinko**"), and Defendants, Third Party Plaintiffs and Third Party Counterclaim Defendants KG Holdings, LLC, QK Hotel, LLC, OR Hotel, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, Kiahuna Golf Club, LLC and KG Kauai Development, LLC (collectively, "**KG**"), and Defendant and Third Party Plaintiff Franklin Mukai ("**Mukai**"), through their respective counsel, hereby recite and stipulate as follows:

RECITALS:

WHEREAS on November 16, 2006, KG filed a Motion to Dismiss CV. Nos. 04-00125 ACK-BMK, 04-00126 ACK-BMK and 04-00128 ACK-BMK For Lack Of Subject Matter Jurisdiction (the "Motion");

WHEREAS the Sports Shinko Parties assert that (i) Exhibits B-1, H-1, and H-3 attached to Sports Shinko's Memorandum in Opposition to the Motion, filed January 25, 2007, (ii) Exhibit Nos. 20, 20.1, 25, 26, 27.1 and 29 to KG's Reply in support of the Motion, filed February 1, 2007, and (iii) Exhibit Nos. M-4, M-5, and M-6 (collectively, the "Exhibits") contain certain financial and tax income information related to Sports Shinko, Katron Group, Inc. ("Katron"), and Thomas Hayes designated as confidential under the Stipulated Protective Order entered herein on January 25, 2005, and Sports Shinko seeks herein to protect that information from public disclosure through sealing the exhibits or redaction as more fully set forth below;

WHEREAS the Sports Shinko Parties assert that "no one outside the litigation is seeking to unseal the motion or responses"

or the exhibits (*see Madsen v. Fortis Benefits Ins. Co.*, No. CV 04-1959-PHX-JAT, 2006 WL 1981785 (D. Ariz. Jul. 13, 2006));

WHEREAS 26 U.S.C. § 6103 and other provisions of the Internal Revenue Code protect the confidentiality of "return information" and "taxpayer return information," as defined in IRC §§ 6103(b)(2) and (3);

WHEREAS "return information" is not available to the public. *See Church of Scientology v. IRS*, 484 U.S. 9, 18 (1987); *Kamman v. United States IRS*, 56 F.3d 46, 48 (9th Cir. 1995);

WHEREAS the Sports Shinko Parties assert that Exhibits B-1, H-1, and H-3 contain information used as "return information" and/or "taxpayer return information" by Sports Shinko, Katron Group, Inc., and Thomas Hayes, and also include confidential financial (income related) information of individuals and private, closely held companies that is not available to the public, and Sports Shinko asserts these Exhibits should be sealed;

WHEREAS the Sports Shinko Parties assert that Exhibits H-1, and H-3 also contain bank account routing numbers and other information that, if disclosed, could lead to improper use and result

3

in injury to Sports Shinko, and Sports Shinko asserts they should be sealed;

WHEREAS the Sports Shinko Parties assert that Exhibit No. 20 contains at page GT034424 information from a production of Grant Thornton's files and working papers regarding payments to Grant Thornton by Sports Shinko and Grant Thornton's billable rates, which has been redacted in the attached proposed Exhibit 20;

WHEREAS the Sports Shinko Parties assert that Exhibit No. 20.1 contains at page GT032999 the federal employer identification number for SS USA, which has been redacted in the attached proposed Exhibit "20.1";

WHEREAS the Sports Shinko Parties assert that Exhibit No. 25 contains at page GT036158 information from a production of Grant Thornton's files and working papers including bank account numbers, tax refund amounts, which information is irrelevant to this Motion and has been redacted in the attached proposed Exhibit 25;

WHEREAS the KG Parties and the Sports Shinko Parties have been unable to agree upon redactions to Exhibit No. 26 and therefore ask that this exhibit be filed under seal;

WHEREAS the KG Parties and the Sports Shinko Parties have been unable to agree upon redactions to Exhibit No. 27.1 and therefore ask that it be filed under seal;

