PRICE OKAMOTO HIMENO & LUM

WARREN PRICE III          1212
ROBERT A. MARKS           2163
707 Richards Street, Suite 728
Honolulu, Hawaii  96813
Phone: 808.538.1113
Fax: 808.533.0549
e-mail: ram@pohlhawaii.com

GELBER GELBER INGERSOLL & KLEVANSKY

SIMON KLEVANSKY           3217-0
ALIKA L. PIPER            6949-0
CARISA LIMA KA'ALA HEE    7372-0
Suite 1400, Fort Street Tower
745 Fort Street
Honolulu, Hawaii  96813
Phone:  (808) 524-0155
Fax:  (808) 531-6963
E-mail: sklevansky@ggik.com
        apiper@ggik.com;
        kaalahee@ggik.com

Attorneys for Defendants, Counterclaimants
and Third-Party Plaintiffs KG HOLDINGS,
LLC, KIAHUNA GOLF CLUB, LLC,
KG KAUAI DEVELOPMENT, LLC,
PUKALANI GOLF CLUB, LLC,
KG MAUI DEVELOPMENT, LLC,
MILILANI GOLF CLUB, LLC,
QK HOTEL, LLC, AND OR HOTEL, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., <br> Plaintiff, <br> vs. <br> QK HOTEL, LLC, et al., <br> Defendants, | CV 04-00124 ACK-BMK <br> CV 04-00125 ACK-BMK <br> CV 04-00126 ACK-BMK <br> CV 04-00127 ACK-BMK <br> CV 04-00128 ACK-BMK |

| | |
|---|---|
| and<br>FRANKLIN K. MUKAI, et al.,<br>    Third-Party Plaintiffs,<br>vs.<br>SPORTS SHINKO (USA) CO., LTD., et al.,<br>    Third-Party Defendants,<br>and<br>SPORTS SHINKO (HAWAII) CO., LTD., et al.,<br>    Third-Party Defendants/<br>    Counterclaimants,<br>vs.<br>QK HOTEL, LLC, et al.,<br>    Third-Party Counterclaim Defendants.<br>AND CONSOLIDATED CASES | CONSOLIDATED CASES<br><br>AMENDED STIPULATED PROTECTIVE ORDER REGARDING THE PROTECTION OF CONFIDENTIAL INFORMATION; EXHIBIT A |

## AMENDED STIPULATED PROTECTIVE ORDER REGARDING THE PROTECTION OF CONFIDENTIAL INFORMATION

This amended stipulated protective order is sought pursuant to Rule 26(c) of the Federal Rules of Civil Procedure on behalf of counsel for all parties to these consolidated cases in order to protect information the Parties deem confidential and to expedite the flow of discovery materials, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of confidentiality of material deemed worthy of protection.

WHEREAS the parties have served or may serve discovery calling for the disclosure of information which the other party or parties may consider confidential and sensitive,

IT IS HEREBY STIPULATED AND AGREED BETWEEN THE PARTIES, who hereby also jointly apply and request that the Court order, as follows:

1. <u>Definitions</u>.

    1.1   "Confidential Document" means any document, material or thing which contains Confidential Information which any Producing Party designates as "Confidential" at any time and in any manner set forth in any part of this Stipulation.  No Party waives the right to challenge any other Party's designation of any document or other material as "Confidential".

    1.2   "Confidential Information" means (a) non-public financial information, including without limitation, financial statements and other documents pertaining to the financial condition of an entity or any of its affiliates or related entities; (b) trade secrets pursuant to the Uniform Trade Secrets Act, HRS Ch. 482B; (c) other non-public business information, including without limitation, pricing and leasing data, business plans and projections, appraisals, development and commercial information that is not publicly available, (d) any

information entitled to protection pursuant to applicable law, and (e) any information a Party in good faith believes to be confidential.

  1.3 "Defendants" means the defendants in this Litigation.

  1.4 "Producing Party" shall mean any party to the Litigation, or any other person or entity producing documents, information or other materials in the Litigation.

  1.5 "Legend" shall mean a clearly visible stamp or other similar insignia stating "CONFIDENTIAL" or other appropriate term or terms connoting the confidentiality of the document, material or thing.

  1.6 "Party" or "Parties" shall mean the parties to this Litigation.

  1.7 "Litigation" shall mean the captioned consolidated actions.

