ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 18 2007

at 2 o'clock and 20 min P M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., <br><br>  Plaintiff, <br><br> vs. <br><br> QK HOTEL, LLC, et al., <br><br>  Defendants, <br><br> and <br><br> FRANKLIN K. MUKAI, et al., <br><br>  Third-Party Plaintiffs, <br><br> vs. <br><br> SPORTS SHINKO (USA) CO., LTD., et al., <br><br>  Third-Party Defendants, <br><br> and <br><br> SPORTS SHINKO (HAWAII) CO., LTD., et al., <br><br>  Third-Party Defendants/ Counterclaimants, <br><br> vs. <br><br> QK HOTEL, LLC, et al., <br><br>  Third-Party Counterclaim Defendants. <br><br> AND CONSOLIDATED CASE | CV 04-00124 ACK-BMK <br> CV 04-00127 ACK-BMK <br><br> CONSOLIDATED CASES <br><br> STIPULATED ORDER GRANTING KG PARTIES' SECOND AMENDED MOTION TO COMPEL DISCOVERY AND TO SET SCHEDULING CONFERENCE |

STIPULATED ORDER GRANTING KG PARTIES' SECOND
AMENDED MOTION TO COMPEL DISCOVERY AND TO
SET SCHEDULING CONFERENCE

Defendants, Counterclaimants and Third-Party Plaintiffs KG Holdings,

LLC, QK Hotel, LLC and OR Hotel, LLC ("KG Parties") Second Amended

Motion to Compel Discovery and for a Scheduling Order ("Motion to Compel") was filed on May 4, 2007 and was heard on June 1, 2007.

In its memorandum in opposition and at the hearing of this motion, plaintiff Sports Shinko Co., Ltd. ("SS-Japan") represented to the Court and parties that the intercompany debt alleged to be owing from Sports Shinko (Waikiki) Corporation to SS-Japan that forms the basis for SS-Japan's status as a creditor such that it may sue under the Hawaii Uniform Fraudulent Transfer Act, Hawaii Revised Statutes Ch. 651C ("HUFTA") is a ¥10 billion note dated June 5, 1990 (the "Debt"), a purported copy of which is attached to SS-Japan's memorandum in opposition as Exhibit 2. SS-Japan also acknowledged that the Debt is identified in the exhibit to the Loan Purchase Agreement and Supplement to Loan Purchase Agreement between SS-Japan and South Wind Realty Finance Cayman Company dated December 30, 2004. The Court accepts the foregoing representations.

The Court, considering the record herein and the arguments of counsel, and good cause appearing therefore, hereby orders as follows:

1. SS-Japan shall fully answer Interrogatory No. 5 propounded by Defendant Mukai in these consolidated cases (served on SS-Japan on October 19, 2006), provided however, SS-Japan's response shall provide a statement of the debits and credits to the Debt, including, without limitation, payments, charges, offsets, write offs, forgiveness, conversions to equity, and interest assessed from

the date of formation of the Debt until December 31, 2006, and shall also state the unpaid balance at each such date. The answer shall consistently state amounts in either U.S. dollars or Japanese yen, but not both.

In addition, SS-Japan shall separately specify the records that show: (a) the original principal balance of the Debt; (b) the rate(s) of interest applied since the Debt was allegedly formed on June 5, 1990; (c) the present owner of the Debt and all others who have owned the Debt since January 25, 2002; (d) the relinquishment of rights of the prior owner(s) of the Debt; (e) the unpaid principal and accrued interest on the Debt as of December 31 of each year from 1990 to 2006; (f) all debits and credits to the Debt from and after June 5, 1990 until SS-Japan's response to this Order, including, without limitation, payments, charges, offsets, write offs, forgiveness, conversions to equity, and interest assessed, including board minutes or resolutions of SS-Waikiki and/or SS-Japan authorizing such debits and credits, and indicating in each instance whether the debit and credit was applied to interest or principal, (g) documentation evidencing the creation of the alleged Debt, including board minutes or resolutions of SS-Waikiki and/or SS-Japan regarding the same, and the promissory note that allegedly forms the basis for the Debt, and (h) any additional records that relate in any fashion to the Debt.. To the extent practicable, the record specification shall eliminate duplicative documents. SS-Japan shall produce the copies of the documents specified in

response to paragraph 1 of this Order, and only those documents. The documents shall be produced in two, clearly identified groups. The first shall consist of the documents showing the facts described in subparts (a) - (g) of paragraph 1 and the second shall consist of documents described in subpart (h) of paragraph 1. Counsel for the defendants shall pay SS-Japan's counsel its reasonable copy costs for such document productions.

2.  If an original signed promissory note exists to support the ¥ 10 billion debt, SS-Japan will make it available to counsel for the KG Parties and Mukai for inspection prior to the time of filing its opposition to the Motion for Partial Summary Judgment filed by the KG Parties on May 10, 2007.

3.  SS-Japan shall produce all the general ledgers, including all transaction details, that are the source of information for the balance sheets, income statements and trial balances for SS-USA and its subsidiaries, including but not limited to the general ledgers and transaction details that support the December 31, 2004 balance sheets, income statements and trial balances for SS-USA and subsidiaries (produced by SS-Japan as documents numbered 256 0253 – 256 0282). SS-Japan shall produce these documents in an electronic format agreed by the parties.

4.  Except as otherwise expressly provided, SS-Japan shall fully comply with this Order no later than 30 days after this Order is entered.

5.  A scheduling conference is set before this Court on June 15, 2007 at 9:30 a.m.

IT IS SO ORDERED

DATED: Honolulu, Hawaii, 6-15-2007.

_____
The Honorable Barry M. Kurren
United States Magistrate Judge

APPROVED AS TO FORM AND CONTENT:

_____
WARREN PRICE III
ROBERT A. MARKS

Attorneys for Defendants and
Third Party Plaintiffs the KG Parties

_____
BRUCE H. WAKUZAWA
JASON H. KIM

Attorneys for Plaintiffs and
Third Party Defendants
The Sports Shinko Companies

_____
WILLIAM BORDNER
JOHN REYES-BURKE

Attorneys for Defendant and
Third Party Plaintiff
Franklin Mukai

5