<u>Supplement to Loan Purchase Agreement</u>

This Supplement to Loan Purchase Agreement (this "Supplemental Agreement"), effective as of December 30, 2004, is made by and between Sports Shinko Co., Ltd., a Japanese limited liability company with its registered head office at Naniwa Bldg. 4-12 Banzaicho, Kita-ku, Osaka (the "Transferor"), and South Wind Realty Finance (Cayman) Company, a Cayman Islands exempted limited liability company acting through its Tokyo Branch with its registered Tokyo Branch at Shibuya Cross Tower Building, 15-1, Shibuya 2-chome, Shibuya-ku, Tokyo (the "Transferee"), to supplement that certain Loan Purchase Agreement dated as of December 30, 2004 (the "LPA") by and between the Transferor and the Transferee. This Supplemental Agreement supplements the LPA, but does not affect the validity of the LPA.

WITNESSETH

WHEREAS, the Transferor has owned the loans (the "Loans"), identified in Exhibit A hereto, to either of Sports Shinko (Hawaii) Co., Ltd., Sports Shinko (Florida) Co., Ltd., Sports Shinko (USA) Co., Ltd., Ocean Resort Hotel Corporation, Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Mililani) Co., Ltd., Sports Shinko (Waikiki) Corporation and Sports Shinko (Europe) SA (collectively the "Borrowers" and individually a "Borrower"), and also any and all rights, choses in action, claims, damages, relief and remedies whether or not reduced to payment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured that are related in any way to the Loans, including but not limited to (1) the claims asserted by the Transferor in the lawsuits now pending in the State of Hawai'i, USA; (2) any and all other claims which could be made relating to or arising from the affairs of the Borrowers and or transactions involving the Borrowers, or any of them (collectively, the "Claims").

WHEREAS, the Transferee has acquired the Loans from the Transferor and desires to acquire the Transferor's interest in any net cash proceeds realized and/or any real property and other assets recovered (after deducting all costs and legal fees incurred after December 30, 2004) as a result of prosecution of the Claims (through litigation, alternative dispute resolution, or otherwise) (the "Net Recovery"), and the Transferor desires to sell its interest in such recovery while retaining the right and the obligation, as assignor, to prosecute the Claims, in consideration of the purchase price (the "Purchase Price") provided for in Section 2.2 herein.

NOW, THEREFORE, the parties hereto have agreed as follows:

1. <u>Assignment and Assumption.</u>
    1.1 Subject to the payment of the Purchase Price, the Transferor hereby sells, transfers and assigns to the Transferee, all of its interest in the Net Recovery effective March 15, 2005, (the "Assignment Date"), and the Transferee hereby accepts such transfer and assignment on the condition that this

CONFIDENTIAL    EXHIBIT 2B    256 0288

contract is being made for its benefit and the Transferor will diligently prosecute the Claims for the joint benefit of the Transferee and the Transferor.

2. Closing.

   2.1 The closing of the transaction (the "Closing") contemplated hereunder shall take place on the Assignment Date. On the Assignment Date, the Transferee shall pay the Purchase Price in cash to the Transferor.

   2.2 In addition to the amounts previously paid under the LPA, the Purchase Price shall be _____ and such other good and valuable consideration as may be agreed upon between the Transferee and the Transferor.

**REDACTED**

The Transferor and the Transferee shall take, at the Transferee's sole cost and expense, all necessary steps to perfect the transfer of the Claims in the manner prescribed by the laws of the State where the claims are being or will be prosecuted by the Transferor. The Transferor and the Transferee will execute any additional documents which either of them, or any tribunal, may determine are needed in order to effectuate the transfer and to permit the Transferor to initiate and prosecute the Claims in the Transferor's own name.

