Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 07 2007

at __10__ o'clock and __55__ min. __A__ M.
SUE BEITIA, CLERK

PAUL ALSTON                1126-0
BRUCE H. WAKUZAWA          4312-0
GLENN T. MELCHINGER        7135-0
JASON H. KIM               7128-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email:   palston@ahfi.com
         bwakuzawa@ahfi.com
         gmelchinger@ahfi.com
         jkim@ahfi.com

Attorneys for Plaintiffs
and Third-Party Defendants
the Sports Shinko Companies

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., | ) CV 04-00124 BMK |
| | ) CV 04-00127 BMK |
| Plaintiff, | ) |
| | ) CONSOLIDATED CASES |
| vs. | ) |
| | ) **SUBPOENA IN A CIVIL CASE** |
| QK HOTEL, LLC, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| FRANKLIN K. MUKAI, et al., | ) |
| | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| SPORTS SHINKO (USA) CO., LTD., et al., | ) |
| | ) |
| Third-Party Defendants, | ) |

633470v1 / 6850-5

```
                and                      )
                                         )
SPORTS SHINKO (HAWAII) CO.,              )
LTD., et al.,                            )
                                         )
        Third-Party Defendants/          )
        Counterclaimants,                )
                                         )
        vs.                              )
                                         )
QK HOTEL, LLC, et al.,                   )
                                         )
        Third-Party Counterclaim         )
        Defendants.                      )
                                         )
AND CONSOLIDATED CASES                   )
_____  )
```

SUBPOENA IN A CIVIL CASE

TO:     Custodian of Records
        AQUA ENGINEERS, INC.
        3560 Koloa Road
        Kalaheo, HI 96741-9160

✔  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects and electronically stored information at the place, date, and time specified below (list documents or objects): **(SEE ATTACHED EXHIBIT "A")**

Documents and electronically stored information produced pursuant to this Subpoena are to be mailed or couriered to the requesting attorney below, and must be accompanied by the Certification of Custodian of Records attached as Exhibit "B".

| PLACE | DATE AND TIME |
|---|---|
| Glenn T. Melchinger, Esq.<br>ALSTON HUNT FLOYD & ING<br>1001 Bishop St., 18th Floor ASB Tower<br>Honolulu, HI 96813 | September 7, 2007<br>at 10:00 a.m. |

Any organization not a party to these suits that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE                    DATE

_____                           August 28, 2007
Attorney for Plaintiffs
and Third-Party Defendants,
the SS Companies


ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

   Glenn T. Melchinger, Esq.
   Alston Hunt Floyd & Ing
   18th Floor, American Savings Bank Tower
   1001 Bishop Street
   Honolulu, HI  96813
   Telephone:  (808) 524-1800
   E-mail: gtm@ahfi.com


       (See Rule 45, Federal Rules of Civil Procedure,
              Parts C & D on next page)

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE 8-31-07 | PLACE AQUA ENGINEERS 3560 KOLOA RD KALAHEO, HI. 96741 |
| SERVED ON (PRINT NAME) AQUA ENGINEERS | | MANNER OF SERVICE PERSONAL |
| SERVED BY (PRINT NAME) ARNOLD K. KANESHIRO | | TITLE CIVIL DEPUTY |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  8-31-07
                DATE

_[signature]_
SIGNATURE OF SERVER

P.O. Box 851. KALAHEO, HI. 96741
ADDRESS OF SERVER

633470v1 / 6850-5                    4

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of pro- duction or inspection unless commanded to appear for deposition, hear- ing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or at- torney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pur- suant to an order of the court by which the subpoena was issued. If ob- jection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall pro- tect any person who is not a party or an officer of a party from signifi- cant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in per- son, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected mat- ter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or in-formation not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to at- tend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued show s a substantial need for the testimony or material that cannot be otherwise met without un- due hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a descrip- tion of the nature of the documents, communications, or things not pro- duced that is sufficient to enable the demanding party to contest the claim.