ORIGINAL

PRICE OKAMOTO HIMENO & LUM
WARREN PRICE III          1212
ROBERT A. MARKS           2163
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Phone: 808.538.1113
Fax: 808.533.0549
e-mail: ram@pohlhawaii.com

KLEVANSKY & PIPER
SIMON KLEVANSKY           3217-0
ALIKA L. PIPER            6949-0
CARISA LIMA KA'ALA HEE    7372-0
1001 Bishop Street
Pauahi Tower, Suite 770
Honolulu Hawaii 96813
Phone: (808) 524-0155
Fax: (808) 531-6963
E-mail: sklevansky@ggik.com
       apiper@ggik.com;
       kaalahee@ggik.com

Attorneys for KG PARTIES

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 08 2007
at 3 o'clock and 34 min. P.M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., <br><br> Plaintiff, <br><br> vs. <br><br> QK HOTEL, LLC, et al., <br><br> Defendants, <br><br> and <br><br> FRANKLIN K. MUKAI, et al., <br><br> Third-Party Plaintiffs, <br><br> vs. <br><br> SPORTS SHINKO (USA) CO., LTD., et al., | CV 04-00124 ACK-BMK <br> CV 04-00127 ACK-BMK <br><br> CONSOLIDATED CASES <br><br> SUBPOENA DUCES TECUM <br><br> [CUSTODIAN OF RECORDS OF GRANT THORNTON LLP] |

|  |
|---|
| Third-Party Defendants,<br>and<br>SPORTS SHINKO (HAWAII) CO., LTD., et al.,<br>　　　Third-Party Defendants/<br>　　　Counterclaimants,<br>vs.<br>QK HOTEL, LLC, et al.,<br>　　　Third-Party Counterclaim<br>　　　Defendants. |

AND CONSOLIDATED CASES

## SUBPOENA IN A CIVIL CASE

TO:   Custodian of Records
　　　Grant Thornton LLP
　　　1132 Bishop Street, Suite 1000
　　　Honolulu, Hawaii 96813-3421

YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Ralph Rosenberg Court Reports<br>American Savings Bank Tower<br>1001 Bishop Street, Suite 2460<br>Honolulu, Hawaii, 96813 | October 29, 2007<br>9:00 a.m. |

At the place, date, and time specified above, YOU ARE COMMANDED to produce and permit inspection and copying of the papers and files or objects that pertain directly or indirectly in any fashion to Grant Thornton's Client-Assignment Code 0150547-00092.

As used in this subpoena:

**"papers and files"** includes any written (hand-written, typed or printed), electronic (including but not limited to e-mails, word processing documents, spreadsheets, audio files, video files, or presentations) or recorded (including but not limited to photographs, audiotapes or videotapes) material, including but not limited to, letters, reports, memoranda, term sheets, commitment letters, pitch books, offering circulars, financial statements, appointment books, calendars, journals, appraisals, contracts, account statements, charts, minutes, notations, notes, opinions, papers, pictures, projections, telephone records or things similar to any of the foregoing, however denominated, and is intended to have the broadest possible meaning under the Federal Rules of Civil Procedure, and includes, without limitation, any writings, drawings, graphs, charts, photographs, electronic, recorded, digitally encoded, graphic, and/or other data compilations from which information can be obtained, translated if necessary, but the respondent through detection devices into reasonably usable form, or other information, including originals, translations and drafts thereof and all copies bearing notations and marks not found on the original. "Documents" includes any of the foregoing that might be kept in the form of electronically stored information. Such documents should be produced in native format.

Any organization not a party to these suits that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Mark<br>Attorneys for KG PARTIES | October 4, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Robert A. Marks
Price Okamoto Himeno & Lum
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Phone: 808.538.1113

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

5

**PROOF OF SERVICE**

|  | DATE | PLACE |
|---|---|---|
| SERVED | 10-5-07 | 1432 Bishop Street, Suite 1400 Honolulu, HI 96811 |
| SERVED ON (PRINT NAME)  × OFC MGR<br>× DEANNA ALICES  /s/ Deanna Olivier | | MANNER OF SERVICE<br>Personal |
| SERVED BY (PRINT NAME)<br>Kenneth P. Lee | | TITLE<br>Process Server |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _10-5-07_
DATE

_/s/ Kenneth P. Lee_
SIGNATURE OF SERVER

1750 Kalakaua Ave
Honolulu, HI 96826
ADDRESS OF SERVER

6