**PROMISSORY NOTE**

U.S.$4,500,000.00                                                                         January 30, 2002

                                                                                                    HONOLULU, HAWAII

1.      PROMISE TO PAY.

        For value received, OR HOTEL, LLC, a Hawaii limited liability company ("Borrower"), promises to pay to the order of SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawaii corporation. ("Lender"), at 175 Paoakalani Street, Suite 300, Honolulu, Hawaii 96815, or at such other place as Lender may from time to time designate, the principal sum of FOUR MILLION FIVE HUNDRED THOUSAND AND NO/100 UNITED STATES DOLLARS (U.S.$4,500,000.00), together with interest as provided below.

2.      INTEREST RATE.

        Interest on the principal amount of this Note from time to time outstanding will accrue from the date hereof until the total principal sum and all other amounts owing hereunder are paid in full, at the rate of SIX PERCENT (6.0%) per annum. Interest hereunder shall be calculated daily on the basis of a three hundred sixty (360) day year, on the actual number of days elapsed.

3.      PAYMENT OF INTEREST.

        Interest at the rate specified in Section 2 of this Note on the outstanding principal hereunder shall be payable in arrears, on a quarterly basis, commencing ninety (90) days after the date hereof, and continuing on the same day of each third (3rd) month thereafter until the total outstanding principal sum and all other amounts owing hereunder are paid in full.

4.      MATURITY DATE.

        All sums of outstanding principal, together with all accrued and unpaid interest thereon shall be due and payable on or before the date which is ten (10) years after the date hereof (the "Maturity Date"), unless extended by mutual agreement of the parties prior thereto.

5.      PREPAYMENT.

        This Note may be prepaid, either in whole or in part, at any time with no prepayment penalty.

1

6. <u>LATE FEE.</u>

Borrower shall pay to Lender a late payment fee of five percent (5%) of the amount of any payment required under this Note which payment is not received by Lender within ten (10) days after such payment is due.

7. <u>DEFAULT INTEREST RATE.</u>

Should default be made in payment of any installment within twenty (20) days of the date when such payment is due or the Note is not paid in full on or before the Maturity Date, the outstanding principal balance of this Note and all outstanding and unpaid expenses incurred pursuant hereto shall bear interest at the Default Interest Rate (as defined in this Section 7 hereinafter) from the date such payment was due and continuing until such default is cured, and from and after the Maturity Date of this Note. Default Interest shall be computed on the basis of a three hundred sixty (360) day year and paid for the actual number of days elapsed. "<u>Default Interest Rate</u>" or "<u>Default Rate</u>" or "<u>Default Interest</u>" means interest calculated at the rate of NINE PERCENT (9 %) per annum, or the maximum rate permitted by law, whichever is lower.

8. <u>ACCELERATION OF MATURITY.</u>

Borrower agrees that should default be made in payment of any installment within twenty (20) days of the date when such payment is due, Lender may, at its option and without notice, declare immediately due and payable the entire unpaid principal balance of this Note and all accrued interest and Default Interest, if any, together with (to the extent permitted under applicable law) all costs and reasonable fees of legal counsel incurred by Lender in collecting or enforcing payment under this Note. Failure to exercise this option or any other right Lender may, in such event, be entitled to, shall not constitute a waiver of the right to exercise such option or any other right in the event of any subsequent default.

9. <u>APPLICATION OF PAYMENTS.</u>

Unless otherwise provided in this Note or required by applicable law, all payments received by Lender under this Note shall be applied first to accrued and unpaid Default Interest, second to accrued and unpaid interest, third to expenses incurred by Lender and reimbursable hereunder, and finally to outstanding principal.

10. <u>MAXIMUM INTEREST.</u>

Anything elsewhere herein contained in this Note, or any instrument given to assure payment of this Note to the contrary notwithstanding, in no contingency or event whatsoever, whether by reason or deferment or advancement of loan proceeds, acceleration of maturity of the loan evidenced by this Note, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of the money to be loaned hereunder exceed

2

the maximum permissible under applicable law. If, from any circumstance whatsoever, fulfillment of any provision hereof or of any other agreement between Borrower and Lender, at the time performance of such provision shall be due, shall involve exceeding the maximum interest permitted by applicable law, then the obligation to be fulfilled shall be reduced to the limit of such maximum permissible interest. In the event any payment is received by Lender which would otherwise be deemed to be a payment of interest in excess of the maximum allowed by applicable law, such payment shall be deemed to have been paid on account of principal at the time of receipt. The provisions of this paragraph shall never be superseded and may not be waived by either Borrower or Lender.

