Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

| | |
|---|---|
| PAUL ALSTON | 1126-0 |
| BRUCE H. WAKUZAWA | 4312-0 |
| GLENN T. MELCHINGER | 7135-0 |
| JASON H. KIM | 7128-0 |

American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai'i  96813
Telephone:  (808) 524-1800
Facsimile:   (808) 524-4591
Email:  palston@ahfi.com
        bwakuzawa@ahfi.com
        gmelchinger@ahfi.com
        jkim@ahfi.com

Attorneys for Plaintiffs
and Third-Party Defendants
the Sports Shinko Companies

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., | ) CV 04-00124 BMK |
| | ) CV 04-00127 BMK |
| Plaintiff, | ) |
| | ) CONSOLIDATED CASES |
| vs. | ) |
| | ) **MEMORANDUM IN SUPPORT** |
| QK HOTEL, LLC, et al., | ) **OF MOTION** |
| | ) |
| Defendants, | ) |
| and | ) |
| | ) |

663515.1 \ 6850-5

| | |
|---|---|
| FRANKLIN K. MUKAI, et al., | )<br>)<br>) |
| Third-Party Plaintiffs, | )<br>) |
| vs. | )<br>) |
| SPORTS SHINKO (USA) CO., LTD., et al., | )<br>)<br>) |
| Third-Party Defendants, | )<br>)<br>) |
| and | )<br>) |
| SPORTS SHINKO (HAWAII) CO., LTD., et al., | )<br>)<br>) |
| Third-Party Defendants/ Counterclaimants, | )<br>)<br>) |
| vs. | )<br>) |
| QK HOTEL, LLC, et al., | )<br>)<br>) |
| Third-Party Counterclaim Defendants. | )<br>)<br>) |
| AND CONSOLIDATED CASES | )<br>) |

**MEMORANDUM IN SUPPORT OF MOTION**

**I.    INTRODUCTION**

On May 10, 2007, the KG Defendants filed a Motion for Partial Summary Judgment (the "Motion"), including an "Appendix I". On August 24, 2007, Sports Shinko filed a Memorandum in Opposition to the Motion (the "MIO"). On October 19, 2007, KG filed a reply memorandum in support of the Motion (the "Reply"). On November 9, 2007, Sports Shinko filed a Sur-Reply. In association with these filings, the parties submitted various confidential tax, financial and other confidential information of Sports Shinko in the pleadings themselves, and in attached declarations and exhibits (collectively, "Filings").

The Parties have in past, in the interest of judicial economy, stipulated to redact or seal similar information. The Defendants have in past, in the interest of judicial economy, not objected to redacted or sealed filings of the same type made here, provided that: (a) their substantive rights in this litigation were not affected; (b) they would not be deemed to agree with or to concede the accuracy of the assertions made in those stipulations; and (c) they might later move to unseal information redacted or

sealed by such stipulations.  Sports Shinko proposes the same treatment here.  Indeed, the Stipulated Protective Order entered herein provides for a process by which information redacted or sealed as confidential may later be unsealed.  *See* 4/10/2007 SPO at ¶¶ 8 & 9.

**II.   ARGUMENT**

**A.   *Kamakana* Does Not Apply Here**

The issues regarding non-disclosure of information in this case are raised by *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), which held that information filed in or related to dispositive motions may only be sealed if there is a compelling reason to do so.  That holding, however, was made in the context of a third party *newspaper* intervenor moving to unseal the records in a whistleblower action involving alleged police corruption--  --namely where an interest to access to judicial records was actually put at issue, in a case involving public institutions.  *Id.*  This rationale of *Kamakana* does not apply in this case, which involves a private civil dispute involving financial information of private companies.

4

No third party intervenor (or any other person) is seeking disclosure of the tax, financial and other information related to the Motion.  The Defendants have not been and will not be substantively or procedurally prejudiced, as the Court and parties each have access to unredacted and unsealed pleadings, declarations, and exhibits, and all have been given a fair chance to meet and respond to the arguments and evidence submitted herein in redacted or sealed form.  Further, Defendant Mukai is Sports Shinko's former attorney, and has ongoing obligations to maintain the confidentiality of Sports Shinko's confidential information.

