PRICE OKAMOTO HIMENO & LUM

WARREN PRICE III            1212
ROBERT A. MARKS             2163
707 Richards Street, Suite 728
Honolulu, Hawaii 96813
Phone: 808.538.1113
Fax: 808.533.0549
e-mail: ram@pohlhawaii.com

KLEVANSKY PIPER & VAN ETTEN, LLP

SIMON KLEVANSKY                 3217-0
CARISA LIMA KA'ALA DUFFY        7372-0
1003 Bishop Street, Suite 770
Honolulu, Hawaii 96813
Phone: 808.536-0200
Fax: 808. 237-5757
e-mail: sklevansky@kpvaw.com
        kduffy@kpvlaw.com

Attorneys for Defendants, Counterclaimants
and Third-Party Plaintiffs KG HOLDINGS,
LLC, KIAHUNA GOLF CLUB, LLC,
KG KAUAI DEVELOPMENT, LLC,
PUKALANI GOLF CLUB, LLC,
KG MAUI DEVELOPMENT, LLC,
MILILANI GOLF CLUB, LLC,
QK HOTEL, LLC, AND OR HOTEL, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation, | CV 04-00124 BMK CONSOLIDATED CASES |
| Plaintiff, | FIRST AMENDED THIRD-PARTY COMPLAINT |
| vs. | |
| QK HOTEL, LLC, a Hawaii limited liability company, KG HOLDINGS LLC, a Hawaii limited liability | |

company, FRANKLIN K. MUKAI,

   Defendants,

 and

FRANKLIN K. MUKAI, QK HOTEL, LLC, a Hawaii limited liability company and KG HOLDINGS LLC, a Hawaii limited liability company,

   Third-Party Plaintiffs,

 vs.

SPORTS SHINKO (USA) CO., LTD, a Delaware corporation, SPORTS SHINKO (KAUAI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawaii corporation, SPORTS SHINKO (MILILANI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (PUKALANI) CO., LTD., a Hawaii corporation, and SPORTS SHINKO (HAWAII) CO., LTD., a Hawaii corporation and SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawaii corporation,

   Third-Party Defendants,

 and

SPORTS SHINKO (HAWAII) CO., LTD., a Hawai'i corporation; SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawai'i corporation; and SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawai'i corporation,

   Third-Party Defendants /

2

Counterclaimants,

vs.

QK HOTEL, LLC, a Hawai'i limited liability company; KG HOLDINGS, LLC, a Hawai'i limited liability company; and FRANKLIN K. MUKAI,

Third-Party Counterclaim Defendants

_____

SPORTS SHINKO CO., LTD., a Japanese corporation,

Plaintiff,

vs.

OR HOTEL, LLC, a Hawaii limited liability company, KG HOLDINGS, LLC, a Hawaii limited liability company, FRANKLIN K. MUKAI,

Defendants,

and

FRANKLIN K. MUKAI, OR HOTEL, LLC, a Hawaii limited liability company and KG HOLDINGS, LLC, a Hawaii limited liability company,

Third-Party Plaintiffs,

vs.

SPORTS SHINKO (USA) CO., LTD, a Delaware croporation, SPORTS SHINKO (KAUAI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawaii corporation, SPORTS SHINKO (MILILANI) CO., LTD., a Hawaii corporation, SPORTS SHINKO

CV 04-00127 BMK

3

(PUKALANI) CO., LTD., a Hawaii corporation, SPORTS SHINKO (HAWAII) CO., LTD., a Hawaii corporation and SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawaii corporation,

   Third-Party Defendants,

 and

SPORTS SHINKO (HAWAII) CO., LTD., a Hawai'i corporation; SPORTS SHINKO RESORT HOTEL CORPORATION, a Hawai'i corporation; and SPORTS SHINKO (WAIKIKI) CORPORATION, a Hawai'i corporation,

   Third-Party Defendants / Counterclaimants,

 vs.

OR HOTEL, LLC, a Hawai'i limited liability company; KG HOLDINGS, LLC, a Hawai'i limited liability company; and FRANKLIN K. MUKAI,

   Third-Party Counterclaim Defendants.

