PRICE OKAMOTO HIMENO & LUM

WARREN PRICE III                    1212
ROBERT A. MARKS                     2163
707 Richards Street, Suite 728
Honolulu, Hawaii  96813
Phone: 808.538.1113
Fax: 808.533.0549
E-mail: ram@pohlhawaii.com

KLEVANSKY PIPER & VAN ETTEN, LLP

SIMON KLEVANSKY                     3217-0
CARISA LIMA KA'ALA DUFFY            7372-0
1003 Bishop Street, Suite 770
Honolulu, Hawaii  96813
Phone: 808.536-0200
Fax: 808. 237-5757
e-mail: sklevansky@kpvaw.com
          kduffy@kpvlaw.com

Attorneys for Defendants, Counterclaimants
and Third-Party Plaintiffs KG HOLDINGS,
LLC, KIAHUNA GOLF CLUB, LLC,
KG KAUAI DEVELOPMENT, LLC,
PUKALANI GOLF CLUB, LLC,
KG MAUI DEVELOPMENT, LLC,
MILILANI GOLF CLUB, LLC,
QK HOTEL, LLC, AND OR HOTEL, LLC

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SPORTS SHINKO CO., LTD., a Japanese corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>QK HOTEL, LLC, a Hawai'i limited liability company; KG HOLDINGS, LLC, | CV 04-00124 BMK<br>CONSOLIDATED CASES<br><br>FIRST AMENDED<br>COUNTERCLAIM |

a Hawai'i limited liability company and
FRANKLIN K. MUKAI,

          Defendants,

   and

FRANKLIN K. MUKAI, QK HOTEL,
LLC, a Hawaii limited liability
company and KG HOLDINGS LLC, a
Hawaii limited liability company,

          Third-Party Plaintiffs,

    vs.

SPORTS SHINKO (USA) CO., LTD, a
Delaware corporation; SPORTS
SHINKO (KAUAI) CO., LTD., a
Hawaii corporation, SPORTS SHINKO
(WAIKIKI) CORPORATION, a
Hawaii corporation, SPORTS SHINKO
(MILILANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawaii
corporation, and SPORTS SHINKO
(HAWAII) CO., LTD., a Hawaii
corporation and SPORTS SHINKO
RESORT HOTEL CORPORATION, a
Hawaii corporation,

          Third-Party Defendants,

   and

SPORTS SHINKO (HAWAII) CO.,
LTD., a Hawai'i corporation; SPORTS
SHINKO RESORT HOTEL
CORPORATION, a Hawai'i corporation;
and SPORTS SHINKO (WAIKIKI)
CORPORATION, a Hawai'i corporation,

          Third-Party Defendants /
          Counterclaimants,

    vs.

QK HOTEL, LLC, a Hawai'i limited
liability company; KG HOLDINGS, LLC,
a Hawai'i limited liability company; and
FRANKLIN K. MUKAI,

       Third-Party Counterclaim
       Defendants

_____

SPORTS SHINKO CO., LTD., a
Japanese corporation,

       Plaintiff,

    vs.

OR HOTEL, LLC, a Hawaii limited
liability company, KG HOLDINGS,
LLC, a Hawaii limited liability
company, FRANKLIN K. MUKAI,

       Defendants,

    and

FRANKLIN K. MUKAI, OR HOTEL,
LLC, a Hawaii limited liability
company and KG HOLDINGS, LLC, a
Hawaii limited liability company,

       Third-Party Plaintiffs,

    vs.

SPORTS SHINKO (USA) CO., LTD.,
a Delaware corporation, SPORTS
SHINKO (KAUAI) CO., LTD., a
Hawaii corporation, SPORTS SHINKO
(WAIKIKI) CORPORATION, a
Hawaii corporation, SPORTS SHINKO
(MILILANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(PUKALANI) CO., LTD., a Hawaii
corporation, SPORTS SHINKO
(HAWAII) CO., LTD., a Hawaii
corporation and SPORTS SHINKO

CV 04-00127 BMK

3

RESORT HOTEL CORPORATION, a
Hawaii corporation,

       Third-Party Defendants,

   and

SPORTS SHINKO (HAWAII) CO.,
LTD., a Hawai'i corporation; SPORTS
SHINKO RESORT HOTEL
CORPORATION, a Hawai'i
corporation; and SPORTS SHINKO
(WAIKIKI) CORPORATION, a
Hawai'i corporation,

       Third-Party Defendants /
       Counterclaimants,

   vs.

