| | | |
|---|---|---|
| 11:33:15 | 1 | A. I don't know the rationale with respect to his |
| 33:20 | 2 | thoughts on that. |
| 11:33:22 | 3 | Q. Did you and your law firm form the management |
| 11:33:43 | 4 | companies? |
| 11:33:46 | 5 | A. I don't think so. I can't recall. |
| 11:33:58 | 6 | Q. Why don't you think so? |
| 11:34:00 | 7 | A. Why don't I think so? |
| 11:34:09 | 8 | Q. Is there something that's in your mind that leads you |
| 11:34:11 | 9 | to believe you did not form the management companies? |
| 11:34:14 | 10 | A. I think that basically what we were doing, we're |
| 11:34:25 | 11 | separating the management company from the land owner so |
| 11:34:27 | 12 | somebody else should form that management company. My best |
| 11:34:37 | 13 | understanding. |
| :34:38 | 14 | Q. Why did you think someone else should form them? |
| 11:34:42 | 15 | A. Because they were two independent companies. |
| 11:34:51 | 16 | Q. And therefore what? |
| 11:34:54 | 17 | A. And therefore if they're going to have a management |
| 11:35:00 | 18 | company, management agreement, then they should be represented |
| 11:35:02 | 19 | by a different company. |
| 11:35:04 | 20 | Q. Because otherwise there would be a conflict of |
| 11:35:07 | 21 | interest in having one attorney represent both? |
| 11:35:13 | 22 | A. Well, maybe, maybe not. But I think that's basically, |
| 11:35:18 | 23 | what the thought process was at the time. |
| 11:35:18 | 24 | Deposition Exhibit 2 was |
| 11:35:18 | 25 | marked for identification. |

RALPH ROSENBERG COURT REPORTERS, INC.
Honolulu, Hawaii (808) 524-2090

EXHIBIT 4

| | | |
|---|---|---|
| 11:35:29 | 1 | Q. Mr. Mukai, could you look at Exhibit 2, please. |
| :36:00 | 2 | A. (Viewing.) Okay. |
| 11:36:41 | 3 | Q. Do you recognize Exhibit 2? |
| 11:36:44 | 4 | A. That's my signature. I recognize the, uh, as I read |
| 11:36:50 | 5 | it. |
| 11:36:51 | 6 | Q. This is a letter from you to Satoshi Kinoshita with |
| 11:36:56 | 7 | enclosures, correct? |
| 11:36:59 | 8 | A. That's correct. |
| 11:36:59 | 9 | Q. Included in what you're sending him are articles of |
| 11:37:08 | 10 | incorporation for Management Services of the Pacific and |
| 11:37:11 | 11 | articles of incorporation for Far East Managements Services, |
| 11:37:15 | 12 | Inc.; is that correct? |
| 11:37:16 | 13 | A. Correct. |
| :37:17 | 14 | Q. Did you and your law firm form these corporations? |
| 11:37:22 | 15 | A. I believe so. |
| 11:37:22 | 16 | Q. Do you know what purpose these corporations were |
| 11:37:27 | 17 | formed for? |
| 11:37:28 | 18 | A. Not entirely sure, but I believe that they're |
| 11:38:01 | 19 | corporations that might be management companies. |
| 11:38:05 | 20 | Q. For the Sports Shinko Hawaii properties? |
| 11:38:07 | 21 | A. I don't believe so. I'm not sure. |
| 11:38:18 | 22 | Q. Why don't you believe that they were for the Sports |
| 11:38:24 | 23 | Shinko Hawaii properties? |
| 11:38:24 | 24 | A. Just by the name. And --. |
| 11:38:44 | 25 | Q. Other than that? |

