平成 14 年 3 月 1 日

木村圭二郎先生
藤本眞人先生

（写）福田国際事業本部長

資産売却経過日誌

総括

　資産売却に関しては、ハワイは海外で唯一キャッシュフローより国内へ送金して参りましたが、もし売却すれば、一切の送金は不可能になる事を社長へご説明申し上げました。資産売却の指示は 1995 年より御座いました。そして、1996 年12 月にマウイ島プカラニカントリークラブの３１２エーカーの未開発用地を会社スタッフにより 700 万ドルで売却した所、価格が安すぎると大変お怒りになりました。

　事業所の売却は、最初に売却したダイヤモンド・ヘッド・ビーチ・ホテルは、当初 9 ミリオンドルにて交渉しましたが、交渉が決裂する毎に、交渉金額が下がり、実際の売却価格は 4.5 ミリオンドルと大変低い金額で売却されました。社長は大変驚かれましたが、専門家による売却な為か、ご不満はないご様子でした。

　私の理解では、オファーは全て社長の望む金額より低い為、昨年までは運営による利益の国内送金を社長は選択されました。しかし、昨年 9 月 11 日のテロ事件以降、ハワイ事業所の、特にホテルのキャッシュフローが落ち込み、国内への送金が望めなくなりました。ブローカーはテロ事件以降、売却の為の資金調達が殆ど困難な為、キャッシュフローが唯一の価値判断となっている。例えば、クイーンカピオラニホテルは毎月赤字なので、価値はゼロです。売却に際しては、ブローカーの見つけた業者へ売る事を薦められ、交渉致しましたが、結局資金調達の目処が付かず、交渉途中で撤退されました。その後、年末には、社長より、全事業所売却の指示が御座いました。理由は、フロリダリゾートが倒産する可能性があり、倒産した場合には債務者にハワイ地区事業所を差し押さえられ、売却による国内送金も不可能になるとの事で御座いました。

　また、これは、会社更正法適応後社長より聞いた事ですが、社長は今年初より会社倒産も視野に入れており、もしもハワイ事業所を売却せずに倒産した場合には、スポーツ振興株式会社の会社更生法適応に伴い、全ゴルフ場に抵当権を設定し、スポーツ振興株式会社を保証人に設定したバンクオブハワイが即刻抵当権を

1

実行し、ハワイの全事業所が差し押さえられる為、国内への送金は不可能になるので、即刻売却し、国内へ送金しなければならない事も売却の決定要因だったそうで御座います。

　現在訴訟中のキアフナゴルフクラブのオファーは、全事業所売却中にもたらされたので、私はオファーを社長へ報告しませんでしたが、ブローカーが福田国際事業本部長へ連絡を入れた為、社長へ話が通りました。社長は、「福田さんが、キアフナゴルフクラブの高いオファーを持ってきた。なぜ私に連絡しなかったのか。10 ミリオンドルは高いので是非進めろ。」との指示で御座いました。私は、「社長ご注意ください。本件は米国本土の買主と地元ブローカーですので、本オファーは契約を始める為に高い値段をつけたのです。買主は調査期間中に絶対に値段を下げてきます。価格交渉はクロージング直前まで数ヶ月に渡り続きます。また現在進めている、全事業所売却との兼ね合いは如何するべきでしょうか。」と尋ねた所、「両方とも同時並行で進めるように。」との指示がありました。全事業所売却は 1 月中には決着を見ると判断し、キアフナゴルフクラブ単体オファーを 2 月中に開始することでとにかく先方に納得してもらいました。全事業所売却の契約書署名の翌日に断りのメールを送信しましたが、先方は納得せず、先方は裁判所に申し立てを行いました。顧問弁護士の意見では、申し立ては却下できる見通しで御座います。

<u>年度別作業内容</u>
<u>1995 年</u>

3 月 14、15 日　キアフナゴルフクラブ未開発用地：　スポーツ振興が 1986 年に土地を取得以来、全く開発していない事を、カウアイ郡開発計画局が不服とし、ハワイ州土地利用委員会（State Land Use Commission）に訴えました。委員会は本件を重要事と位置付け、開発を怠った理由に対する公聴会（Order to Show Cause Hearing）を開催致しました。カウアイ郡は、農地への転化を求めていました。以降公聴会が何度か開催され、最終的には開発条件を追加し、2004 年を開発年限として、1997 年 11 月 17 日に終結致しました。（資料 1）

5 月頃よりハワイと大阪本社を行き来し 8 月に着任。理由は現地支配人では解決出来ない程問題が大きくなった上記州委員会の問題解決と、事業所の業績回復（特に、ミリラニゴルフクラブ、プカラニカントリークラブ、キアフナゴルフクラブ、