WHEREAS the Sports Shinko Parties assert that Exhibit No. 29 contains bank account information and balances for a Wells Fargo account, which information is irrelevant to this Motion, could potentially result in harm to Sports Shinko if disclosed, and has been redacted in the attached proposed Exhibit 29;

WHEREAS the Sports Shinko Parties waive the initial claim of confidentiality under the January 25, 2005 Stipulated Protective Order as to the information not proposed to be sealed as set forth above. Accordingly, Sports Shinko has no objection to Exhibits 17, 19, 27 and 28 to KG's Reply Memorandum filed February 1, 2007 being filed in these consolidated cases without redaction;

WHEREAS the Sports Shinko Parties assert that Exhibits M-4, M-5, and M-6 contain return information, tax payment information, employer identification numbers and other information not relevant

5

to this Motion which could lead to harm to Sports Shinko if disclosed, and which has been redacted in the attached proposed Exhibits M-4, M-5, and M-6;

WHEREAS the Motion concerns jurisdictional issues, as opposed to the merits of the parties' claims;

WHEREAS the Sports Shinko Parties assert that *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), should not apply under the circumstances here, and that, nevertheless, safeguarding the confidentiality of the information in the Exhibits constitutes a "compelling reason" to permit these Exhibits to be filed under seal and redacted as proposed above; and

WHEREAS the non-Sports Shinko parties do not necessarily agree to or otherwise concede the accuracy of the assertions made in the preceding whereas clauses, and the non-Sports Shinko parties in the interest of judicial economy do not object to the filing of these Exhibits under seal or with the proposed redactions in connection with the disposition of this Motion, provided that this stipulation does not affect in any respect either the non-Sports Shinko parties' substantive rights in this litigation or the future

treatment of the documents and/or information so sealed and redacted;

WHEREAS upon the filing hereof, counsel for the Sports Shinko Parties shall serve on chambers of the Court copies of the exhibits proposed to be sealed hereunder, to wit: Sports Shinko Parties' Exhibits B-1, H-1 and H-3, and KG Parties' Exhibits 26 and 27.1;

NOW THEREFORE the Parties stipulate as follows:

    A.    The Sports Shinko Parties' Exhibits M-4, M-5 and M-6 and the KG Parties' Exhibits 20, 20.1, 25 and 29 may be filed as redacted and attached hereto.

    B.    The Sports Shinko Parties' Exhibits B-1, H-1 and H-3, and the KG Parties' Exhibits 26 and 27.1 may be filed under seal as set forth above;

    C.    The KG Parties may file their Exhibits 17, 19, 27 and 28 in the public record of these consolidated cases without redaction;

    D.    The KG Parties may file their Reply Memorandum, free of redactions, under seal with the Court.

DATED: Honolulu, Hawai`i, _____ FEB 8 2007 _____.

_____
WARREN PRICE III
ROBERT A. MARKS

Attorneys for KG Holdings, LLC, QK Hotel, LLC, OR Hotel, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, Kiahuna Golf Club, LLC and KG Kauai Development, LLC

_____
PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Sports Shinko Co., Ltd., Sports Shinko (USA) Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Waikiki) Corporation, and Ocean Resort Hotel Corporation

_____
WILLIAM BORDNER
JOHN REYES-BURKE

Attorneys for Franklin Mukai

8

DATED: Honolulu, Hawai`i, \_\_\_FEB 8 2007_____.

*/s/ Warren Price III*

WARREN PRICE III
ROBERT A. MARKS

Attorneys for KG Holdings, LLC, QK Hotel, LLC, OR Hotel, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, Kiahuna Golf Club, LLC and KG Kauai Development, LLC

_____

PAUL ALSTON
GLENN T. MELCHINGER

Attorneys for Sports Shinko Co., Ltd., Sports Shinko (USA) Co., Ltd., Sports Shinko (Hawaii) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Waikiki) Corporation, and Ocean Resort Hotel Corporation

*/s/ William Bordner*

WILLIAM BORDNER
JOHN REYES-BURKE

Attorneys for Franklin Mukai

8