  2. <u>Limitations on Use</u>.  Any Confidential Document produced in this Litigation shall not be used for any purpose other than discovery, motions, briefs, the trial and preparation for trial and any related appellate proceeding in this Litigation and for no other purpose.  Confidential Documents and any summaries, charts, or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court and to:

  2.1 Parties to the Litigation and the employees, officers, agents and directors of such Parties who have a need to review the information in connection with the Litigation;

       2.2    attorneys for the Parties and their employees, paralegals or other support staff;

       2.3    court reporters who are involved in depositions, trial or any hearings or proceedings before the Court in the Litigation; and

       2.4    independent contractors, experts, consultants or advisors who are employed or retained by, or consulted about retention on behalf of any of the Parties or counsel for the Parties to assist in preparation of the Litigation;

       2.5    deponents, other Party witnesses and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for the Litigation;

       2.6    third party witnesses in the Litigation who need to review this material prior to or in connection with potential testimony in this action; and

       2.7    Insurer(s) that are providing a defense and/or indemnity to any Party for any claim in the Litigation and that insurer's attorneys.

    3.    <u>Duty to Advise of Order</u>.  Unless the Producing Party agrees otherwise, Confidential Documents and/or Confidential Information may be disclosed only to persons referred to in paragraphs 2.1, 2,2 and 2.3 only after such person has been advised of the terms and operation of this Stipulation.

    4.    <u>Persons Required to Read Stipulation</u>.  Unless the Producing Party agrees otherwise, Confidential Documents and/or Confidential Information may be

disclosed to persons referred to in paragraphs 2.4, 2.5 2.6 and 2.7 only after such person has been shown a copy of this Stipulation and signs a statement in the form attached as Exhibit A. The signed Exhibits will be retained by the party (or the party's counsel) who retained or consulted with the person referred to in paragraphs 2.3, 2.4, 2.5, 2.6 and 2.7. The signed Exhibits shall not be discoverable except on a showing of good cause and order by the Court, or by agreement.

5. <u>Designation of Documents to be Produced</u>. A Producing Party may designate any document or portion thereof which contains Confidential Information as "Confidential" pursuant to this Stipulation, by affixing the Legend to any document containing, or which the Producing Party believes contains, Confidential Information, or take such other reasonable steps to identify said documents as Confidential.

6. <u>Designation of Previously Produced Documents</u>. Each Party may designate as "Confidential" any documents that have previously been produced or disclosed without such designation by any non-party Producing Party, within 30 days of production of such documents, provided that documents designated Confidential contain Confidential Information of the designating Party, in the following manner:

6.1   Parties may designate such documents by sending written notice of such designation, accompanied by copies of the designated documents

bearing the Legend, or a list of Bates Numbers to all other Parties in possession or custody of such previously undesignated documents. Any Party receiving such notice and copies of designated documents pursuant to this subparagraph shall, within fourteen (14) days of receipt of such notice, return to the designating Party all copies of such documents in their custody or possession not bearing the Legend, or shall affix the Legend to all such copies.

   6.2 To further the purposes of paragraph 6, all documents produced by any non-party Producing Party will be treated as confidential for the thirty (30) day period after production to permit any Party to seek protection for any Confidential Document.

   7 <u>Designation of Depositions</u>.  In the case of Confidential Information revealed during a deposition or hearing, if designation of a transcript or any portion thereof, including exhibits, is made by a statement by counsel to that effect on the record, or is otherwise made before the court reporter transcribing such deposition has disseminated to counsel for the Parties the transcript of the deposition, the court reporter shall affix the Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.  Parties may also make designations of Confidential Information when deposition corrections, if any, are served (*e.g.*, 30 days after receipt of the transcript from the court reporter, or later if agreed upon by the Parties.)

      8      <u>Filing and Use of Confidential Documents or Confidential Information In Pre-trial Proceedings</u>.  Any Party seeking to use Confidential Documents or Confidential Information in connection with any pre-trial proceedings shall provide the designating Party with copies of the Confidential Documents or Confidential Information that they seek to use either (a) in advance, or (b) at the time they seek to use the Confidential Information or Confidential Documents, provided such information and/or documents are provisionally withheld from the public record, pending final Court action regarding whether the information and/or document(s) may be redacted and/or sealed.  The designating party shall bear the burden of preparing a stipulation or motion to seal and/or redact the information within a reasonable amount of time thereafter, and in any event, before a hearing on any pretrial motion.  The Court will accept at its Chambers appropriately marked sealed, unredacted courtesy copies of the confidential information for its reference until a stipulation or motion regarding the sealed/redacted information is acted upon.