3. Authority of Transferor. The Transferee expressly authorizes and grants to the Transferor the right and authority (a) to participate (in its own name) as a party to any dispute in any court, arbitration, mediation or other legal proceeding on behalf of and for the benefit of the Transferee, as an agent of the Transferee, for the purpose of pursuing and resolving the Claims; (b) to resolve those claims on such terms as the Transferor deems appropriate in its sole discretion and without consultation with the Transferee; and (c) to enforce and collect any judgment or settlement and to deduct therefrom all of its attorneys fees and costs, before transmitting the balance and/or conveying the recovered assets, if any, to the Transferee. The Transferee recognizes and agrees that it will be bound by the results obtained by the Transferor in its efforts to pursue the Claims and the Transferee waives any right to independently pursue any overlapping or duplicative action with respect to any of the Claims. Provided, however, that if it is determined by any tribunal that the participation of the Transferee is required in order to either (a) avoid limiting, impairing, or losing the right to pursue any Claim(s) for the Transferee's benefit, or (b) effectively prosecute one or more of the Claims, the Transferee reserves the right (but not the obligation) to ratify the proceedings and/or join or replace the Transferor in the proceedings to whatever extent and whatever manner may be necessary in order to preserve the right to prosecute those Claim(s). No such actions by the Transferee will affect its obligation to pay the Purchase Price or the allocation of the Net Recovery between the Transferee and the Transferor.

4. As-Is Basis. The purchase and sale of the Claims is on an "as is" basis.

5. Expenses. Any and all expenses arising in connection with the purchase of the Loans by the Transferee

- 2 -

284280-1/6850-5

CONFIDENTIAL

256 0289

hereunder shall be borne by the Transferee. Furthermore, the Transferee shall be responsible for any and all reasonable legal fees and expenses incurred by the Transferor after December 30, 2004 in connection with the prosecution of the Claims, and the Transferee shall from time to time within 30 days of demand by the Transferor reimburse the Transferor therefor or directly pay such legal fees and expenses on behalf of the Transferor if so requested by the Transferor.

6. Governing Law. This Supplemental Agreement shall be governed by and construed in accordance with the internal laws of the State of Hawai'i without giving effect to the principles of conflicts of law.

IN WITNESS WHEREOF, the parties hereto have caused this Supplemental Agreement to be executed as of the date first written above by their duly authorized representatives by affixing the registered seal of such representative.

SPORTS SHINKO CO., LTD.

By: _____
Name: Michihiro Chikubu
Title: Representative Director

SOUTH WIND REALTY FINANCE (CAYMAN) COMPANY,
Tokyo Branch

By: _____
Name: Yoshinki Emori
Title: Representative in Japan

- 3 -

284250-1/6850-5

256 0290

CONFIDENTIAL

Exhibit A

| 借務者名 | 借入日 | 元本残高 | 未収利息残高 | 合計残高 |
|---|---|---|---|---|
| Borrower | Date of Borrowing | Outstanding Principal Amount | Unpaid Interests | Outstanding Amount in Total |
| 1. スポーツ振興ハワイ㈱<br>Sports Shinko (Hawaii) Co., Ltd. | 1986/4/23<br>1986/4/23<br>1986/9/17<br>1987/10/2<br>1987/10/15<br>1987/10/15<br>1987/10/20<br>1987/10/30<br>計 | REDACTED | | |
| 2. スポーツ振興フロリダ㈱<br>Sports Shinko (Florida) Co., Ltd. | 1987/9/21<br>1990/3/30<br>1990/4/13<br>1992/9/21<br>元金増資振替<br>計 | REDACTED | | |
| 3. スポーツ振興USA㈱<br>Sports Shinko (USA) Co., Ltd. | 1989/2/23<br>1990/2/15<br>1991/8/20<br>計 | | | |
| 4. オーシャンリゾートホテル㈱<br>Ocean Resort Hotel Corporation | 1989/2/23<br>1990/1/31<br>計 | REDACTED | | |
| 5. スポーツ振興カウアイ㈱<br>Sports Shinko (Kauai) Co., Ltd. | 1990/10/15 | | | |

- 1 -

Exhibit A

| # | Company | Date |
|---|---|---|
| 6. | スポーツ振興ミリラニ㈱ Sports Shinko (Mililani) Co., Ltd. | 1990/8/31 |
| (1~6：小計) | | |
| 7. | スポーツ振興ワイキキ㈱ Sports Shinko (Waikiki) Corporation | 1990/6/5 |
| 8. | スポーツ振興ヨーロッパ㈱ Sports Shinko (Europe) SA | 1990/6/29<br>1990/6/29<br>1990/10/30<br>1999/2/5<br>1997/11/10<br>2000/7/14<br>1990/10/30 |

**REDACTED**

**REDACTED**

- End -

28425B-1/6850b-5

CONFIDENTIAL

256 0292