11.     ASSIGNMENT OF NOTE.

Borrower shall not assign or transfer Borrower's obligations under this Note without the prior written consent of Lender, which consent Lender may withhold for any reason or no reason. However, Lender may assign or transfer Lender's interest under this Note without the prior written consent of Borrower.

12.     WAIVER OF NOTICE.

To the maximum extent permitted by law, Borrower waives valuation and appraisement, presentment, protest and demand, notice of protest, demand and dishonor and nonpayment of this Note and any and all other notices or matters of a like nature.

13.     SEVERABILITY.

The unenforceability or invalidity of any provision or provisions of this Note as to any persons or circumstances shall not render that provision or those provisions unenforceable or invalid as to any other persons or circumstances, and all provisions hereof, in all other respects, shall remain valid and enforceable. The unenforceability or invalidity of any provision or provisions of this Note shall not affect any other provision or provisions hereof, and this Note shall be construed as if such unenforceable or invalid provision or provisions had never been incorporated herein.

14.     BINDING EFFECT.

The terms of this Note shall apply to, inure to the benefit of, and bind the parties hereto, their successors and permitted assigns. Whenever used, the words "Borrower", "Lender" or "holder" shall be deemed to include the respective successors and permitted assigns of Borrower, Lender, or the holder of this Note, as applicable.

15. ATTORNEYS' FEES.

Borrower agrees to pay all costs of collection when incurred, including, but not limited to, reasonable fees of legal counsel whether or not a suit is brought. If any suit or action is instituted by Lender to enforce this Note and/or any other instrument securing or relating to the indebtedness evidenced hereby, Borrower shall pay to Lender, in addition to the costs and disbursements incurred by Lender in connection therewith, such sum as the court may adjudge as reasonable fees of legal counsel in such suit or action.

16. GOVERNING LAW.

This Note is to be construed in accordance with, and governed by, the laws of the State of Hawaii.

17. NO ORAL WAIVER, MODIFICATION OR CANCELLATION.

No provision in this Note may be waived, modified or cancelled orally, but only by an agreement in writing and signed by the party against whom enforcement of any waiver, modification, discharge or cancellation is sought.

18. SUBMISSION TO JURISDICTION.

Borrower hereby submits to the nonexclusive jurisdiction of (a) the United States District Court for the District of Hawaii, and (b) any Hawaii State Court for the City and County of Honolulu, Hawaii, for the purposes of all legal proceedings arising out of or relating to this Note. Borrower irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the venue of any such proceeding brought in such a court and any claim that any such proceeding brought in such a court has been brought in an inconvenient forum.

[signature on next page]

19.     WAIVER OF JURY TRIAL.

BORROWER HEREBY IRREVOCABLY WAIVES TO THE FULLEST EXTENT PERMITTED BY LAW, ANY AND ALL RIGHTS TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATING TO THIS NOTE.

Borrower:                    OR HOTEL, LLC,
                             a Hawaii limited liability company

                             By: _____/s/ Wayne Tanigawa_____
                             Name:  Wayne Tanigawa
                             Title:    Manager

#273222 v1 - promissory note for $4.5M (OR HOTEL, LLC)

A 00450

STATE OF HAWAII            )
                           ) SS:
CITY AND COUNTY OF HONOLULU )

On this 31st day of January 2002, before me appeared Wayne Tanigawa, to me personally known, who being by me duly sworn or affirmed, did say that such person executed the foregoing instrument as the free act and deed of such person, and if applicable in the capacity shown, having been duly authorized to execute such instrument in such capacity.

L.S.

_____
(Signature of Notary)
Print Name of Notary: Shirley S. Higashida
Notary Public, State of Hawaii

My commission expires: 12/27/2002

6

#273222 v1 - promissory note for $4.5M (OR HOTEL, LLC)

A 00451