There is no reason not to allow redaction redacted and/or sealed information in these exhibits and keep it confidential, as "no one outside the litigation is seeking to unseal the motion or responses" or the information in the Filings.  S*ee Madsen v. Fortis Benefits Ins. Co.*, No. CV 04-1959-PHX-JAT, 2006 WL 1981785 (D. Ariz. Jul. 13, 2006) (distinguishing *Kamakana*; no intervening party involved in suit).

Even if this Court were to find that *Kamakana* should apply for some reason, Sports Shinko submits that safeguarding the confidentiality of the confidential information in the Filings constitutes a "compelling reason" to permit the Filings to be placed in the public record with redactions or under seal as proposed: (1) in the Schedule Of Redacted/Sealed Exhibits, Declarations, & Pleadings (the "Schedule") attached hereto; and (2) in the set of proposed redacted/sealed Filings that will be separately lodged with the Court.

Sports Shinko asserts that the Filings listed in the Schedule attached hereto contain confidential financial, tax and other information related to Sports Shinko and non-parties that has been designated as confidential under the Stipulated Protective Orders entered herein on January 25, 2005 and/or April 10, 2007 (collectively, the "SPO").

### B. Reasons for Redacting or Sealing Filings

The reasons for redacting or sealing information are because the filings contain or include: (1) confidential taxpayer information ("CTI"); (2) confidential financial information ("CFI");

(3) information of non-parties ("NP") that may be subject to privacy claims or protected by state law (*e.g.*, EINs and social security numbers protected by ); and/or (4) other confidential information ("OCI").

The specific grounds for the proposed redactions/sealing of the information in the specific Filings are described in the attached Schedule, which is designed to be reviewed with the various lodged Filings lodged with the Filing Clerk and with the unredacted copies of documents that will be lodged with the Court.

### 1.   CTI - Confidential Taxpaper Information

Section 6103 and other provisions of the Internal Revenue Code ("IRC") protect the confidentiality of "return information" as defined in IRC §§ 6103(b)(2).   *See* 26 U.S.C. § 6103. Such "return information" is not available to the public.   *See Church of Scientology v. IRS*, 484 U.S. 9, 18 (1987); *Kamman v. United States IRS*, 56 F.3d 46, 48 (9th Cir. 1995).   Information provided to CPAs and used in creation of workpapers, etc. also may not be disclosed.   26 U.S.C. § 7216.   Here, Sports Shinko has not waived its rights under § 7216.   Sports Shinko agreed to

production of the documents held by its CPAs, including working papers and information provided to the CPAs, on the express condition that all such information would be produced to Defendants after Sports Shinko's review, subject to the SPO filed herein, and used only for the purposes of this litigation.

### 2.   CFI – Confidential Financial Information

Numerous Filings contain financial information (*i.e.*, balance sheets, income statements) from Sports Shinko and other non-parties.  This information is not generally available to the public and Sports Shinko believes it could potentially cause harm if placed online in the public record.

Exhibit 17 to Robert Marks' Declaration filed in support of the October 19, 2007 Reply is a CD ROM containing digital copies of Sports Shinko general ledgers.  These ledgers contain a variety of financial information, including non-party information, and Sports Shinko requests that they be sealed in their entirety.

### 3. NP – Non-Party Information

Numerous filings also contain information related to non-parties. Some is tax preparer information, Employer Identification Numbers ("EIN"s) and/or Social Security Numbers that may be protected by Hawaii privacy laws (and that may raise potential concerns regarding identity theft). Disclosure of such non-party information may subject Sports Shinko to privacy claims by those non-parties, and it requests this information be sealed or redacted as proposed.

### 4. OCI – Other Confidential Information

The Filings contain other confidential information, such as bank account numbers and transfer information. There is no good reason this information should be made public as it does not directly bear on the substance of the dispute. It should remain confidential.

In filing this Motion, Sports Shinko does not waive any right of confidentiality, or any other right, as to any other information or document that has not yet been placed on the record in this case.

### III. CONCLUSION

For the foregoing reasons, Sports Shinko respectfully requests that this Court enter the proposed Order granting this Motion, attached as Exhibit "A", which will be later emailed to the Court in Wordperfect format.

DATED:   Honolulu, Hawai`i, November 28, 2007.

                                               /s/   Glenn T. Melchinger
PAUL ALSTON
BRUCE H. WAKUZAWA

GLENN T. MELCHINGER
JASON H. KIM

Attorneys for Plaintiffs and Third-Party-Defendants the Sport Shinko Companies