_____

FIRST AMENDED THIRD-PARTY COMPLAINT

THIRD-PARTY PLAINTIFFS KG HOLDINGS, LLC, KIAHUNA

GOLF CLUB, LLC, KG KAUAI DEVELOPMENT, LLC, PUKALANI GOLF

CLUB, LLC, KG MAUI DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC, and OR HOTEL, LLC, (collectively, "KG Companies"), state their third-party claims against THIRD-PARTY DEFENDANTS SPORTS SHINKO (USA) CO., LTD ("SS-USA"), SPORTS SHINKO (HAWAII) CO., LTD., SPORTS SHINKO (KAUAI) CO., LTD., SPORTS SHINKO RESORT HOTEL CORPORATION, SPORTS SHINKO (WAIKIKI) CORPORATION, SPORTS SHINKO (MILILANI) CO., LTD. and SPORTS SHINKO (PUKALANI) CO., LTD. (collectively, excluding SS-USA, "SS Hawaii Entities") in each of these consolidated cases as follows:

## PARTIES

1.   The KG Companies are all limited liability companies formed under the laws of the State of Hawaii and whose principal places of business are in the State of Hawaii.

2.   Third-Party Defendant SPORTS SHINKO (USA) CO., LTD. (SS-USA") is a corporation organized and existing under the laws of the State of Delaware and with its principal place of business in the State of Hawaii.

3.   Third-Party Defendant SPORTS SHINKO (HAWAII) CO., LTD. ("SS-Hawaii") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

4. Third-Party Defendant SPORTS SHINKO (KAUAI) CO., LTD. ("SS-Kauai"), is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

5. Third-Party Defendant SPORTS SHINKO (WAIKIKI) CORPORATION ("SS-Waikiki") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

6. Third-Party Defendant SPORTS SHINKO (MILILANI) CO., LTD. ("SS-Mililani") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

7. Third-Party Defendant SPORTS SHINKO (PUKALANI) CO., LTD. ("SS-Pukalani") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

8. Third-Party Defendant SPORTS SHINKO RESORT HOTEL CORPORATION ("SS-RHC") is a corporation organized and existing under the laws of the State of Hawaii and with its principal place of business in the State of Hawaii.

9. With the exception of SS Hawaii, the SS Hawaii Entities are the "debtors" referenced in the Third Amended Complaints in CV Nos. 04-00124 and 04-00127 filed January 19, 2007 and/or the complaints filed in the Circuit Court of

the First Circuit, State of Hawaii, Civil No. 07-1-0734-04 EEH (complaint filed April 24, 2007) and 07-1-1462-08 BIA (complaint filed August 8, 2007) (collectively, "complaints") or are otherwise liable to the KG Companies for the reasons stated herein.

10. Plaintiff Sports Shinko Co., Ltd. ("SS-Japan" or "Plaintiff") is a Japan corporation.

11. At all times relevant, SS-Japan has been the controlling shareholder of SS-USA. .

12. At all times relevant, SS-USA has been the sole shareholder SS-Hawaii.

13. At all times relevant, SS-Hawaii has been the sole shareholder of SS-RHC, SS-Kauai, SS-Pukalani, and SS-Mililani.

14. At all times relevant, SS-RHC has been the sole shareholder of SS-Waikiki.

15. At all times relevant, each of the SS Hawaii Entities were owned and controlled by the plaintiff.

16. On or about January 15, 2002, the SS Hawaii Entities entered into a Purchase and Sale Agreement ("PSA") with KG Holdings, LLC, pursuant to which, the SS Hawaii Entities agreed to sell, and KG Holdings, LLC, for itself or its nominees, agreed to buy, the Queen Kapiolani Hotel, the Ocean Resort Hotel,

the Pukalani Golf Course and adjacent lands, the Kiahuna Golf Course and adjacent lands, the Mililani Golf Course, and the capital stock of Pukalani STP Co., Ltd. and Sure Transportation, Inc. (collectively, the "SS Hawaii Assets"), all as more fully set forth in the PSA.