OR HOTEL, LLC, a Hawai'i limited
liability company; KG HOLDINGS,
LLC, a Hawai'i limited liability
company; and FRANKLIN K.
MUKAI,

       Third-Party Counterclaim
       Defendants.

_____

## FIRST AMENDED COUNTERCLAIM

Defendants KG HOLDINGS, LLC, KIAHUNA GOLF CLUB, LLC, KG

KAUAI DEVELOPMENT, LLC, PUKALANI GOLF CLUB, LLC, KG MAUI

DEVELOPMENT, LLC, MILILANI GOLF CLUB, LLC, QK HOTEL, LLC,

and OR HOTEL, LLC (collectively, "KG Parties") hereby state their

counterclaims against plaintiff SPORTS SHINKO CO., LTD. ("SS-Japan" or

"Plaintiff") in each of the consolidated cases as follows:

## INCORPORATION BY REFERENCE

1.      The KG Parties incorporate by reference into this counterclaim each of the allegations in the Third Amended Complaints in CV Nos. 04-00124 and 04-00127 filed January 19, 2007 (the "federal complaints"), and the complaints filed in the Circuit Court of the First Circuit, State of Hawaii, Civil No. 07-1-0734-04 EEH (complaint filed April 24, 2007) and 07-1-1462-08 BIA (complaint filed August 8, 2007) (collectively, with the federal complaints, "complaints").  The foregoing are incorporated as contentions made by the respective plaintiffs in the complaints and not for the truth thereof.

## FACTUAL ASSERTIONS

2.      Plaintiff/counterclaim defendant SS-Japan is a Japan corporation.

3.      At all times relevant, SS-Japan has been the controlling shareholder of SS-USA.  SS-USA is a Delaware corporation.

4.      At all times relevant, SS-USA has been the sole shareholder of Sports Shinko (Hawaii) Co., Ltd. ("SS-Hawaii"), a Hawaii corporation.

5.      At all times relevant, SS-Hawaii has been the sole shareholder of the following Hawaii corporations:  Sports Shinko Resort Hotel Corporation ("SS-RHC"), Sports Shinko (Kauai) Co., Ltd., Sports Shinko (Pukalani) Co., Ltd., and Sports Shinko (Mililani) Co., Ltd. ("SS-Mililani").

6.     At all times relevant, SS-RHC has been the sole shareholder of Sports Shinko (Waikiki) Corporation ("SS-Waikiki"), a Hawaii corporation.  SS-Pukalani, SS-Mililani, SS-Kauai, SS-RHC and SS-Waikiki are collectively referred to as the "SS Hawaii Entities".

7.     At all times relevant, SS Hawaii and each of the SS Hawaii Entities were owned and controlled by SS-USA which, in turn, was owned and controlled by plaintiff.

8.     The SS Hawaii Entities are the "debtors" as defined and referenced in the complaints.

9.     On or about January 15, 2002, the SS Hawaii Entities and SS-Hawaii entered into a Purchase and Sale Agreement ("PSA") with KG Holdings, LLC, pursuant to which the SS Hawaii Entities agreed to sell, and KG Holdings, LLC, for itself or its nominees, agreed to buy, the Queen Kapiolani Hotel, the Ocean Resort Hotel, the Pukalani Golf Course and adjacent lands, the Kiahuna Golf Course and adjacent lands, the Mililani Golf Course, and the capital stock of Pukalani STP Co., Ltd. and Sure Transportation, Inc., (collectively, the "SS Hawaii Assets") all as more fully set forth in the PSA.

10.     The transaction contemplated by the PSA was consummated in 2002 in various separate transfers of the SS Hawaii Assets to the designees of KG Holdings, LLC, specifically, KIAHUNA GOLF CLUB, LLC (which took title to

the Kiahuna Golf Course), KG KAUAI DEVELOPMENT, LLC (which took title to the development property adjacent to the Kiahuna Golf Course), PUKALANI GOLF CLUB, LLC (which took title to the Pukalani Golf Course), KG MAUI DEVELOPMENT, LLC (which took title to the development property adjacent to the Pukalani Golf Course), MILILANI GOLF CLUB, LLC (which took title to the Mililani Golf Course), OR HOTEL, LLC (which was assigned the ground lease to the Ocean Resort Hotel and took ownership of the improvements on said leasehold property) and QK HOTEL, LLC (which was assigned the ground lease to the Queen Kapiolani Hotel and took ownership of the improvements on said leasehold property). The foregoing limited liability companies, excluding KG Holdings, LLC, are referred to herein as the "KG Hawaii Companies".