| | | |
|---|---|---|
| 11:38:44 | 1 | A. I think the Hawaii properties was a different company. |
| 11:38:50 | 2 | Q. Do you have any understanding as to what Management |
| 11:38:56 | 3 | Services of the Pacific and Far East Management Services were |
| 11:38:59 | 4 | supposed to manage? |
| 11:39:02 | 5 | A. Not sure. But my recollection, I guess, is that these |
| 11:39:08 | 6 | companies were dissolved shortly. |
| 11:39:15 | 7 | Q. Yeah, they may have been dissolved afterwards. But |
| 11:39:20 | 8 | I'm talking about when you formed them, were they designed to |
| 11:39:24 | 9 | manage some properties belonging to Sports Shinko, whether in |
| 11:39:28 | 10 | Hawai`i or somewhere else? |
| 11:39:32 | 11 | A. That could be. |
| 11:39:37 | 12 | Q. Do you have any reason to believe that they were |
| 11:39:41 | 13 | formed to manage properties other than properties owned by |
| 11:39:48 | 14 | Sports Shinko? |
| 11:39:53 | 15 | A. Not sure. |
| 11:39:55 | 16 | Q. Then it mentions a resignation letter of Geraldine |
| 11:40:03 | 17 | Calaycay? |
| 11:40:04 | 18 | A. Yeah. |
| 11:40:06 | 19 | Q. Do you know who Geraldine Calaycay is? |
| 11:40:07 | 20 | A. She's a secretary. |
| 11:40:09 | 21 | Q. Secretary of what? |
| 11:40:11 | 22 | A. At my law firm. |
| 11:40:14 | 23 | Q. Do you know how it is that she became an officer and |
| 11:40:18 | 24 | director of the companies? |
| 11:40:19 | 25 | A. Well, in the incorporation process, it's not an |

| | | |
|---|---|---|
| 11:40:24 | 1 | uncommon practice to just form the companies and shift the -- |
| :40:39 | 2 | resign the original directors and officers and put in a new set |
| 11:40:46 | 3 | of officers and directors. |
| 11:40:47 | 4 | Q.   At the time, August 7, 2000, was she your secretary? |
| 11:40:54 | 5 | A.   That's correct. |
| 11:40:56 | 6 | Q.   Why was she made the officer and director of both |
| 11:41:02 | 7 | corporations as opposed to you? |
| 11:41:03 | 8 | A.   No reason.  Just simple. |
| 11:41:10 | 9 | Q.   What do you mean by "simple"? |
| 11:41:12 | 10 | A.   Well, let me go back.  There's no reason, no reason |
| 11:41:21 | 11 | why, other than myself being named on the corporation. |
| 11:41:30 | 12 | Q.   There's no reason that she was named as an officer and |
| 11:41:33 | 13 | director -- |
| :41:34 | 14 | A.   I guess what I'm saying is that it could have been |
| 11:41:38 | 15 | anybody in the office named. |
| 11:41:41 | 16 | Q.   Let me ask the question because there wasn't actually |
| 11:41:45 | 17 | a question pending.  When you said "there's no reason," there's |
| 11:41:48 | 18 | no reason that your secretary was made an officer and director |
| 11:41:51 | 19 | of these corporations versus you; is that correct? |
| 11:41:54 | 20 | A.   You or anybody else in the law firm. |
| 11:42:01 | 21 | Q.   If you look on the stamped page of this exhibit, |
| 11:42:09 | 22 | 1590017, it's her resignation.  Do you see that? |
| 11:42:16 | 23 | A.   Yes. |
| 11:42:18 | 24 | Q.   Then the page after that is her resignation from the |
| 11:42:24 | 25 | other corporation? |

RALPH ROSENBERG COURT REPORTERS, INC.
Honolulu, Hawaii (808) 524-2090

SPORTS SHINKO HAWHI  U LTD          FAX NO. : 808 931 4396          Mar. 21 2002 08:35PM  P2
'00  MON 13:40 FAX                                                                         ☒001

# McCORRISTON MILLER MUKAI MacKINNON LLP
### ATTORNEYS AT LAW

August 7, 2000

VIA FAX - 011-816-6313-1871
Mr. Satoshi Kinoshita
c/o Sports Shinko Co., Ltd.
(Osaka Office)

Dear Satoshi:

      Re:   Management Services of the Pacific, Inc. and
              Far East Management Services, Inc.

Enclosed are the following:

- Copy of *filed* Articles of Incorporation for Management Services of the Pacific, Inc.

- Copy of *filed* Articles of Incorporation for Far East Management Services, Inc.

- Resignation letter of Geraldine B. Calaycay as an officer/director of both corporations.

- Written Consent of the Stockholder (for both corporations) to election of Satoshi Kinoshita as sole director. Please return a signed copy to us.

- Written Consent of the Board of Directors (for both corporations) to election of Satoshi Kinoshita as sole officer. Please returned a signed copy to us.

- Stock Option Agreement (for both corporations). We leave this to your discretion as to whether it should be signed.