オーシャン・リゾート・ホテル・ワイキキ）で御座いました。そして、スポーツ振興ハワイ副社長並びに総支配人として着任致しました。着任当時は、開発用地を開発し、利益を国内へ送金する様社長より指示を受けました。総支配人の前任者は義理の母友人の夫、副島航一現スポーツ振興カントリークラブ副支配人で御座います。任期は 1990 年 9 月より 1991 年 3 月迄で御座いました。スポーツ振興ハワイ副社長の前任者は木下剛代表取締役副社長で、任期は、1989 年より 1995 年 5 月迄で御座いました。

調査の結果、開発は、インフラストラクチャー（上下水道等）の敷設コストが多額な上、資金調達の目処がなく、開発需要も余り無い事が判明。この事を社長へ報告すると、開発用地のみ売却し、売却益を国内へ送金するよう、指示が御座いました。

7 月 13 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　付加価値をつけるために、土地購入を考え、担当弁護士より地主へ手紙を出してもらいました。（資料 2）

8 月 4 日　クイーンカピオラニホテル：　借地リース料交渉が、地主側・借り手側・第三者の 3 名による仲裁により、妥結致しました。（資料 3）

8 月 28 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　土地付きにして付加価値を付けて売却しようとしましたが、地主は土地売却の意志が無い旨の手紙を受取りました。（資料 4）

9 月 21 日　社長通達：　当社の金融環境が厳しくなり、ハワイ資産の一部売却（ダイヤモンド・ヘッド・ビーチ・ホテル）を真剣に進めるように指示が御座いました。（資料 5）

10 月 26 日　プカラニカントリークラブ未開発用地（312.3 エーカー）：　ダウリング社（Dowling Company, Inc.）と売買契約書を交わしました。（資料 6）

11 月 14 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　ホテルパートナーズ社と専属ブローカー契約を締結致しました。売却価格は 1000 万ドルで御座いました。（資料 7）

<u>1996 年</u>

5 月 14 日　ダイヤモンド・ヘッド・ビーチ・ホテル：ホテルパートナーズとの独占販売契約を 6 ヶ月延長致しました。（資料 8）

11 月 14 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　ホテルパートナーズは社長の欲する値段でオファーを持って来る事が出来ないので、契約を終了致しました。今後は自力で買い手を探す事になりました。（資料 9）

12 月 31 日　プカラニカントリークラブ未開発用地（312.3 エーカー）：　ダウリング社（Dowling Company, Inc.）へ金額 700 万ドルにて売却致しました。　（添付資料 10 クロージングステートメント）

<u>1997 年</u>

1 月　ダイヤモンド・ヘッド・ビーチ・ホテル：　地代家賃更改交渉開始致しました。　（資料 11）

11 月 17 日　キアフナゴルフクラブ未開発用地：　1995 年以来続いた、ハワイ州土地利用委員会（State Land Use Commission）での討議は、開発条件を追加し、2004 年を開発年限として、終結致しました。（資料 12）

<u>1998 年</u>

3 月 23 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　グローバル・パシフィック・ファンドより、750 万ドルにて購入内容の手紙を受取りました。900 万ドルに値上げ交渉を行いました。（資料 13）

4 月 7 日　キアフナゴルフクラブ未開発用地：　モシェ・シラギ氏（Mr. Moshe Silagi）より、未開発用地一部を 210 万ドルにて購入内容の手紙を受取りました。買主は全体の一番価値のある部分だけを買いに来ているので、他の部分の売却が困難になるリスクもあり、一括売却を社長へ具申した所、社長は買主へ全体購入について打診するように指示を受けた。買主はその後、土地に興味を失いました。

（資料 14）

4 月 15 日　キアフナゴルフクラブ未開発用地：　売却に際して価格を裏付けとなる、不動産鑑定士による鑑定評価レポートが出来上がりました。業者は公平な評価で定評のある業者を弁護士の推薦により選びました。（資料 15）

6 月 8 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　グローバル・パシフィック・ファンドより、825 万ドルでの購入に同意致しました。（資料 16）

7 月 10 日　キアフナゴルフクラブ未開発用地：　タイムシェア会社シェル・バケーションズ社（Shell Vacation LLC）より未開発用地一部を 190 万ドルにて購入内容の手紙を受取る。500 万ドル以上で売るよう社長より指示があり、交渉は決裂致しました。（資料 17）

8 月 5 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　地代家賃改交渉が締結されました。以後、ホテル売却時に買い手が融資を受けやすくする事により、売却価格を高くする為に、リース期間を 35 年から 60 年へ延長するべく交渉を行いましたが、未解決に終わりました。（資料 18）