      8.1      In the event that any Confidential Document or Confidential Information derived therefrom is included with, or the contents thereof are disclosed in, any documents that the Court allows to be filed under seal with the Clerk of this Court or any other court (including without limitation, any pleadings, motions, briefs or deposition transcripts), such documents shall be filed in an

envelope bearing the words: "Confidential, Filed Under Seal Pursuant to Protective Order", or words of similar effect, and subject to the Court's convenience and needs, shall be kept under seal by the Clerk until further order of the Court.

9   <u>Objections to Designation</u>.  In the event that any Party objects to the designation of any document as "Confidential", the objecting Party may seek modification of the designation pursuant to this Stipulation and Order and the applicable rules of procedure.  Such disputed documents or discovery material shall be deemed confidential unless and until the Court rules otherwise.  However, nothing in this Stipulation prevents a Party who designated a document as Confidential from agreeing to remove the Confidential designation.

10   <u>Subpoena of Confidential Documents</u>.  If at any time any document or information protected by this Stipulation is subpoenaed or requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Producing Party which has designated such information "Confidential".

11   <u>Continuation of Protection after Disposition</u>.  All documents and information designated as confidential pursuant to this Stipulation shall be maintained by the Parties and their counsel in safe, secure facilities in a manner

that will prevent access by anyone not bound by this Stipulation. The termination of this Litigation shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Stipulation, unless the Court orders or permits otherwise. Upon written request, after the final disposition of the Litigation, the attorneys for the Parties shall either:

    11.1   Return promptly to the Producing Party, from whom it was obtained, any document which has been designated "Confidential" and all copies thereof; or

    11.2   Destroy all documents which have been designated "Confidential" and provide certification of the steps taken to that effect. The Parties and their counsel will not be required to return or destroy any of their work product and may keep a set of all documents filed with the Court and deposition transcripts with exhibits. All terms of this Stipulation shall survive and remain in effect after the termination of the Litigation.

    12   <u>Later-Named Parties and Non-Parties</u>. This Stipulation shall apply to all Parties , including all Parties that may be brought into this case after execution of this Stipulation, and to all non-parties producing or receiving Confidential Information who agree to be bound by the provisions hereof.

    13    <u>Interplay with Stipulated Protective Order</u>.  Individuals who have executed Exhibit A to the Stipulated Protective Order filed herein on January 25, 2005 shall not be required to sign Exhibit A attached hereto.

DATED: Honolulu, Hawai`i, ___5 April 2007___.

_____
WARREN PRICE III
ROBERT A. MARKS
SIMON KLEVANSKY
ALIKA L. PIPER
CARISA LIMA KA'ALA HEE

Attorneys for Defendants, Counterclaimants and Third-Party Plaintiffs KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, AND OR HOTEL, LLC

_____
PAUL ALSTON, ESQ.
GLENN T. MELCHINGER, ESQ.

Attorneys for Plaintiffs SPORTS SHINKO CO., LTD. and SPORTS SHINKO (USA) CO., LTD. and Third Party Defendants SPORTS SHINKO (KAUAI) CO., LTD., SPORTS SHINKO RESORT HOTEL CORPORATION, SPORTS SHINKO (WAIKIKI) CORPORATION, SPORTS SHINKO (PUKALANI) CO., LTD., SPORTS SHINKO (HAWAII) CO., LTD. AND SPORTS SHINKO (MILILANI) CO., LTD.

_[signature]_
WILLIAM A. BORDNER
JOHN REYES-BURKE
Attorneys for Defendant and Third-Party Plaintiff
FRANKLIN K. MUKAI


APPROVED AND SO ORDERED:

_[signature]_
Judge of the Above-Entitled Court


AMENDED STIPULATED PROTECTIVE ORDER REGARDING THE
PROTECTION OF CONFIDENTIAL INFORMATION; *Sports Shinko Co., Ltd. v.
QK Hotel, LLC*, D. Hawaii CV Nos. 04-0124 and consolidated cases

# EXHIBIT "A"

I, _____, declare that I have read the Amended Stipulated Protective Order Regarding The Protection Of Confidential Information; Order; Exhibit A, dated _____, and filed in <u>Sports Shinko Co., Ltd. v. QK Hotel, LLC</u>, D. Hawaii CV No. 04-124 ACK-BMK and consolidated cases ("Protective Order"). I understand and agree to abide by the terms of the Protective Order, and consent to the jurisdiction and venue of the United States District Court for the District of Hawai`i for purposes of enforcement of the Protective Order.

DATED: _____     _____
                                                                                            Signature