17. The transaction contemplated by the PSA was consummated in 2002 in various separate transfers of the SS Hawaii Assets to the designees of KG Holdings, LLC, specifically, KIAHUNA GOLF CLUB, LLC (which took title to the Kiahuna Golf Course from SS-Kauai), KG KAUAI DEVELOPMENT, LLC (which took title to the development property adjacent to the Kiahuna Golf Course from SS-Kauai), PUKALANI GOLF CLUB, LLC (which took title to the Pukalani Golf Course from SS-Pukalani), KG MAUI DEVELOPMENT, LLC (which took title to the development property adjacent to the Pukalani Golf Course from SS-Pukalani), MILILANI GOLF CLUB, LLC (which took title to the Mililani Golf Course from SS-Mililani), OR HOTEL, LLC (which was assigned the ground lease to the Ocean Resort Hotel and took ownership of the improvements on said leasehold property from SS-Waikiki) and QK HOTEL, LLC (which was assigned the ground lease to the Queen Kapiolani Hotel and took ownership of the improvements on said leasehold property from SS-Waikiki). The foregoing limited liability companies, excluding KG Holdings, LLC, are referred to herein as the "KG Hawaii Companies".

18. The plaintiff, SS-USA and the SS Hawaii Entities were aware of, and consented to the execution and performance of the PSA.

19. In the complaints, the plaintiff, SS-USA and the SS Hawaii Entities seek equitable relief and damages, including exemplary damages, as further alleged in the complaints. The complaints are incorporated herein by reference. The foregoing are incorporated as contentions made by the respective plaintiffs in the complaints and not for the truth thereof.

20. In the complaints, Plaintiff, SS-USA and the SS Hawaii Entities allege they were defrauded by the SS Hawaii Entities or certain of them by virtue of the sale of certain of the SS Hawaii Assets to the KG Hawaii Companies, as more fully set forth in the complaints.

## JURISDICTION AND VENUE

21. Jurisdiction is proper if plaintiff's allegations of diversity of citizenship between the plaintiff and defendants in these consolidated cases and the amount in controversy exceeds $75,000 pursuant to 28 USC § 1332, is correct, and pursuant to principles of supplemental jurisdiction embodied in 28 U.S.C. § 1367.

22. Venue is proper in this court pursuant to 28 USC § 1391 because the SS Hawaii Entities do business and reside in this district.

## COUNT 1: BREACH OF PSA

23. The KG Companies repeat and reallege the allegations contained in paragraphs 1 - 22 of this Third-Party Complaint.

24. In the PSA, SS Hawaii and the SS Hawaii Entities made certain representations and warranties that benefit the KG Companies.

25. By virtue of the claims asserted by the plaintiff, SS-USA and the SS Hawaii Entities in the complaints, the SS Hawaii Entities have breached various representations and warranties in the PSA, including the representation and warranty in ¶ 4.1(b) of the PSA.

26. As a result of said breaches, the KG Companies have been damaged in an amount that will be proven at trial.

## COUNT 2: BREACH OF COVENANTS AND WARRANTIES

27. The KG Companies repeat and reallege the allegations contained in paragraphs 1 - 26 of this Third-Party Complaint.

28. In the deeds and assignment of lease instruments transferring the SS Hawaii Assets to the KG Hawaii Companies, covenants and warranties, including covenants of the SS Hawaii Entities' right to sell and convey (or assign) the SS Hawaii Assets, and warranties of title, were made.

29. By virtue of the claims asserted by the plaintiff, SS-USA and the SS Hawaii Entities in the complaints, the SS Hawaii Entities have breached the covenants and warranties made in the foregoing deeds and assignments of lease.

30. As a result of said breaches, the KG Companies have been damaged in an amount that will be proven at trial.

## COUNT 3. ATTORNEYS' FEES
## (THIRD PARTY LITIGATION EXCEPTION)

31. The KG Companies repeat and reallege the allegations contained in paragraphs 1-29 of this Third-Party Complaint.

32. The wrongful acts of the SS Hawaii Entities, in violation of their contractual duties and warranties set forth hereinabove, and the wrongful acts of those acting under their direction and control, caused the KG Parties to incur attorneys' fees and expenses to protect their rights.