11.    The plaintiff was aware of, and consented to the execution and performance of the PSA.

12.    Plaintiff alleges it was defrauded by the SS Hawaii Entities by virtue of the sale of certain of the SS Hawaii Assets to the KG Hawaii Companies, as more fully set forth in the federal complaints and the complaint in Hawaii 1st Cir. Civil No. 07-1-1462-08 BIA.

13.    In the PSA, SS Hawaii and the SS Hawaii Entities made certain representations and warranties that benefit KG Holdings, LLC and the KG Hawaii Companies.

7

## COUNT 1: VICARIOUS LIABILITY

14.     The KG Parties repeat and reallege the allegations contained in paragraphs 1 - 14 of this counterclaim.

15.     The plaintiff, as principal and ultimately, as the controlling shareholder of the SS Hawaii Entities and SS-Hawaii or otherwise, is vicariously liable to the KG Parties for the alleged misconduct of the SS Hawaii Entities alleged in the complaints.

16.     The plaintiff, as principal and ultimately, as the controlling shareholder of the SS Hawaii Entities and SS-Hawaii or otherwise, is vicariously liable to the KG Parties for breach of the representations and warranties of the PSA set forth in the First Amended Third Party Complaint filed concurrently herewith (which allegations are incorporated herein by reference).

17.     The plaintiff, as principal and ultimately, as the controlling shareholder of the SS Hawaii Entities and SS-Hawaii or otherwise, is vicariously liable to the KG Parties for the breach of the covenants and warranties found in the deeds and assignments of lease transferring the SS Hawaii Assets to the KG Hawaii Companies.

18.     The amount of such liability will be shown at trial.

COUNT 2: ALTER EGO LIABILITY

19.     The KG Parties repeat and reallege the allegations contained in paragraphs 1 - 18 of this counterclaim.

20.     The SS Hawaii Entities and SS-Hawaii (and each of them) are the alter egos of the plaintiff, and therefore, plaintiff is legally responsible for the alleged misconduct and breaches of covenants and warranties of the SS Hawaii Entities and SS-Hawaii.

21.     The plaintiff, as the alter ego of the SS Hawaii Entities and SS-Hawaii, is legally responsible to the KG Parties for breaches of the representations and warranties of the PSA.

22.     The plaintiff, as the alter ego of the SS Hawaii Entities and SS-Hawaii, is legally responsible to the KG Parties for the breach of the covenants and warranties found in the deeds and assignments of lease transferring the SS Hawaii Assets to the KG Hawaii Companies.

23.     As a result of the foregoing, the KG Parties have been damaged in an amount that will be proven at trial.

WHEREFORE the KG Parties pray as follows for relief on their counterclaims against plaintiff:

a.      That the complaints be dismissed and judgment be entered that plaintiff take nothing against the KG Parties.

b.      That the KG Parties be granted all legal and equitable relief that is just and proper based upon the foregoing, including indemnity and/or contribution from plaintiff.

c.      That if it should be determined that the KG Parties, or any of them, are responsible for damages to plaintiff, that the plaintiff be adjudicated to be liable to the KG Parties in like amount based upon the allegations in this counterclaim.

d.      That the KG Parties be awarded prejudgment interest.

e.      That the KG Parties be awarded attorneys' fees and costs.

f.      That the KG Parties be permitted to set off against the contractual or other obligations to the SS Hawaii Entities any amounts awarded to the KG Parties hereunder.

g.      That the KG Parties be awarded such other and further relief that the Court deems just and proper.

DATED:  Honolulu, Hawaii, January 11, 2008.


/s/ Robert A. Marks
WARREN PRICE III
ROBERT A. MARKS
SIMON KLEVANSKY
CARISA LIMA KA'ALA DUFFY

Attorneys for Defendants, Counterclaimants
and Third-Party Plaintiffs KG HOLDINGS,
LLC, KIAHUNA GOLF CLUB, LLC,
KG KAUAI DEVELOPMENT, LLC,
PUKALANI GOLF CLUB, LLC,
KG MAUI DEVELOPMENT, LLC,
MILILANI GOLF CLUB, LLC,
QK HOTEL, LLC, AND OR HOTEL, LLC