     We are presently preparing the Corporate Record Books and stock certificates which we will give to you upon your return.

Very truly yours,

McCORRISTON MILLER MUKAI MacKINNON LLP

Franklin K. Mukai

FKM:gc
Enclosures

EXHIBIT
2
mukai 12/12/07

159 0008

P.O. Box 2800 - Honolulu, Hawaii 96803-2800
Five Waterfront Plaza, 4th Floor - 500 Ala Moana Boulevard - Honolulu, Hawaii 96813
Telephone: (808) 529-7300 - Fax: (808) 524-8293 - E-mail: info@m4law.com

SPORTS SHINKO HAWAII CO LTD    FAX NO. : 808 931 4396    Mar. 21 2002 08:36PM P3
07/00 MON 13:40 FAX                                                          ☐003

DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS

STATE OF HAWAII

In the Matter of the Incorporation    )
                                      )
              of                      )
                                      )
FAR EAST MANAGEMENT                   )
SERVICES, INC.                        )
                                      )
_____)



ARTICLES OF INCORPORATION

OF

FAR EAST MANAGEMENT SERVICES, INC.

KNOW ALL MEN BY THESE PRESENTS:

That I/we, the undersigned, desiring to become incorporated as a corporation under and in accordance with the laws of the State of Hawaii, and to obtain the rights and benefits conferred by said laws upon corporations, do hereby associate ourselves together and unite and form a corporation, and do make and enter into the following Articles of Incorporation, the terms whereof it is agreed shall be equally obligatory upon the parties hereto and upon all who from time to time may hold stock in the corporation.

I.

The name of the corporation shall be FAR EAST MANAGEMENT SERVICES, INC.

II.

The location of the principal office of the corporation shall be at Honolulu, Hawaii, and the specific address of the initial office of the corporation shall be 500 Ala Moana Boulevard, Five Waterfront Plaza, #400, Honolulu, Hawaii 96813.

The corporation may have such other offices within and without the State of Hawaii as its business may from time to time require, and as its Board of Directors may designate.

F:\USERS\CC\kinoshita.new corp\Articles.vpd

159 0009

SHINKO HAWAII Co LTD    FAX NO. : 808 931 4396    Mar. 21 2002 08:36PM  P4
15:40 FAX                                                                    ☒004

### III.

1. The authorized capital of the corporation shall be divided into Twenty Thousand (20,000) shares of no par common.

2. Subject to the pre-emptive rights of the holders of common stock as set forth in paragraph 3 of this Article III, the Board of Directors is authorized to determine the consideration and the terms and conditions upon which and the persons to whom authorized and unissued shares whether originally authorized or created additionally, may be issued and sold and what portion of consideration shall constitute capital and what portion, if any, paid-in surplus, subject to applicable provisions of these Articles and of law.

3. In case of any increase of the outstanding capital stock of the corporation by the issuance or reissuance of any shares of any class, or by the issuance of any obligation or securities convertible into shares of capital stock, such stock, obligations or securities shall, unless otherwise provided by the vote of the holders of not less than two-thirds (2/3) of the common stock issued and outstanding, before being sold or offered to others, be offered to the holders of the common stock of the corporation as of the date of issuance as shown by the stock books of the corporation upon such terms, which terms shall not be less favorable than the terms upon which said shares are thereafter sold to others, as shall be determined by the Board of Directors in proportion to the shares of common stock respectively held by such shareholders at such date.

### IV.

The corporation shall have a Board of Directors of not less than the number of shareholders there are in the corporation at any given time; provided, that, if the corporation has three or more shareholders, the corporation shall have three or more directors. The members of the Board of Directors shall be elected or appointed at such times, in such manner and for such terms as may be prescribed by the By-Laws. No director need be a shareholder of the corporation.

The Board of Directors of the corporation, without the approval of the shareholders of the corporation, or of any percentage thereof, may authorize the borrowing of money or the incurring of debts, even though as a result thereof the amount of the corporation's indebtedness may exceed the capital stock.