10 月 8 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　グローバル・パシフィック・ファンドより、建物の修理費用 198.5 万ドルの値引きを要求され、そのまま話が流れました。（資料 19）

<u>1999 年</u>

2 月 18 日　キアフナゴルフクラブ未開発用地：　ブローカーCB リチャード・エリス、パシフィック・オーシャン・プロパティズの 2 社へ、未開発用地売却に関する問い合わせの返事を送付致しました。（資料 20）

2 月 23 日　キアフナゴルフクラブ未開発用地：　地元ブローカーマカイ・プロパティズ(Makai Properties)より未開発用地一部を 200 万ドルにて購入内容の手紙を受取りました。手数料が 6 ％と高すぎる上に、調査期間は 1 ヶ月であるものの、その後クロージングまで 4 ヶ月必要で時間が掛かりすぎました。（資料 21）

4月1日　ダイヤモンド・ヘッド・ビーチ・ホテル：　シャイラー・グループ(Shidler Group）が500万ドルでの購入に興味を持ちました。（資料22）

4月12日　ダイヤモンド・ヘッド・ビーチ・ホテル：　アルタモント・プロパティ社（Altamont Properties, LLC）より600万ドルにて購入内容の手紙を受取りました。（資料23）

4月1日　ダイヤモンド・ヘッド・ビーチ・ホテル：　シャイラー・グループ(Shidler Group）が550万ドルでの購入を了承致しました。しかし、タイムシェアへの土地区画変更が前提となっていたために、交渉途中で決裂致しました。（土地は元々アパート区画の土地に、特別許可を貰い、ホテルとして営業しておりました。タイムシェアは許可されない区画で御座いました。（資料24）

5月21日　キアフナゴルフクラブ未開発用地：　地元ブローカーマカイ・プロパティズ(Makai Properties)より未開発地一部を300万ドルにて購入内容の手紙を受取りました。手数料が6％と高すぎました。（資料25）

7月22日　ダイヤモンド・ヘッド・ビーチ・ホテル：　アルタモント・プロパティ社トム・チルダー氏（Mr. Tom Childer）が売買契約書を締結致しました。調査期間途中で購入を取り止めました。（資料26）

8月2日　プカラニカントリークラブ及び未開発用地：　ダウリング社（Dowling Company, Inc.）と秘守契約を交わしました。

8月26日　ダイヤモンド・ヘッド・ビーチ・ホテル：　ウイリアム・バンマネン氏（Mr. Wiiliam J. Vanmanen）と秘守契約を交わしました。（資料27）

9月3日　ミリラニゴルフ場18ホール番横日本人派遣社員用社宅：　40万ドルにて売却致しました。。1990年に85万2418ドルで購入致しました。（資料28）

9月15日　キアフナゴルフクラブ及び未開発用地：　ゴルフ場近くの地元ブローカーがアーノルド・パーマー社へ打診しましたが、ゴルフ場の収益が低すぎると

断られました。(資料 29)

11 月 4 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　シャイラー・グループ (The Shidler West) より売却取り止めの手紙を受取りました。エスクロも開設していたが、タイムシェアの目処が立たず、残念な結果に終わりました。(資料 30)

11 月 12 日　キアフナゴルフクラブ未開発用地：　地元ブローカーマカイ・プロパティズより、未開発用地の土地鑑定内容と実際の違いを元に未開発用地価値が大幅に下がる旨の書面を受取りました。(資料 31)

11 月 16 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　FSR パートナーズ社 (FSR Partners) より 550 万ドルで購入内容の手紙を受取りました。(資料 32)

11 月 19 日　専属ブローカーコリアーズ：　推薦先のバンクオブハワイ役員と共に、コリアーズ社を訪れ不動産情報を聞く予定でしたが、先方はスポーツ振興本社へ大変不満を持っていた様子で、私も理由が分からず当惑し、同行した銀行役員も驚きを隠せませんでした。

11 月 30 日　キアフナゴルフクラブ未開発用地：　一部購入希望のシラギ氏 (Mr. Shilagi) のオファーを断るよう社長より指示を受けました。(資料 33)

12 月 6 日　キアフナゴルフクラブ未開発用地：　スプリングフィールド開発 (Springfield Development, LLC) より未開発用地の一部を 505.3 万ドルにて購入内容の手紙を受取りました。しかし調査期間が 120 日と長すぎる為、立ち消えとなりました。(資料 34)

12 月 28 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　FSR パートナーズ社と売買契約書を締結する。調査期間は、90 日で御座いました。(資料 35)