## COUNT 4: INDEMNITY AND CONTRIBUTION

33. The KG Companies repeat and reallege the allegations contained in paragraphs 1 - 32 of this Third-Party Complaint.

34. If plaintiff or SS-USA or any of the SS Hawaii Entities, or any of them, was injured and/or damaged as alleged in the complaints (or any of the complaints), such injuries and/or damages were caused or proximately resulted from the acts, omissions or other conduct of SS-USA and/or the other SS Hawaii Entities, and the KG Companies are in no way at fault or liable therefore.

35. If plaintiff or SS-USA or any of the SS Hawaii Entities (or any of them) were injured and/or damaged as alleged in the complaints (or any of the complaints), and if the KG Companies, or any of them, are found to be liable for any such injuries and/or damages as alleged, said injuries and/or damages were proximately caused or contributed to by the acts, omissions or other conduct of SS-USA, the SS Hawaii Entities or any of them, and the KG Companies are entitled to contribution from SS-USA and/or such SS Hawaii Entities, and each of them, to the full extent of such liability, and should have recovery over and against SS-USA and/or such SS Hawaii Entities to the extent of any such recovery in favor of plaintiff or SS-USA or any of the SS Hawaii Entities and against the KG Companies.

36. If plaintiff, SS-USA, any of the SS Hawaii Entities, or any of them, are entitled to any recovery against the KG Companies or any of them, the KG Companies, and each of them, should be held harmless and indemnified by SS-USA and/or the other SS Hawaii Entities.

37. The KG Companies reserve the right to identify and bring claims against additional third-party defendants hereafter.

WHEREFORE the KG Companies pray that judgment be entered against SS-USA and the SS Hawaii Entities as follows:

A. For damages in an amount to be shown at trial.

      B.      For all legal and equitable relief that is just and proper based upon the foregoing claims.

      C.      For their attorneys' fees and costs as an element of damages.

      D.      That if it should be determined that the KG Companies, or any of them, are responsible for damages to plaintiff, SS-USA or any of the SS Hawaii Entities, or any of them, that the KG Companies obtain judgment against SS-USA and/or the other SS Hawaii entities for such sums as may be required to satisfy plaintiff, SS-USA or such the SS Hawaii entities against the KG Companies.

      E.      That if it should be determined that the KG Companies are jointly liable herein with SS-USA and/or the SS Hawaii Entities, the relative degree of fault of each joint tortfeasor be determined and the KG Companies have judgment against SS-USA and/or the SS Hawaii Entities for any excess which may be paid by the KG Companies over and above the KG Companies' pro rata share of such judgment.

      F.      That if it should be determined that the KG Companies, or any of them, are responsible for damages to plaintiff, SS-USA or the SS Hawaii Entities (or any of them) and if it be further determined that the KG Companies, or any of them, are entitled to be indemnified, that the KG Companies have judgment accordingly against SS-USA and/or the other SS Hawaii Entities for the amount of such judgment in favor of plaintiff, SS-USA or the other SS Hawaii Entities and

that the KG Companies have costs and expenses of defending these suits, including reasonable attorneys' fees, be awarded in their favor and against SS-USA and/or the other SS Hawaii Entities.

G. To the extent of any judgment against the plaintiff, that the KG Companies may have a setoff against amounts owing to the SS Hawaii Entities pursuant to contractual or other obligations owing to them.

H. That the KG Companies have such other and further relief as the Court deems just and equitable.

DATED: Honolulu, Hawaii, January 11, 2008.

/s/ Robert A. Marks
WARREN PRICE III
ROBERT A. MARKS
SIMON KLEVANSKY
CARISA LIMA KA'ALA DUFFY

Attorneys for Defendants, Third Party Plaintiffs and Counterclaimants KG Holdings, LLC, QK Hotel, LLC, OR Hotel, LLC, Pukalani Golf Club, LLC, KG Maui Development, LLC, Mililani Golf Club, LLC, Kiahuna Golf Club, LLC and KG Kauai Development, LLC