### V.

No contract or other transaction between the corporation and any other corporation or any firm, association, or other organization, and no act of the corporation, shall in any way be affected or invalidated by the fact that any of the directors or officers of the corporation are

parties to such contract or transaction or act or are pecuniarily or otherwise interested in the same or are directors or officers or members of any such other corporation, provided, that the interest of such director or officer shall be disclosed or shall have been known to the Board of Directors authorizing or approving the same, or to a majority thereof. Any director of the corporation who is pecuniarily or otherwise interested in or is a director or officer or member of such other corporation or any such firm, association or other organization, may be counted in determining a quorum of any meeting of the Board of Directors which shall authorize or approve any such contract, transaction or act, and may vote thereon with like force and effect as if he were in no way interested therein. Neither any director nor officer of the corporation, being so interested in any such contract, transaction, or act of the corporation which shall be approved by the Board of Directors of the corporation, nor any corporation, firm, association, or other organization in which such director, or officer may be interested, shall be liable or accountable to the corporation, or to any shareholder thereof, for any loss incurred by the corporation pursuant to or by reason of such contract, transaction, or act, or for any gain received by any such other party pursuant thereto or by reason thereof.

### VI.

The names and residence addresses of the initial directors who are to serve until their successors are elected as provided by the By-Laws are as follows:

| Name | Residence Address |
|---|---|
| Geraldine B. Calaycay | 1419 Dominis Street #1408 Honolulu, HI  96822 |

### VII.

The officers of the corporation shall consist of a president, one or more vice-presidents as may be prescribed by the By-Laws, a secretary, and a treasurer, each of whom shall be elected or appointed by the Board of Directors at such time and in such manner as may be prescribed by the By-Laws. The Board of Directors may also elect or appoint a Chairman of the Board who, when so elected or appointed, shall be an officer of the corporation. Such other officers and assistant officers and agents as may be deemed necessary may be elected or appointed by the Board of Directors or chosen in such other manner as may be prescribed by the By-Laws. Any two or more offices may be held by the same individual; provided that if the corporation has two or more directors, it shall have not less than two individuals as officers. No officer or subordinate officer need be a shareholder of the corporation. The same person may hold at the same time an office and also be a director.

P:\USERS\OC\kinoshita sportscorp\articles.wpd        3                      159 0011

SPORTS SHINKO HAWAII CO., LTD    FAX NO. : 808 931 4396    Mar. 21 2002 08:38PM P6

VIII.

The following persons shall act as the initial officers of the corporation until their successors are appointed as provided for in the By-Laws:

| Office | Name | Residence Address |
|---|---|---|
| President/Vice President/Secretary/Treasurer | Geraldine B. Calaycay | 1419 Dominis Street #1408 Honolulu, HI 96822 |

IX.

The corporation shall be liable for its debts to the extent of all its property, but no shareholder shall be liable for the debts of the corporation beyond the amount which may be due and unpaid upon the share, or shares owned by him.

X.

The duration of the corporation shall be perpetual.

XI.

The corporation may distribute to its shareholders out of capital surplus, a portion of its assets in cash or in property in accordance with law.

I/WE CERTIFY under the penalties of Section 415-136, Hawaii Revised Statutes, that I/we have read the above statements and that the same are true and correct.

WITNESS my hand this 3rd day of August, 2000.

_____
GERALDINE B. CALAYCAY

DEPARTMENT OF COMMERCE AND CONSUMER AFFAIRS

STATE OF HAWAII

In the Matter of the Incorporation　)
　　　　　　　　　　　　　　　　　)
　　　　　　　of　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
MANAGEMENT SERVICES OF　　　　　　)
THE PACIFIC, INC.　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)



RECEIVED
AUG - 3 2000
2:01PM
Dept of Commerce & Consumer Affairs
STATE OF HAWAII

ARTICLES OF INCORPORATION

OF

MANAGEMENT SERVICES OF THE PACIFIC, INC.

KNOW ALL MEN BY THESE PRESENTS:

That I/we, the undersigned, desiring to become incorporated as a corporation under and in accordance with the laws of the State of Hawaii, and to obtain the rights and benefits conferred by said laws upon corporations, do hereby associate ourselves together and unite and form a corporation, and do make and enter into the following Articles of Incorporation, the terms whereof it is agreed shall be equally obligatory upon the parties hereto and upon all who from time to time may hold stock in the corporation.

I.

The name of the corporation shall be MANAGEMENT SERVICES OF THE PACIFIC, INC.

II.

The location of the principal office of the corporation shall be at Honolulu, Hawaii, and the specific address of the initial office of the corporation shall be 500 Ala Moana Boulevard, Five Waterfront Plaza, #400, Honolulu, Hawaii 96813.