<u>2000 年</u>

1 月 21 日　プカラニカントリークラブ：　ヘリテージ社 (Heritage Golf Group) が購入に興味を示しましたが、値段の折り合いが付きませんでした。(資料 36)

2 月 18 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　FSR パートナーズ社より建物の老朽化による修理費 235 万ドルの内、当社負担分 175 万ドルの割引を要求されました。（資料 37）

2 月 25 日　オーシャン・リゾート・ホテル・ワイキキ：　PER.INC.より 150 万ドルにて購入内容の手紙を受取りましたが、価格が低すぎました。（資料 38）

4 月 4 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　FSR パートナーズ社より購入破棄の書面を受取りました。（資料 39）

4 月 15 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　買主サイモン・ベブ氏（Mr. Simon Bebb）より購入中止の手紙を受取りました。価格の折り合いが付きませんでした。（資料 40）

5 月　専属ブローカーコリアーズ：　売却価格の見通しが提出されました。プカラニカントリークラブ及び未開発用地合計で 1400 から 1800 万ドル、キアフナゴルフクラブ及び未開発用地合計で 2500 から 3600 万ドルで御座いました。（資料 41）

5 月 5 日　ラコスタ：　購入希望のストラテジック・ホテル。キャピタル社を現地にて案内致しました。（資料 42）

6 月 14 日　専属ブローカーコリアーズ：　ダイヤモンド・ヘッド・ビーチ・ホテルにつき、専属ブローカー契約を締結致しました。売却可能価格は、480 万ドルより 550 万ドル程度で仲介料は 3 ％から 5.5％まで売却価格に対応致しました。（資料 43）

7 月 11 日　キアフナゴルフクラブ、プカラニカントリークラブ：　ゴールドマン・サックス・リアルティ・ジャパン・有限会社とオファー算定契約を締結致しました。（資料 44）

7 月 21 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　コリアーズよりハンズ・ヒーデマン氏（Hans Hedemann）へ 550 万ドルにて売却内容の手紙を送付致し

ました。(資料 45)

7月 24 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　コリアーズよりパスキン・プロパティズ社 (Paskin Properties) 並びに、レイノルズ＆シドラー(Reynolds ％ & Shidler)へ 550 万ドルにて売却内容の手紙を送付致しました。(資料 46)

7月 27 日　ミリラニゴルフクラブ社宅：　1番ホール横のコンドミニアムを日本派遣社員用に 1986 年 10 月に 13 万 3 千ドルにて購入致しましたが、今回 14 万 1 千ドルで売却致しました。(資料 47)

8月 2日　ダイヤモンド・ヘッド・ビーチ・ホテル：　ラロック・パートナーズ（Laeroc Partners Inc.）より 400 万ドルにて購入内容の手紙を受取りました。(資料 48)

8月 4日　キアフナゴルフクラブ、プカラニカントリークラブ：　ゴールドマン・サックス・リアルティ・ジャパン・有限会社より、ゴルフ場のみの購入希望価格が提出されました。キアフナ 500 万ドル、プカラニ 800 万ドル。社長の希望価格より遥かに低い為、却下されました。(資料 49)

8月 10 日　専属ブローカーコリアーズ：　7月度役員会にて、これまでに調査した各ブローカーの売却可能額と、ゴールドマン・サックスのオファーを一覧表に致しました。コリアーズ社が最も高額で売れる予想を立てました。また、福田国際事業本部長はコリアーズ社の日本代表と旧知の仲で、ハワイ、日本の双方からブローカーを管理出来るとの見込みで、コリアーズ社を推薦し、役員会にて可決されました。(資料 50)

8月 11 日　専属ブローカーコリアーズ：　キアフナゴルフクラブ及び未開発用地、プカラニカントリークラブ及び未開発用地につき、専属ブローカー契約を締結致しました。仲介料は 4％。最高売却可能価格を、キアフナについて 4200 万ドル、プカラニについては 2900 万ドルと記載されました。(資料 51)

8月 25 日　ダイヤモンド・ヘッド・ビーチ・ホテル：　宣伝の一環として、ホテルが売却中である事を、地元新聞ホノルル・アドバタイザー誌の記事で紹介され

ました。

8月31日　ダイヤモンド・ヘッド・ビーチ・ホテル：　地元業者サビオ・レアルティー社（クイーン・エマ・ガーデン社）より、650万ドルにて購入のオファーを受取りました。（資料52）

11月27日　専属ブローカーコリアーズ：　オーシャン・リゾート・ホテル・ワイキキにつき、専属ブローカー契約を締結致しました。仲介料は3％。ブローカーの努力により先ず、土地付きで売却する為に地主との交渉を開始致しました。（資料53）