The corporation may have such other offices within and without the State of Hawaii as its business may from time to time require, and as its Board of Directors may designate.

159 0013

SPORTS SHINKO HAWAII CO LTD        FAX NO. : 808 931 4396        Mar. 21 2002 08:39PM  P8
MON 13:41 FAX                                                                      ☒008

## III.

1. The authorized capital of the corporation shall be divided into Twenty Thousand (20,000) shares of no par common.

2. Subject to the pre-emptive rights of the holders of common stock as set forth in paragraph 3 of this Article III, the Board of Directors is authorized to determine the consideration and the terms and conditions upon which and the persons to whom authorized and unissued shares whether originally authorized or created additionally, may be issued and sold and what portion of consideration shall constitute capital and what portion, if any, paid-in surplus, subject to applicable provisions of these Articles and of law.

3. In case of any increase of the outstanding capital stock of the corporation by the issuance or reissuance of any shares of any class, or by the issuance of any obligation or securities convertible into shares of capital stock, such stock, obligations or securities shall, unless otherwise provided by the vote of the holders of not less than two-thirds (2/3) of the common stock issued and outstanding, before being sold or offered to others, be offered to the holders of the common stock of the corporation as of the date of issuance as shown by the stock books of the corporation upon such terms, which terms shall not be less favorable than the terms upon which said shares are thereafter sold to others, as shall be determined by the Board of Directors in proportion to the shares of common stock respectively held by such shareholders at such date.

## IV.

The corporation shall have a Board of Directors of not less than the number of shareholders there are in the corporation at any given time; provided, that, if the corporation has three or more shareholders, the corporation shall have three or more directors. The members of the Board of Directors shall be elected or appointed at such times, in such manner and for such terms as may be prescribed by the By-Laws. No director need be a shareholder of the corporation.

The Board of Directors of the corporation, without the approval of the shareholders of the corporation, or of any percentage thereof, may authorize the borrowing of money or the incurring of debts, even though as a result thereof the amount of the corporation's indebtedness may exceed the capital stock.

## V.

No contract or other transaction between the corporation and any other corporation or any firm, association, or other organization, and no act of the corporation, shall in any way be affected or invalidated by the fact that any of the directors or officers of the corporation are parties to such contract or transaction or act or are pecuniarily or otherwise interested in the same

2

159 0014

or are directors or officers or members of any such other corporation, provided, that the interest of such director or officer shall be disclosed or shall have been known to the Board of Directors authorizing or approving the same, or to a majority thereof. Any director of the corporation who is pecuniarily or otherwise interested in or is a director or officer or member of such other corporation or any such firm, association or other organization, may be counted in determining a quorum of any meeting of the Board of Directors which shall authorize or approve any such contract, transaction or act, and may vote thereon with like force and effect as if he were in no way interested therein. Neither any director nor officer of the corporation, being so interested in any such contract, transaction, or act of the corporation which shall be approved by the Board of Directors of the corporation, nor any corporation, firm, association, or other organization in which such director, or officer may be interested, shall be liable or accountable to the corporation, or to any shareholder thereof, for any loss incurred by the corporation pursuant to or by reason of such contract, transaction, or act, or for any gain received by any such other party pursuant thereto or by reason thereof.

## VI.

The names and residence addresses of the initial directors who are to serve until their successors are elected as provided by the By-Laws are as follows:

| Name | Residence Address |
|---|---|
| Geraldine B. Calaycay | 1419 Dominis Street<br>#1408<br>Honolulu, HI 96822 |

## VII.

The officers of the corporation shall consist of a president, one or more vice-presidents as may be prescribed by the By-Laws, a secretary, and a treasurer, each of whom shall be elected or appointed by the Board of Directors at such time and in such manner as may be prescribed by the By-Laws. The Board of Directors may also elect or appoint a Chairman of the Board who, when so elected or appointed, shall be an officer of the corporation. Such other officers and assistant officers and agents as may be deemed necessary may be elected or appointed by the Board of Directors or chosen in such other manner as may be prescribed by the By-Laws. Any two or more offices may be held by the same individual; provided that if the corporation has two or more directors, it shall have not less than two individuals as officers. No officer or subordinate officer need be a shareholder of the corporation. The same person may hold at the same time an office and also be a director.