12月11日　ダイヤモンド・ヘッド・ビーチ・ホテル：　地元業者サビオ・レアルティー社と、売買契約書を締結致しました。（資料54）

12月22日　ミリラニゴルフクラブ社宅：　7番ホール横の社長別荘を47万5千ドルで売却し、エスクロより直接国内へ送金致しました。（資料55）

2001年

1月27日　プカラニカントリークラブ：　魚住元国会議員の私設秘書正宝氏の知り合いアワクニ・グループより3000万ドルにて購入内容の手紙を受取りましたが、買主の正体が不明なため、見送りました。

1月下旬　ダイヤモンド・ヘッド・ビーチ・ホテル：　サビオ氏が建物の維持管理が不十分であり、危険との申し立てがあり、当社も建物検査の専門会社を雇い、サビオ氏とその建物検査会社と交渉致しました。

3月6日　ダイヤモンド・ヘッド・ビーチ・ホテル：　地元業者サビオ・レアルティー社に450万ドルで売却し、クロージング致しました。（資料55）

6月14日　オーシャン・リゾート・ホテル・ワイキキ：　地主の不動産鑑定士より、土地の鑑定評価額は94万4千ドルある旨の書面が送付されました。（資料56）

6月21日　専属ブローカーコリアーズ：　プカラニカントリークラブ及び未開発用地、キアフナゴルフクラブ及び未開発用地の売却予想価格が、昨年5月より下がる旨の説明を受けました。価格下落の要因は、（1）未開発用地において、上下水道等インフラストラクチャーの入手が困難な事。（2）ナスダック等株価の下落に繁栄される、アメリカ経済の落ち込み。（3）円の下落、昨年の相場1ドル105から110円が120円に下がった事で御座いました。（資料57）

7月　専属ブローカーコリアーズ：　最高経営責任者のアンドリュー・フリーランダー氏より、ハワイの資産売却市場は魅力を失っており、今後売却価格が下がると説明が御座いました。理由は、米国とりわけ西海岸ハイテク産業の不況、日本の不況が更に深刻化すること、ハワイ観光客の減少が、ハワイの不動産購入の魅力を薄めている事との説明を受けました。

8月17日　プカラニカントリークラブ及び未開発用地：　プカラニカントリークラブ及び未開発用地：　地元開発業者スミス・デベロップメントより、1100万ドルのオファーが入りました。1500万ドルで返答する様社長より指示をうけ、専属ブローカーコリアーズを通じて送付致しました。（資料58）

8月　ラコスタ：　富士銀行ローン借り換えの件で、現地へ行き、元社長、剛副社長と打ち合わせ致しました。また、ロントンプソン氏と経営委託会社20年契約打ち切り交渉致しました。この時点では、契約破棄条項が無く、売却に対して大変な障害で御座いました。

9月上旬　ラコスタ：　富士銀行ローン借り換えの件に付き借り換え先の条件が大変厳しく、ハワイにおいても調査したいと社長へ打診し、了承を得ました。後、地元金融業者を通じ、クレディ・スイス・ファースト・ボストン社が興味を持つ旨の手紙が参りました。

9月10日　オーシャン・リゾート・ホテル・ワイキキ：　地主と共同販売契約の交渉中にも関らず、本土より、ラロック・パートナーズ社（LaeRoc Partners）が1350万ドルにて購入内容の手紙が送付されました。（資料59）

9月11日　ニューヨーク市ワールドトレードセンターテロ事件

9月　専属ブローカーコリアーズ：　9月11日のテロ事件以降、不動産市場は急速に冷え込み、ブローカーは、オファーが来るだけ良しとせざるを得ない状況と説明されました。また、米国本土のモーゲージ会社も深刻な状況に陥り、ホテル等の購入は、資金調達が殆ど不可能な為、絶望的な状態であるとの情報を受けました。

9月上旬　ラコスタ：　富士銀行ローン借り換えの件に付き借り換え先より、テロ事件後情勢が急変し、ローン借り換えを断られたとの、連絡は剛副社長より入りました。後、地元金融業者に確認し、クレディ・スイス・ファースト・ボストン社はテロ事件後も融資可能との旨を剛副社長に伝えましたが、「既に売却で決定している。」との返事で御座いました。借り換えの調査機関中の、富士銀行ローンは、銀行間の交渉により、延長可能との事でありましたが、「ローンが断られた際には、売却までまた時間がかかるので、とにかく自分で売る。」との返事で御座いました。社長に確認致しましたが、「ラコスタの事は、剛と自分でやっているので、おまえは邪魔をするな。」と言われました。「しかし、売却すれば債務超過になるので、大変困るのではないか。」と問いました所、「それは財務の仕事だ。おまえはとにかくハワイに集中しろ。」との指示が御座いました。