SHINKO HAWAII CO LTD          FAX NO. : 808 931 4396          Mar. 21 2002 08:40PM P10

@010

## VIII.

The following persons shall act as the initial officers of the corporation until their successors are appointed as provided for in the By-Laws:

| Office | Name | Residence Address |
|---|---|---|
| President/Vice President/Secretary/Treasurer | Geraldine B. Calaycay | 1419 Dominis Street #1408 Honolulu, HI 96822 |

## IX.

The corporation shall be liable for its debts to the extent of all its property, but no shareholder shall be liable for the debts of the corporation beyond the amount which may be due and unpaid upon the share, or shares owned by him.

## X.

The duration of the corporation shall be perpetual.

## XI.

The corporation may distribute to its shareholders out of capital surplus, a portion of its assets in cash or in property in accordance with law.

I/WE CERTIFY under the penalties of Section 415-136, Hawaii Revised Statutes, that I/we have read the above statements and that the same are true and correct.

WITNESS my hand this 3rd day of August, 2000.

_____
GERALDINE B. CALAYCAY

4

159 0016

Date: *August 7, 2000*

Management Services of the Pacific, Inc.
500 Ala Moana Boulevard
Five Waterfront Plaza
#400
Honolulu, HI 96813

Gentlemen:

    The undersigned hereby submits her resignation as a director and as President/Vice President/Secretary/Treasurer of Management Services of the Pacific, Inc. effective as of the date hereof.

                                    Very truly yours,

                                    GERALDINE B. CALAYCAY

159 0017

SPORTS SHINKO HAWAII CO LTD    FAX NO. : 808 931 4396            Mar. 21 2002 08:41PM  P12

Date: August 7, 2000

Far East Management Services, Inc.
500 Ala Moana Boulevard
Five Waterfront Plaza
#400
Honolulu, HI 96813

Gentlemen:

    The undersigned hereby submits her resignation as a director and as President/Vice President/Secretary/Treasurer of Far East Management Services, Inc. effective as of the date hereof.

                                Very truly yours,

                                GERALDINE B. CALAYCAY

159 0018

SPORTS SHINKO HAWAII CO LTD   FAX NO. : 808 931 4396   Mar. 21 2002 08:41PM P13

@01

## WRITTEN CONSENT OF THE STOCKHOLDER

## OF

## MANAGEMENT SERVICES OF THE PACIFIC, INC.

The undersigned, holder of the number of shares of common stock of MANAGEMENT SERVICES OF THE PACIFIC, INC., a Hawaii corporation (the "Corporation"), set forth below opposite his name, which shares constitute 100% of the issued and outstanding stock of said Corporation, does hereby consent, as authorized under the provisions of Section 415-145, Hawaii Revised Statutes, as amended, to the adoption of the following resolutions:

RESOLVED, that the resignation of the following-named person as the sole director of the Corporation be and it is hereby approved and accepted:

Geraldine B. Calaycay

FURTHER RESOLVED, that the following-named person be and he is hereby elected and confirmed as the sole director of the Corporation, to serve until the next annual stockholders' meeting and thereafter until his successor is elected and qualified:

Satoshi Kinoshita

DATED: August 7, 2000

| Name of Stockholder | No. of Shares |
|---|---|
| SATOSHI KINOSHITA | -1,000- |

159 0019

SPORTS SHINKO HAWAII CO LTD       FAX NO. : 808 931 4396           Mar. 21 2002 08:42PM  P14

## WRITTEN CONSENT OF THE STOCKHOLDER

## OF

## FAR EAST MANAGEMENT SERVICES, INC.

The undersigned, holder of the number of shares of common stock of FAR EAST MANAGEMENT SERVICES, INC., a Hawaii corporation (the "Corporation"), set forth below opposite his name, which shares constitute 100% of the issued and outstanding stock of said Corporation, does hereby consent, as authorized under the provisions of Section 415-145, Hawaii Revised Statutes, as amended, to the adoption of the following resolutions:

RESOLVED, that the resignation of the following-named person as the sole director of the Corporation be and it is hereby approved and accepted:

Geraldine B. Calaycay

FURTHER RESOLVED, that the following-named person be and he is hereby elected and confirmed as the sole director of the Corporation, to serve until the next annual stockholders' meeting and thereafter until his successor is elected and qualified:

Satoshi Kinoshita

DATED: August 7, 2000

Name of Stockholder                           No. of Shares

                                               -1,000-

SATOSHI KINOSHITA

F:\USERS\GC\far east mgmt\con.election.wpd

159 0020

## WRITTEN CONSENT OF THE BOARD OF DIRECTORS

## OF

## MANAGEMENT SERVICES OF THE PACIFIC, INC.

The undersigned, being the sole director of MANAGEMENT SERVICES OF THE PACIFIC, INC., a Hawaii corporation (the "Corporation"), does hereby consent, as authorized under the provisions of Section 415-44, Hawaii Revised Statutes, as amended, to the adoption of the following resolutions:

RESOLVED, that the resignation of the following-named person from the offices set forth below opposite her name be and they are hereby approved and accepted:

      Geraldine B. Calaycay     President/Vice President/Secretary/Treasurer

FURTHER RESOLVED, that the following-named person be and he is hereby elected and confirmed in the offices set forth below opposite his name, to serve until the next annual directors' meeting following the next annual stockholders' meeting and thereafter until his successor is elected and qualified:

      Satoshi Kinoshita    President/Vice President/Secretary/Treasurer

DATED: August 7, 2000

                                  SATOSHI KINOSHITA

159 0021

## WRITTEN CONSENT OF THE BOARD OF DIRECTORS

## OF

## FAR EAST MANAGEMENT SERVICES, INC.

The undersigned, being the sole director of FAR EAST MANAGEMENT SERVICES, INC., a Hawaii corporation (the "Corporation"), does hereby consent, as authorized under the provisions of Section 415-44, Hawaii Revised Statutes, as amended, to the adoption of the following resolutions:

RESOLVED, that the resignation of the following-named person from the offices set forth below opposite her name be and they are hereby approved and accepted:

      Geraldine B. Calaycay     President/Vice President/Secretary/Treasurer

FURTHER RESOLVED, that the following-named person be and he is hereby elected and confirmed in the offices set forth below opposite his name, to serve until the next annual directors' meeting following the next annual stockholders' meeting and thereafter until his successor is elected and qualified:

      Satoshi Kinoshita     President/Vice President/Secretary/Treasurer

DATED: August 7, 2000

_____
SATOSHI KINOSHITA

F:\USERS\GC\kinoshita.newcorp\pcon.election.wpd

259 0022

SPORTS SHINKO HAWAII CO LTD    FAX NO. : 808 931 4396    Mar. 21 2002 08:43PM P17
☒017

## STOCK OPTION AGREEMENT

THIS OPTION AGREEMENT is made and entered into this ___ day of _____, 2000, by and between SATOSHI KINOSHITA (hereinafter referred to as "Optionor") of Honolulu, Hawaii, and TOSHIO KINOSHITA (hereinafter referred to as "Optionee") of Honolulu, Hawaii;

### WITNESSETH:

WHEREAS, Optionor is presently the legal and beneficial owner of One Thousand (1,000) shares of no par common stock of MANAGEMENT SERVICES OF THE PACIFIC, INC., a Hawaii corporation (the "Corporation"), which shares constitute all of the issued and outstanding shares of the Corporation; and

WHEREAS, Optionor has agreed to grant to Optionee an option to purchase said One Thousand (1,000) shares of no par common stock of the Corporation upon the terms and conditions set forth herein;

NOW, THEREFORE, in consideration of the premises and the mutual covenants and promises hereinafter contained, the parties hereto agree as follows:

1. **Option.** In consideration of the sum of TEN DOLLARS ($10.00), the receipt of which is hereby acknowledged, Optionor hereby grants to Optionee the exclusive and irrevocable option to purchase One Thousand (1,000) shares of no par common stock of the Corporation owned by Optionor as of the date said option is exercised by Optionee.

2. **Term of Option.** The term of the option granted hereunder shall be for a period of five (5) years commencing on the ___ day of _____, 2000, provided, however, that in the event Optionee does not exercise the option granted hereunder within said five (5) year period, this agreement shall automatically be extended for a further five (5) year period.

3. **Exercise of Option.** The option to purchase shall be exercisable by Optionee by written notice mailed or delivered to Optionor at his place of business or residence in Honolulu, Hawaii.

4. **Purchase Price; Closing.** The purchase price payable by Optionee in the event he shall exercise his option shall be ONE THOUSAND AND NO/100 DOLLARS ($1,000.00). Delivery of the shares and payment of the purchase price shall take place at the office of the Corporation within thirty (30) days after mailing or delivery of the notice of the exercise of the option.

159 0023