9月20日　オーシャン・リゾート・ホテル・ワイキキ：　先のラロック・パートナーズ社（LaeRoc Partners）がテロ事件後は事情が一変し、850万ドルにて購入内容の手紙が送付されました。（資料60）

10月1日　プカラニカントリークラブ及び未開発用地：　米国本土開発業者ランチョ・マナナ・ゴルフ・クラブ（Rancho Manana Golf Club）より、650万ドルのオファーが入りました。（資料61）

10月1日　プカラニカントリークラブ及び未開発用地：　地元業者スミス・デベロップメント（Smith Development）より再度、1150万ドルのオファーが入りました。（資料62）

10月3日　専属ブローカーコリアーズ：　コリアーズ社より、買主の多くは市場より退却しているとの情報を得ました。（資料63）

10月8日　キアフナゴルフクラブ隣接未開発用地：　モシェ・シラギ氏（Mr. Moshe Silagi）より、未開発用地の全てを 500 万ドルにて購入内容の手紙を受取りました。調査期間が 3 ヶ月、さらにクロージングまで 1 ヶ月掛かる内容。価格が低すぎました。（資料 64）

10 月 23 日　プカラニカントリークラブ及び未開発用地、キアフナゴルフクラブ及び未開発用地：　マウイ島開発業者エベレット・ダウリング氏よりそれぞれ 7５０万ドルで買い取るオファーが送付されました。（資料 65）

10 月 29 日　プカラニカントリークラブ及び未開発用地：　ダウリングへ社長は 1000 万ドル以下では興味を示さない旨の手紙を送付致しました。またキアフナゴルフクラブについてはオファーが余りに低すぎるので、無視致しました。（資料 66）

11 月 6 日　プカラニカントリークラブ及び未開発用地：　ダウリング氏より、未開発用地の一部とゴルフ場を 630 万ドルにて即金で買い付けるオファーが参りました。しかし、社長の提示した 1000 万ドルとは益々差が開きました。（資料 67）

11 月 15 日　ラコスタ：　クロージングに伴う、事務所閉鎖作業の為、現地へ出張致しました。結果論ですが、買主が支払いの為に融資を受けた先は、ハワイで話のあった、クレディ・スイス・ファースト・ボストン社で御座いました。

11 月 15 日　プカラニカントリークラブ及び未開発用地：　地元業者スミス・デベロップメント（Smith Development）より購入中止の通知が入りました。（資料 68）

11 月 15 日　3 ゴルフ場及び未開発用地：　米国本土開発業者ロン・アールレッド氏（Mr. Ron Allred）より、プカラニカントリークラブ及び未開発用地（下水処理場は含まず）を 800 万ドル、キアフナゴルフクラブ及び 9 ホール追加造成用地を 300 万ドル、ミリラニゴルフクラブをオプションで 800 万ドルにて購入する旨のオファーが入りました。価格は調査期間中に値引きをする為で、交渉は長引き、ロージング直前まで続くと容易に予想されました。（資料 69）

11 月 16 日　ハワイ情勢：　地元誌ホノルルアドバタイザー誌にハワイ情勢の記事が載り、不況は 2002 年夏まで続くとのコメントが御座いました。（資料 70）

11 月 16 日　専属ブローカーコリアーズ：　9 月 11 日のテロ事件により不動産市場が極度に悪化し、今後 1、2 年は暗い見通しとなる分析レポートが送付されました。（資料 71）

12 月 2 日　専属ブローカーコリアーズ：　ハワイの不動産市場は 1）9 月 11 日のテロ事件、2）日本人観光客の数と消費の落ち込み、3）日本経済の落ち込み、4）米国経済の落ち込み、5）ゴルフ場、ホテル市場の落ち込みの為に、冷え切り、買主の殆どはキャッシュフロー価値だけで値段を付けている。市場が戻るにはあと 2,3 年掛かる見通しとの事で御座いました。（資料 72）

12 月 4 日　小林グループ：　ハワイ事業所購入に強い興味を持つ内容の手紙を受取りました。（資料 73）

12 月 10 日頃　社長指示：　個別の売買への返答を待つように社長指示が御座いました。

12 月 12 日　小林グループ：　ハワイ全事業所を 2200 万ドルにて買い取る内容の手紙を受取りました。（資料 74）

<u>2002 年</u>

1 月　小林グループ：　出来る限り高い価格での売却を考えておりましたが、フロリダ州グレンリーフリゾートの経営破綻に伴い、ハワイ事業所が差し押さえられる恐れが出て参りました。もし差し押さえられると、国内へは全く送金出来なくなりますが、売却の場合は国内へ送金可能であり、全事業所の即時売却がスポーツ振興に取り必要との説明で御座いました。売却準備に、売買契約書の作成に掛かりました。

1 月 12 日　キアフナゴルフクラブ：　小林グループのオファーに対し、社長の意思決定を待つ間に、キアフナゴルフクラブについて 1000 万ドルのオファーが入り

14

ました。社長より、小林グループ共々両方進めろとのご指示を受けた為、万が一の場合に備え、2月中旬より売却作業を開始できるように、バックアップオファーとして処理致しました。しかし、ブローカーは不服とし、現在訴訟中で御座います。

1月14日　小林グループ：　社長より、「もうせっぱつまり、悪いけれども小林グループへ決めた。」との連絡が入り、ムカイ弁護士へ伝えました。

1月15日に、売買契約書に署名致しました。（資料75）

1月25日　3ゴルフ場のクロージング（資料76）

1月30日　オーシャン・リゾート・ホテル・ワイキキのクロージング（資料77）

1月31日　マウイ島住宅の売却：　売買金額20万ドルを、契約破棄料より減額する形にて経営委託会社へ売却した。（資料78）

2月27日　小林グループ：　クイーンカピオラニホテルのクロージング他に付き、買主、買主弁護士、買主会計士と交渉（ゴルフ場、オーシャン・リゾート・ホテル・ワイキキの売掛金買掛金の整理について、特に有給休暇、退職金の組合規定と処理方法、田原先生、木村先生の意向。）

2月28日より3月4日　スポーツ振興ハワイ：　ハナダ会計士が売掛金、買掛金の調整に付き、現地にて確認と指導。特に、キアフナゴルフクラブの遅れを取り戻し、国内への送金見積を早期に出す事が緊急課題で御座います。

添付書類
1995年度より2002年度までの年度別資産売却実績及び送金一覧表

以　上

Of Counsel:
ALSTON HUNT FLOYD & ING
Attorneys At Law
A Law Corporation

PAUL ALSTON                    1126-0
BRUCE H. WAKUZAWA              4312-0
GLENN T. MELCHINGER           7135-0
JASON H. KIM                   7128-0
American Savings Bank Tower
1001 Bishop Street, 18th Floor
Honolulu, Hawai`i 96813
Telephone:  (808) 524-1800
Facsimile:  (808) 524-4591
Email:  palston@ahfi.com
        bwakuzawa@ahfi.com
        gmelchinger@ahfi.com
        jkim@ahfi.com

Attorneys for Plaintiff
and Third-Party Defendants
the Sports Shinko Companies

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| SPORTS SHINKO CO., LTD., | CV 04-00124 BMK |
| Plaintiff, | CV 04-00127 BMK |
| | CONSOLIDATED CASES |
| vs. | |
| QK HOTEL, LLC, et al., | **DECLARATION OF KEIJIRO KIMURA; EXHIBIT "K-1"** |
| Defendants, and | |
| FRANKLIN K. MUKAI, et al., | |

|                                      |   |
|--------------------------------------|---|
|      Third-Party Plaintiffs, | ) |
|                                      | ) |
| vs.                                  | ) |
|                                      | ) |
| SPORTS SHINKO (USA) CO., LTD., et al., | ) |
|                                      | ) |
|      Third-Party Defendants, | ) |
|                                      | ) |
| and                                  | ) |
|                                      | ) |
| SPORTS SHINKO (HAWAII) CO., LTD., et al., | ) |
|                                      | ) |
|      Third-Party Defendants/ Counterclaimants, | ) |
|                                      | ) |
| vs.                                  | ) |
|                                      | ) |
| QK HOTEL, LLC, et al.,               | ) |
|                                      | ) |
|      Third-Party Counterclaim Defendants. | ) |
|                                      | ) |
| AND CONSOLIDATED CASES               | ) |

**DECLARATION OF KEIJIRO KIMURA**

I, KEIJIRO KIMURA, declare as follows:

1.    I make this declaration based on personal knowledge and I am competent to testify to the matters set forth below.

2.    On January 28, 2002 (Japan time) involuntary reorganization proceedings were filed in Osaka District Court ("ODC") against Sports Shinko Co., Ltd., a Japan company ("SS Japan"), then the majority owner of Sports Shinko (USA) Co., Ltd. ("SS USA"). The ODC appointed Mutsuo Tahara on February 4, 2002 as interim Trustee (hereinafter, the "Trustee" (*kanzainin* in Japanese)) to manage SS Japan's affairs.

3.    Based on the Trustee's nomination, the Osaka District Court appointed me as the Deputy Trustee for the involuntary reorganization of SS Japan.

4.    In my capacity as Deputy Trustee, I was charged with handling all the matters related to the overseas subsidiaries of SS Japan, including winding up of the affairs of SS USA (a Delaware corporation) and its overseas subsidiaries in Hawai`i, California, and Florida.

5.    In March 2002, I traveled to Hawaii in my capacity as Deputy Trustee to meet with Satoshi Kinoshita, Franklin Mukai, and others in order to investigate the state of the SS properties in Hawai`i.

6.    Attached as Exhibit "K-1" hereto is a true and correct copy of an email sent to me by Satoshi Kinoshita and one of the attachments, which is a report regarding the sales of SS assets dated March 1, 2002.

*I declare under penalty of perjury under the Laws of the United States of America that the foregoing is true and correct.*

EXECUTED:    Osaka, Japan, December 14, 2007.


_____/s/ Keijiro Kimura_____
KEIJIRO KIMURA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

SPORTS SHINKO CO., LTD.,        )    CV 04-00124 BMK
                                )    CV 04-00127 BMK
            Plaintiff,          )
                                )    CONSOLIDATED CASES
      vs.                       )
                                )
QK HOTEL, LLC, et al.,          )    **DECLARATION OF**
                                )    **STEVEN C. SILVER;**
            Defendants,         )    **LIST OF TRANSLATED**
                                )    **DOCUMENTS**
      and                       )
                                )
FRANKLIN K. MUKAI, et al.,      )
                                )
            Third-Party Plaintiffs,  )
                                )
      vs.                       )
                                )
SPORTS SHINKO (USA) CO.,        )
LTD., et al.,                   )
                                )
            Third-Party         )
            Defendants,         )
                                )
      and                       )
                                )
SPORTS SHINKO (HAWAII) CO.,     )
LTD., et al.,                   )
                                )
      Third-Party Defendants/   )
      Counterclaimants,         )
                                )

vs.                                      )
                                         )
QK HOTEL, LLC, et al.,                   )
                                         )
        Third-Party Counterclaim         )
        Defendants.                      )
                                         )
AND CONSOLIDATED CASES                   )
                                         )
_____ )

## DECLARATION OF STEVEN C. SILVER

I, Steven C. Silver, make this Declaration of my personal

knowledge:

1.      I am an adult resident of the State of Hawai'i, over

the age of eighteen (18) years, and competent to make this

Declaration.

2.      I am a professional legal translator with fifteen

years of translation experience.  I am fluent in both written

Japanese and English, and qualified to translate documents of the

type shown in the attached Schedule of Translated Documents.  I

am registered with the Judiciary of the State of Hawai'i to provide

Japanese-English and English-Japanese courtroom translation

services.  I am a member of the American Translators Association

and the Hawai'i Interpreters and Translators Association. I am

accredited by the American Translators Association to translate

Japanese documents into English. I am a member of the National

Association of Judicial Interpreters and Translators and the Japan

Association of Translators. I am also registered to provide

courtroom translation services with the U.S. District Court for the

District of Hawai'i.

      3.    I have reviewed the Exhibits attached to the

Declaration of Keijiro Kimura ("Kimura Declaration") and the

Declaration of Tsugio Fukuda, and other Exhibits filed with

Plaintiff's Concise Statement of Facts in Support of Plaintiff's

Memorandum in Support of Plaintiff Sports Shinko Co., Ltd.'s

Motion for Partial Summary Judgment, filed in December 2007, as

described in the attached List of Translated Documents. I have

confirmed that my English translations of the Japanese documents

have been accurately paired with the Japanese originals as set forth

in the List of Translated Documents attached to this Declaration.

      4.    I hereby certify and declare that, to the best of my

knowledge, the English translations of the documents listed in the

attached List of Translated Documents are complete and accurate

translations of all of the Japanese text appearing on the respective original documents with which they are paired.

*I declare under penalty of perjury that the foregoing is true and correct.*

DATED:   Honolulu, Hawai`i, December 13, 2007.


_____/s/  Steven C. Silver_____
STEVEN C. SILVER

## LIST OF TRANSLATED DOCUMENTS

1.  **Exhibit "14"**:  Ex "1" to the Deposition of Satoshi Kinoshita. (re: August 23, 2000 Satoshi letter memo to Toshio Kinoshita re new property management companies).

2.  **Exhibit "K-1"**: Exhibit "K-1" to the Declaration of Keijiro Kimura ("Asset Sale Progress Log" dated March 1, 2002.)

## END OF LIST OF TRANSLATED DOCUMENTS